

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 01, 2014.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| FIRED UP, INC. | § § | CASE NO.14-10447 |
| | § | (Chapter 11) |
| DEBTOR[1] | § | |

**INTERIM ORDER (I) APPROVING DEBTOR'S PROPOSED FORM
OF ADEQUATE ASSURANCE AND (II) PROHIBITING UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

CAME TO BE HEARD on the date above the *Debtor's Emergency Motion for Interim and Final Orders Providing Adequate Assurance of Utility Payments* ("Motion"), seeking orders pursuant to 11 U.S.C. §§ 105(a) and 366 to: (i) determine that the Utility Companies have

---

[1] Until February 26, 2014, Debtor's business was being operated partially but he Debtor and partially by its two wholly owned subsidiaries, Kona Restaurant Group, Inc. and Carino's Italian Kitchen, Inc.. Those entities were merged into the Debtor on that date.

been provided adequate assurance of payment; (ii) approve the Debtor's Proposed Adequate Assurance; and (iii) prohibit the Utility Companies from altering, refusing, or discontinuing Utility Services, all as more fully set forth in the Motion. The Court, having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein; and it appearing that no other or further notice need be provided; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis. It is further

ORDERED that until such time as the Final Order is entered by the Court, all Utility Companies listed on the Utility Service List, annexed hereto as Exhibit A, are (i) prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of any unpaid prepetition charges, (ii) discriminating against the Debtor, or (iii) requiring payment of a deposit or receipt or any other security for continued service as a result of the Debtor's bankruptcy filings or any outstanding prepetition invoices other than the Proposed Adequate Assurance. It is further

ORDERED that the Debtor shall serve a copy of this Interim Order, via first-class mail, on each Utility Company listed on the Utility Service List and all other parties required to

receive service under Local Rule 9013 within three (3) business days of the date of this Interim Order. It is further

ORDERED that any Utility Company not satisfied with the Proposed Adequate Assurance must file an Objection (i) in writing; (ii) setting forth the type of Utility Services and the location for which such services are provided; (iii) including a summary of the Debtor's payment history relevant to the affected account(s), and any deposits and other security held by the Utility Company; and (iv) setting forth the reason(s) the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment. It is further

ORDERED that any Objection be filed with the Court and served upon the Notice Parties so that it is received on or before 5:00 p.m. (Central Time) April 8, 2014. It is further

ORDERED that a final hearing, if required, on the Motion will be held on April 11, 2014, at 2:00 p.m. (Central Time) and if no objections are filed to the Motion, the Court may enter a Final Order without further notice or hearing. It is further

ORDERED that the Debtor's service of this Interim Order upon a company or a Utility Company's inclusion on the Utility Services List shall not constitute an admission or concession that any such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto. It is further

ORDERED that the relief granted herein shall apply to all Utility Companies providing Utility Services to the Debtor and is not limited to those listed on the Utility Service List annexed as Exhibit A hereto. It is further

ORDERED that the Debtor is authorized to supplement, as necessary, the Utility Service List, and shall serve copies of the Motion, the Interim Order, and the proposed Final Order on such newly identified Utility Companies. It is further

ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order. It is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order. It is further

ORDERED that nothing in this Interim Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code. It is further

ORDERED that Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor. It is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

# # # #

Submitted by:

Barbara M. Barron
Stephen W. Sather
BARRON & NEWBURGER, P.C.
1212 Guadalupe St., Suite 104
Austin, Texas 78701
(512) 476-9103