

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 01, 2014.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FIRED UP, INC. | § § | CASE NO. 14-10447 |
| | § | (Chapter 11) |
| DEBTOR[1] | § § § | |

### ORDER GRANTING COMPLEX
### CHAPTER 11 BANKRUPTCY CASE TREATMENT

This bankruptcy case was filed on March 27, 2014. A Notice of Designation as a Complex Chapter 11 Case was filed on that same date. After a review of the initial pleadings filed in this case,

---

[1] Until February 26, 2014, Debtor's business was being operated partially but he Debtor and partially by its two wholly owned subsidiaries, Kona Restaurant Group, Inc. and Carino's Italian Kitchen, Inc.. Those entities were merged into the Debtor on that date.

the Court concludes that it appears to be a complex Chapter 11 case. Accordingly, unless the Court subsequently orders otherwise,

IT IS ORDERED that:

1. The Debtors shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

    a. The service list shall initially include the Debtor, Debtors' counsel, counsel for the unsecured creditors' committee, the U.S. Trustee, all secured creditors, the twenty (20) largest unsecured creditors of the Debtor, and any party that requests notice;

    b. Any party in interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving the Debtor and Debtors' counsel with a notice of appearance and request for service.

    c. Parties on the service list, who have not otherwise consented to service by e-mail through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail.

    d. The initial service list shall be filed within three (3) days after entry of this order. A revised list shall be filed seven (7) days after the initial service list is filed. The Debtor shall update the service list and shall file a copy of the updated service list (i) at least every seven (7) days during the first thirty (30) days of the case; (ii) at least every fifteen (15) days during the next sixty (60) days of the case; and (iii) at least every thirty (30) days thereafter throughout the case.

2. The Court sets the first Thursday of each month, commencing May 1, 2014 at 1:30 pm as the pre-set hearing day and time for hearing all motions and other matters in this case. The Court sets the following dates and times for the next two months as the pre-set hearing date and time for hearing all motions and other matters in this case: May 1, 2014 and June 5, 2014 at 1:30 pm. Settings for the following months will be published by the Court no later than 30 days prior to the first hearing date in the said following months. (There may be exceptions; those exceptions will be noted on the court's internet schedule, available at www.txwb.uscourts.gov.)

    a. All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing, on the next hearing day that is at least 21 days after the notice is mailed. As a preface to each pleading, just below the case caption, [in lieu of the language required by any Local Bankruptcy Rule] the pleading shall state:

> **A hearing will be conducted on this matter on _____ at \_\_\_ am/pm in Courtroom \_\_\_, United States Bankruptcy Court, 903 San Jacinto, Austin, Texas, 78701**.
>
> **If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the Court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must Serve a copy of your response on the person who sent you the notice; otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

    b. All motions and other matters requiring expedited or emergency hearing shall comply with the usual Court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a party in interest has a situation that it believes requires consideration on less than 7 days notice, then the party should file and serve a separate, written motion for expedited hearing, with respect to the underlying motion. The Court will make its best effort to rule on the motion for expedited or

emergency hearing with 24 hours of the time it is presented. If the Court grants the motion for expedited or emergency hearing, the underlying motion will be set by the Courtroom Deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the Court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

3. Emergency and expedited hearings (and other hearings in limited circumstances) in this Case may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by calling the Courtroom Deputy for the particular court at the number listed on the Court's website at www.txwb.uscourts.gov.

4. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the court may approve the settlement at the hearing without further notice of the terms of the settlement.

5. The Debtor shall give notice of this order to all parties in interest within 7 days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested. After hearing the objection and any responses the Court may reconsider any part of this order and may grant relief, if appropriate.

The Clerk shall notice:

    <u>Debtor:</u>    Fired Up, Inc.
                  1514 RR 620 South
                  Lakeway, TX 78734

| | |
|---|---|
| <u>Debtor's Counsel:</u> | Barbara M. Barron |
| | Stephen W. Sather |
| | **BARRON & NEWBURGER, P.C.** |
| | 1212 Guadalupe St., Suite 104 |
| | Austin, Texas 78701 |
| | |
| <u>United States Trustee:</u> | Henry Hobbs/Valerie Wenger/Deborah Bynum |
| | Office of the United States Trustee |
| | 903 San Jacinto, Suite 230 |
| | Austin, Texas 78701 |

######

Prepared and submitted by:

/s/Barbara M. Barron_____
Barbara M. Barron
State Bar No. 01817300
**BARRON & NEWBURGER, P.C.**
1212 Guadalupe, Suite 104
Austin, Texas 78701
(512) 476-9103 Ext. 220
(512) 476-9253 Facsimile

PROPOSED ATTORNEYS FOR THE DEBTOR