**Pending committee review, no expense reimbursements to be paid to insiders or management.**

# IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

**Dated: April 03, 2014**

_____
               **TONY M. DAVIS**
    **UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| FIRED UP, INC., | § § | CASE NO. 14-10447-tmd |
| DEBTOR. | § § § § | CHAPTER 11 |

**ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES,
SALARIES, BONUSES, REIMBURSABLE EMPLOYEE EXPENSES
AND BENEFITS IN THE ORDINARY COURSE OF BUSINESS
AND TO ESTABLISH EMPLOYEE NOTICING PROCEDURES**

On April 1, 2014, the Court considered the Emergency Motion to Authorize Payment of Prepetition Wages, Salaries, Bonuses, Reimbursable Employee Expenses and Benefits in the Ordinary Course of Business and to Establish Employee Noticing Procedures [Docket No.7] (the "Motion") filed by the above-referenced debtor (the "Debtor"). The Court finds that adequate notice

of the Motion has been given and no other notice needs to be given and that certain relief requested in the Motion is essential to the continued operation of the Debtor's business and is in the best interest of the Debtor's estate and creditors. The Court further finds that the Debtor will suffer immediate and irreparable harm if the Court denies the relief sought in the Motion. Therefore, it is

**ORDERED** that the Motion is **GRANTED** to the extent and in the amounts stated in the Motion and on the record.. It is further

**ORDERED** that the Debtor is authorized, but not directed, to pay the Employee Claims not to exceed $12,475.00 per individual, and to continue all Employee Programs, and all payments made by the Debtor in connection therewith are hereby approved and ratified. It is further

**ORDERED** that the Debtor is hereby authorized, but not directed, to honor and pay all prepetition employee payroll obligations related to its April 4, 2014 payroll and any paychecks previously issued but uncashed. It is further

**ORDERED** that the Debtor is hereby authorized and directed, to pay all employee-related taxes. It is further

**ORDERED** that the Debtor is hereby authorized, but not directed, to honor all employee reimbursements with respect to prepetition business-related expenses incurred, in the manner consistent with the Debtor's prepetition practices and policies. It is further

**ORDERED** that the Debtor is hereby authorized, but not directed, to continue all Employee Programs, including, but not limited to all medical, dental, life and disability insurance, 401(k) investment programs and workers' compensation programs, to the extent such policies, programs, practices and procedures were in effect at the commencement of this Case and to fund and maintain the associated bank accounts and letter of credit; provided, however, the relief granted herein shall not constitute or be deemed an assumption or authorization to assume any of such policies or programs pursuant to Bankruptcy Code § 365. It is further

**ORDERED** that, to the extent of funds on deposit and unless otherwise advised by the Debtor, the banks and financial institutions at which the Debtors maintain accounts are directed to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors relating to the Employee Claims for all checks which were presented or funds transfer requests made on or after January 1, 2013 but prior to the Petition Date or subsequent to the Petition Date. It is further

**ORDERED** that the Debtor is hereby authorized, but not directed, to issue postpetition checks, **or** to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests with respect to its Employee Claims dishonored or denied as a consequence of the commencement of this Case if such Employee Claim arose on or after January 1, 2013, up to the Petition Date or subsequent to the Petition Date. It is further

**ORDERED** that the Debtor shall give notice of the filing of the case to its employees in substantially the form attached to the Motion as Exhibit B. It is further

**ORDERED** that the Debtor shall be excused from listing any employee whose claims are fully paid under the authority of this Motion on either the matrix or the schedules. It is further

**ORDERED** that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtor may have to dispute or contest the amount of, or the basis for, any claims against the Debtor in connection with or relating to the claims addressed by this Order.

All relief not expressly granted in this order is denied.

###

Prepared and submitted by:

/s/Barbara M. Barron
Barbara M. Barron
State Bar No. 01817300
Stephen W. Sather
State Bar No. 17657520
**BARRON & NEWBURGER, P.C.**
1212 Guadalupe, Suite 104
Austin, Texas 78701
(512) 476-9103 Ext. 220
(512) 476-9253 Facsimile

PROPOSED ATTORNEYS FOR THE DEBTORS