UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 14-10447-tmd |
| **FIRED UP, INC.**[1] | § | (Chapter 11) |
| **Debtor** | § | |
| | § | |

## APPLICATION FOR AUTHORITY
## TO EMPLOY BARRON & NEWBURGER PC
## COUNSEL FOR THE DEBTOR

**A hearing will be conducted on this matter on June 5, 2014 at 1:30 pm in courtroom no. 1, 903 San Jacinto, Austin, TX 78701.**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE JUDGE OF SAID COURT:

Fired Up, Inc. (the "Debtor") hereby files this Application for Authority to Employ Barron & Newburger, PC ("BNPC") as Counsel to the Debtor (the "Application").

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Application pursuant to 11 U.S.C. § 327(a).

---

[1] Until February 26, 2014, Debtor's business was being operated partially by the Debtor, partially by Kona Restaurant Group, Inc.("KRG"), a Delaware corporation wholly owned by the Debtor, and partially by Carino's Italian Kitchen, Inc. ("CIK"), a Delaware corporation wholly owned by KRG. CIK was merged into KRG in Delaware and KRG was merged in to the Debtor, a Texas corporation, in Texas.

**Relief Requested**

2. Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on March 27, 2014 (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. This Court has not appointed a trustee or examiner; an official committee has been appointed.

3. Pursuant to 11 U.S.C. § 327(a), Debtor requests the entry of an order authorizing the employment of BNPC as counsel to the Debtor in this Chapter 11 case.

4. Debtor has selected BNPC as its counsel because of its extensive experience and knowledge and its established reputation in corporate reorganizations and debt restructurings under chapter 11 of the Bankruptcy Code and ability to litigate matters in bankruptcy court. Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor's interests in this bankruptcy case.

**Basis for Relief**

5. Section 327(a) of the Bankruptcy Code authorizes a trustee to retain such counsel as necessary to carry out his duties as trustee:

> the trustee, with the court's approval, may employ, *one or more* attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a)(italics added).

6. Debtor seeks to retain BNPC as its counsel pursuant to 11 U.S.C. § 327(a). Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor in this case.

7. Debtor contemplates that BNPC will render legal services to Debtor as needed throughout the case. . The legal services that BNPC will render to Debtor may be summarized, in

part, as follows: (i) advising Debtor of its rights, powers, and duties as a debtor-in-possession continuing to manage its assets; (ii) reviewing the nature and validity of claims asserted against the property of Debtor and advising Debtor concerning the enforceability of such claims; (iii) preparing on behalf of Debtor, all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in the chapter 11 case; (iv) advising Debtor concerning and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers which may be filed in the chapter 11 case; (v) counseling Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents; (vi) performing all other legal services for and on behalf of Debtor which may be necessary and appropriate in the administration of the chapter 11 case and Debtor's business; and (vii) working with professionals retained by other parties in interest in this case to attempt to obtain approval of a consensual plan of reorganization for Debtor. The non-exclusive list of services described above is essential to Debtor's chapter 11 case.

8. Subject to the fee application process and this Court's approval, BNPC will charge Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date services are rendered. The two attorneys at BNPC who will primarily be providing services for Debtor in connection with this case, as well as their standard hourly rate: (i) Barbara Barron ($425.00 per hour); and (ii) Stephen Sather ($425.00 per hour). Other attorneys who may work on the case bill at rates ranging from $175.00 per hour to $475.00 per hour. The rate of each professional working on this case will be clearly reflected in the invoices and fee applications. BNPC will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

9. The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors. To the extent possible, BNPC charges rates at (or usually below) the prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction. Accordingly, an individual attorney's rates in other cases may be lower or higher than those charged in this engagement, depending on the prevailing rates in the various jurisdictions.

10. The firm has received compensation for services rendered during the period from October 2013 until the filing of the bankruptcy in the amount of $90,307,89. The fees were paid by the Debtor from its available funds. No fees were owed as of the petition date other than those incurred during the week prior to the filing. The firm is holding a retainer in the amount of $50,000.00. The retainer was paid by the Debtor from its available funds. The Debtors represent that they are current in payment of their post-petition expenses. The proposed post-petition retainer to be paid will be a "security retainer" within the meaning of *Barron v. Countryman*, 432 F.3d 590 (5th Cir. 2005). The firm proposes to hold the retainer during the pendency of the case. As fees are approved by the Court, such fees will be paid from the Debtor's available funds, or at the firm's election, the fees will be paid from the retainer and the Debtor will replenish the amount of the retainer. The retainer shall be held by the firm in its trust account until such time as the Court enters an order approving a fee application or otherwise directing payment of the funds. The retainer will serve as security for such fees and expenses as the Court approves after notice and a hearing (or, in the event that the case is dismissed, for such fees incurred by counsel during the representation). The firm is also holding a retainer in the amount of $10,000.00 to cover noticing costs incurred during the case. Applicant requests permission to fund third party noticing costs from the retainer and to be reimbursed by the Debtor in the ordinary course of business.

11. To the best of Debtor's knowledge, other than in connection with this chapter 11 case, BNPC has no connection with Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth herein and/or in the Verified Statement of Stephen Sather (the "Sather Statement"), filed pursuant to Federal Rule of Bankruptcy Procedure 2014(a).

12. Based on the Sather Statement and Debtor's knowledge of its business, litigation and relations with creditors and other parties in interest, BNPC does not represent or hold any interest adverse to Debtor, its estate, creditors, equity security holders, or affiliates in the matters upon which BNPC is to be engaged, and BNPC is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

13. BNPC intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the management of fees and expenses in this case. Pursuant to 11 U.S.C. §331, Barron & Newburger, P.C. requests that the Court shorten the period for filing interim fee applications from 120 days to 60 days. While many complex cases rely on interim compensation procedures with abbreviated information on a monthly basis, applicant believes that seeking interim compensation every 60 days with full information will strike the appropriate balance between providing meaningful information to creditors and avoiding significant unfunded professional fees.

14. As BNPC provides legal services to Debtor, BNPC intends to file interim and final fee applications in accordance with the Bankruptcy Code and Bankruptcy Rules, seeking the allowance and payment of BNPC's fees and expenses. BNPC's fees and expenses approved and allowed by this Court will be paid from retainers paid and from Debtor's cash flow.

WHEREFORE, Debtor respectfully requests that the Court (i) authorize Debtor to employ and retain BNPC to represent it as counsel in this chapter 11 case effective as of the petition date; and (ii) grant the Debtor such other legal and equitable relief to which it is entitled.

April 10, 2014.

Respectfully submitted,

Fired Up, Inc.

By: __/s/Creed Ford, III_____
Creed Ford, III, President

## CERTIFICATE OF SERVICE

I certify that the foregoing was served by electronic mail on April 16, 2014, to all parties listed on the Service List attached to the filed copy of this Pleading and electronically by the Court's ECF system to all parties registered to receive such service. Copies of the matrix are not included in service copies but may be obtained from the Clerk of the Court or Debtor's counsel.

/s/Stephen W. Sather_____
Stephen W. Sather

| | | |
|---|---|---|
| **United States Trustee:**<br>Henry G. Hobbs<br>Deborah A. Bynum<br>Office of the U.S. Trustee<br>903 San Jacinto Blvd., Room 230<br>Austin, TX 78701<br>henry.g.hobbs@usdoj.gov<br>deborah.a.bynum@usdoj.gov | AEI Fund Management, Inc.<br>Attn: Brian Schulz<br>1300 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>bschulz@aeifunds.com | Magdalena Properties, LLC<br>Attn: Bonnie Schlobohm<br>2340 Westcliffe Lane, #C<br>Walnut Creek, CA 94597<br>bonnie.schlobohm@sbcglobal.net |
| **Debtor:**<br>Creed Ford, III<br>President/CEO<br>Ford Restaurant Group<br>1514 RR 620 South<br>Austin, TX 78734<br>cford@carinos.com | ARC CAFÉ, LLC<br>American Realty Capital<br>Attn: Cindy Dip<br>200 Dryden Road, Suite 1100<br>Dresher, PA 19025<br>cdip@arlcap.com | Pleasant Ridge Development Co.<br>Attn: Lou Schickel<br>11601 Pleasant Ridge Rd., Suite 300<br>Little Rock, AR 72212<br>lou@schickels.com<br>invoices@schickels.com |
| Margaret B. Smith, CPA<br>Director of Finance<br>Ford Restaurant Group<br>1514 RR 620 South<br>Austin, TX 78734<br>msmith@fordrestgrp.com | Cassidy Turley Midwest, Inc.<br>Attn: Brian Schulz<br>1300 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>bschulz@aeifunds.com | Pleasant Ridge Development Co.<br>c/o John Lessel<br>11601 Pleasant Ridge Rd., Suite 301<br>Little Rock, AR 72212<br>jlessel@jcllaw.com |
| **Proposed Attorneys for Debtor:**<br>Barbara M. Barron<br>Stephen W. Sather<br>Barron & Newburger, P.C.<br>1212 Guadalupe Street, Suite 104<br>Austin, TX 78701<br>bbarron@bn-lawyers.com<br>ssather@bn-lawyers.com | Food Services of America<br>Attn: Lee Clark<br>P.O. Box 839<br>Meridian, ID 83680<br>lee_clark@fsafood.com<br>boise_ar@fsafood.com | R.C. Nelms, Jr., Hillcrest Trust<br>Attn: Robert Nelms<br>4659 Christopher Place<br>Dallas, TX 75204-1610<br>ellennelms@aol.com |
| John Vernon<br>The Vernon Law Group, PLLC<br>4925 Greenville Avenue, Suite 200<br>Dallas, TX 75206<br>jvernon@vernonlawgroup.com | GE Capital Franchise Finance Corp.<br>8377 E. Hartford Drive, Suite 200<br>Scottsdale, AZ 85255<br>bond.harberts@ge.com | Shamrock Foods-Consolidated<br>Attn: Jessica Harlow<br>Department 219<br>Denver, CO 80291-0219<br>jessica_harlow@shamrockfoods.com |
| Kareem Hajjar<br>Hajjar Sutherland Peters, LLP<br>3144 Bee Caves Road<br>Austin, TX 78746<br>khajjar@legalstrategy.com | Gentilis, Inc.<br>Attn: Moja Lindsey<br>3400 Reeves Canyon Road<br>Redwood Valley, CA 95470<br>moja2@thelindseycompanies.com | Texas Comptroller of Public Accts.<br>Attn: Lydia Hewett<br>Revenue Acctg. Div-Bankruptcy<br>P.O. Box 13528<br>Austin, TX 78711-3528<br>l.hewett@cpa.state.tx.us |
| **20 Largest Unsecured Creditors:**<br>AEI Accredited Investor Fund 2002<br>Attn: Brian Schulz<br>1300 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>bschulz@aeifunds.com | Internal Revenue Service<br>Special Procedures Staff- Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Texas Workforce Commission<br>Attn: Regulatory Integrity Div-SAU<br>101 E. 15th Street, Room 556<br>Austin, TX 78778-0001<br>rid.taxbankruptcy@twc.state.tx.us |

*Third Master Limited Service List as of April 10, 2014*                                                           Page **1** of **3**

**Secured Creditors:**

FRG Capital, LLC
Attn: Harper Ford Rehme
1514 RR 620 South
Austin, TX 78734
hfordrehme@fordrestgrp.com

GE Capital Franchise Finance Corp.
Attn: Bond Harberts, Senior VP
500 West Monroe Street
21st Floor (21.N.105)
Chicago, IL 60661
bond.harberts@ge.com

Independent Bank
Attn: Charley Rigney
8004 Woodway Dr., Suite 200
Waco, TX 76712
crigney@ibtx.com

Prosperity Bank
Attn: Tim Cardinal
1415 RR 620 South
Austin, TX 78734
tim.cardinal@prosperitybankusa.com

**Unsecured Creditors Committee:**

AEI Income & Growth Fund 24, LLC
Robert P. Johnson
30 Seventh Street East, Suite 1300
St. Paul, MN 55101
bschulz@aeifunds.com

Ben E. Keith Company (interim chair)
Richard Grasso
P. O. Box 2628
Ft. Worth, TX 76112
rngrasso@benekeith.com

Glazier Foods Company
Art Innis
11303 Antoine Dr.
Houston, TX 77066
artinnis@glazierfoods.com

Independent Bank
Attn: Charley Rigney
8004 Woodway Dr., Suite 200
Waco, TX 76712
crigney@ibtx.com

National Retail Properties, Inc.
David G. Byrnes, Jr.
450 S. Orange Avenue, Suite 900
Orlando, FL 32801
david.byrnes@nnnreit.com

The Coca-Cola Company
William Kay, Sr. Bankruptcy Advisor
P.O. Box 1734
NAT 2008 Mail Stop
Atlanta, GA 30313
billkaye@jllconsultants.com

Wilmington Center, LLC
Attn: Fay Farzani
9471 Lomitas Avenue
Beverly Hills, CA 90210
fafar101@aol.com

**Proposed Counsel for Creditors' Committee:**

Bradford J. Sandler
Pachulski, Stang, Ziehl & Jones, LLP
919 North Market St., 17th Floor
Wilmington, DE 19801
bsandler@pszjlaw.com

**Miscellaneous:**

Brownsville Public Utilities Board
c/o Gilbert L. Hamberg, Esq.
1038 Darby Drive
Yardley, PA 19067
ghamberg_3@msn.com

CASS
Attn: Frank Garcia
2675 Corporate Exchange Drive
Columbus, OH 43231
fgarcia@cassinfo.com

Fintech
Attn: Mandi Aiton
7702 Woodland Center Blvd., #50
Tampa, FL 33614
maiton@fintech.com

Summit Energy
Attn: Tim Ward
103 Historic Town Square
Lancaster, TX 75146
tim.ward@ems.schneider-electric.com

Wells Fargo Bank, N.A.
Attn: Troy Jefferson
90 South 7th Street, 9th Floor
MAC-N9305-09L
Minneapolis, MN 55479
troy.jefferson@wellsfargo.com

**Requested Notice:**

Bruce M. Wilpon
Special Assistant U.S. Attorney
Internal Revenue Service
300 E. 8th Street, Suite 601
Austin, TX 78701
bruce.m.wilpon@irscounsel.treas.gov

Jason P. Wylie
The Law Office of Jason Wylie
8553 N. Beach St., PMB 316
Fort Worth, TX 76244-4919
jason@jasonwylielaw.com

Jeffrey T. Wegner
Kutak Rock, LLP
1650 Farnam Street
Omaha, NE 68102-2186
jeffrey.wegner@kutakrock.com

John M. Koneck
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com

John M. Stern
Assistant Texas Attorney General
P.O. Box 12548
Austin, TX 78711-2548
john.stern@texasattorneygeneral.gov

Mackenzie S. Wallace
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
mackenzie.wallace@tklaw.com

Timothy E. Hudson
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
tim.hudson@tklaw.com

*Third Master Limited Service List as of April 10, 2014*                                    Page **2** of **3**

| | | |
|---|---|---|
| William M. Kane<br>Traylor, Tompkins & Black, P.C.<br>751 Horizon Court, Suite 200<br>Grand Junction, CO 81506-8754<br>wmk@grandjunctionlaw.com | National Retail Properties, LP<br>c/o David M. Bennett<br>and Cassandra Ann Sepanik<br>Thompson & Knight, LLP<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201<br>david.bennett@tklaw.com<br>cassandra.sepanik@tklaw.com | Tyler Independent School District<br>c/o Tab Beall<br>Perdue, Brandon, Fielder, et al<br>P.O. box 2007<br>Tyler, TX 75710-2007<br>tbeall@pbfcm.com<br>tylbkc@pbfcm.com |
| **Notices of Appearance:**<br><br>Arlington ISD, Mansfield ISD<br>c/o Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, et al<br>P.O. Box 13430<br>Arlington, TX 76094-0430<br>ebcalvo@pbfcm.com | Texas Ad Valorem Taxing Entities<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 17428<br>Austin, TX 78760-7428<br>austin.bankruptcy@publicans.com | Texas Ad Valorem Taxing Entities<br>c/o Owen M. Sonik<br>Perdue, Brandon, Fielder, et al<br>1235 North Loop West, Suite 600<br>Houston, TX 77008<br>houbank@pbfcm.com |
| Atascocita 1692, LLC<br>c/o Michelle E. Shriro, Esq.<br>Singer & Levick, P.C.<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>mshriro@singerlevick.com | Texas Ad Valorem Taxing Entities<br>c/o Elizabeth Weller<br>Linebarger Goggan Blair & Sampson<br>2777 N. Stemmons Frwy, Suite 1000<br>Dallas, TX 75207<br>dallas.bankruptcy@publicans.com | Hidalgo County & McAllen ISD<br>c/o John T. Banks<br>Perdue, Brandon, Fielder, et al<br>3301 Northland Drive, Suite 505<br>Austin, TX 78731<br>jbanks@pbfcm.com |
| Bexar County<br>c/o David G. Aelvoet<br>Linebarger Goggan Blair & Sampson<br>711 Navarro Street, Suite 300<br>San Antonio, TX 78205<br>sanantonio.bankruptcy@publicans.com | Texas Ad Valorem Taxing Entities<br>c/o Lee Gordon<br>McCreary, Veselka, Bragg & Allen<br>P.O. Box 1269<br>Round Rock, TX 78680<br>lgordon@mvbalaw.com | |
| FRG Capital LLC<br>c/o Blake Rasner<br>Haley & Olson, P.C.<br>510 N. Valley Mills Drive., Suite 600<br>Waco, TX 76710<br>brasner@haleyolson.com | Mary R. Nelms & Dick Wood, Jr.<br>as Trustees of the R.C. Nelms Jr.<br>Hillcrest Trust<br>c/o James H. Billingsley<br>Polsinelli, P.C.<br>2501 N. Harwood, Suite 1900<br>Dallas, TX 75201<br>jbillingsley@polsinelli.com | |
| Prosperity Bank<br>c/o Lisa C. Fancher<br>Fritz, Byrne, Head & Harrison, PLLC<br>98 San Jacinto Blvd., Suite 2000<br>Austin, TX 78701-4286<br>lfancher@fbhh.com | RioCan America Management, Inc.<br>c/o R. Spencer Shytles<br>Graham Bright & Smith, P.C.<br>5420 LBJ Freeway, Suite 300<br>Dallas, TX 75240<br>rss@gbstxlaw.com | |
| Inland American Retail Mgmt., LLC<br>c/o Kevin M. Newman, Esq.<br>Menter, Rudin & Trivelpiece, P.C.<br>308 Maltbie Street, Suite 200<br>Syracuse, NY 13204-1498<br>knewman@menterlaw.com | Magdalena Properties, LLC<br>c/o R. Spencer Shytles<br>Graham Bright & Smith, P.C.<br>5420 LBJ Freeway, Suite 300<br>Dallas, TX 75240<br>rss@gbstxlaw.com | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| In Re: § | |
| § | Case No. 14-10447-tmd |
| **FIRED UP, INC.** § | (Chapter 11) |
| Debtor § | |
| § | |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**
**BY THE ATTORNEY FOR DEBTOR**

The undersigned attorney does hereby certify under penalty of perjury pursuant to Rule 2016(b) of the Bankruptcy Rules of Procedure:

1. That the compensation paid or promised to him for services to be rendered in connection with the case is as follows: Fees will be billed at the following rates:

> Attorneys $175-475/hr.
> Support Staff $20-100/hr.

The principal attorneys on the file will be Barbara Barron and Stephen Sather. Mr. Sather and Ms. Barron presently bill at a rate of $425.00 per hour.

2. The firm received payments from the Debtor in the amount of $90,307.89 during the period from October 17, 2013 to March 23, 2014. The amounts paid consisted of both payments and credits for services performed. The amounts were applied to pay for services performed pre-petition.

3. The firm received a retainer from the Debtor in the amount of $50,000.00 on March 25, 2014 for use in its bankruptcy. The retainer was paid from the Debtor's funds. Such retainer constitutes a "security retainer" and will be held in the firm's trust account pending further order of the Court and payment from the Debtor in this case. The firm asserts a lien against such retainer for fees and expenses subject to Court approval. The firm is also holding a retainer for noticing costs in the amount of $10,000.

4. That the source of such compensation is as follows: all fees will be paid first from the estate pursuant to court approval and, if not from the estate, from the retainer.

5. That affiant has not shared nor agreed to share such compensation with anyone except shareholders and associates of his firm.

EXECUTED ON THIS THE 10th DAY OF April, 2014.

By: _____
STEPHEN W. SATHER

APPROVED:

Fired Up, Inc.

By: _____
Creed Ford, III, President

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 14-10447=tmd |
| **FIRED UP, INC.** | § | (Chapter 11) |
| Debtor | § | |
| | § | |

## AFFIDAVIT OF PROPOSED ATTORNEYS

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TRAVIS** | § |

BEFORE ME, the undersigned authority, on this day personally appeared Stephen W. Sather, who, after first being duly sworn, upon his oath, deposed and stated as follows:

1. "I am an attorney licensed to practice in the State of Texas and maintain offices at 1212 Guadalupe, Suite 104, Austin, Texas 78701. I am an attorney with the firm of Barron & Newburger, P.C. (BNPC).

2. BNPC has been engaged to represent Fired Up, Inc.

3. I requested that an employee of BNPC perform a search of the conflicts database for BNPC and Barron, Newburger & Sinsley, a related firm that merged with BNPC in 2012. I reviewed the results of the conflicts search and also made my own independent review of the list of creditors.

4. I do not have any interest adverse to the Bankruptcy estate set forth above in the matters upon which the firm is to be employed. To the best of my knowledge, I have no connection with the United States Trustee or any person employed at the office of the United States Trustee which would establish an interest adverse to the bankruptcy estate. I reserve the right to supplement this Affidavit if I become aware of any potential conflicts and will notify the Court immediately upon discovery of such information.

5. I am aware of the following connections which should be disclosed pursuant to Fed.R.Bankr.Pro. 2014:

    a    Debtor: BNPC has represented the Debtor since approximately October 17, 2013. The representation has been limited to financial reorganization and dealing with creditors. The firm had its Christmas luncheon at the Brodie Lane location of Carino's Italian Kitchen in December 2013 (and the food was very good).

    b    Creditors:

    i.  ADT Security is an unsecured creditor. BNPC represented ADT Security in several collections matters.

    ii.  Direct TV is an unsecured creditor. BNPC represented Direct TV on a collections matter in the past.

    iii.  Ecolab is an unsecured creditor. BNPC has represented Ecolab in collections matters in the past.

    iv.  Hill Country Galleria is the landlord for the Debtor's former corporate headquarters. I represented REIT Management at one hearing in connection with its acquisition of the mall. One of the principals of Hill Country Galleria is Adrian M. Overstreet, Jr. From 1988 to 1999, I worked for Mr. Overstreet's firm, Overstreet, Winn & Edwards, P.C.

    v.  GE Capital Franchise Corporation is a secured creditor with debts totaling approximately $1.8 million. BNPC has represented GE Capital Retail Bank in approximately 32 consumer bankruptcy matters. I represented GE Capital Corp. as a secured creditor in Austin Jet, Ltd. in 2003-04. The firm represented GE Capital Modular Space in several collection matters in the past.

    vi.  Travelers Insurance is an unsecured creditor. BNS handled numerous insurance defense files in which Travelers Insurance was the insurance carrier, as does BNPC as of April 1, 2014. None of these matters involves the Debtor or any affiliates or insiders of the Debtor.

    vii.  United Parcel Service is an unsecured creditor. BNPC has represented UPS on a collection matter in the past.

  c.  Other: None

  d.  U.S. Trustee: I am not aware of any connections with the U.S. Trustee or any person employed by the U.S. Trustee except that Barbara Barron and I knew and worked on cases involving both Deborah Bynum and Valerie Wenger when they were in private practice, although we did not work in the same firm. Additionally, Sheila Augusta, who is a legal assistant with Barron & Newburger, was previously employed by the United States Trustee's office.

  e.  Attorneys: No attorneys have entered an appearance in this case at the present time. However, we have had prior dealings with attorneys who may appear in the case. Blake Rasner of Haley & Olson, who I understand will be representing FRG Capital, LLC, is an attorney who has represented clients adverse to Barron & Newburger, P.C. and at least one client with a similar interest to a client of Barron & Newburger, P.C.

4.  Based upon the foregoing, I believe that the firm is a disinterested person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

5.  I declare the above and foregoing to be true and correct under penalty of perjury.

*Stephen W. Sather* (signature)