**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **FIRED UP, INC.** | § | **CASE NO. 14-10447-tmd** |
| | § | **(Chapter 11)** |
| **DEBTOR**[1] | § | |

<u>**APPLICATION FOR AUTHORITY TO EMPLOY BKD, LLP  AND R. ERIC DREWS**</u>
<u>**AS  AUDIT ACCOUNTANTS AND TAX PROFESSIONAL FOR THE DEBTOR**</u>

**A hearing will be conducted on this matter on June 5, 2014 at 1:30 p.m. in Courtroom No. 1, 903 San Jacinto, Austin, TX  78701.**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading.  Unless otherwise directed by the Court, you must file your response with the Clerk of the Bankruptcy Court within 21 days from the date you were served with this pleading.   You must serve a copy of your response on the person who sent you the notice; otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE JUDGE OF SAID COURT:

Fired Up, Inc. (the "Debtor") hereby files this Application for Authority to Employ BKD, LLP ("BKD") and R. Eric Drews ("Drews") as Accountants for the Debtor (the "Application").

<u>Jurisdiction and Venue</u>

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).   Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Application pursuant to 11 U.S.C. § 327(a).

<u>Relief Requested</u>

---

[1] Until February 26, 2014, Debtor's business was being operated partially by the Debtor and partially by its two wholly owned subsidiaries, Kona Restaurant Group, Inc. and Carino's Italian Kitchen, Inc.  Those entities were merged into the Debtor on that date.

2.    The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et. seq., (the "Bankruptcy Code") on March 27, 2014 (the "Petition Date").

3.    The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.  This Court has not appointed a trustee or examiner; an official committee of unsecured creditors has been established.

4.    Pursuant to 11 U.S.C. § 327(e), the Debtor requests the entry of an order authorizing the employment of BKD and Drews as Audit Accountants and Tax Professional for the Debtor in this Chapter 11 case.  BKD maintains an office at 14241 Dallas Parkway, Suite 1100, Dallas, TX 75254, and can be reached at (972) 702-8262, e-mail address: EDrews@bkd.com & Badamson@bkd.com

5.    The Debtor has selected BKD and Drews as Audit Accountants and Tax Professionalbecause they have experience representing the Debtor in its corporate affairs and real estate transactions.

<u>Basis for Relief</u>

6.    Section 327(a) of the Bankruptcy Code authorizes a trustee to retain:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

7.    The Debtor seeks to initially retain BKD both Audit Accounts and Tax Professionals for the Debtor. As of June 1, 2014, Drews will have established his own practice and, at that time, Debtor is seeking to have BKD continue as Audit Accountants for the Debtor and have Drews continue to handle Debtor's tax matters through his own practice.  Debtor believes that

BKD and Drews possess the requisite resources and are both highly qualified and uniquely able to represent the Debtor in this case.

9.      Other professionals sought to be employed in this case are:

| | | |
|---|---|---|
| Barron & Newburger, P.C. | Bankruptcy Counsel for Debtor | Application Pending |
| Hajjar, Sutherland & Peters, LLP | Special Counsel for Debtor | Application Pending |
| The Vernon Law Group, PLLC | Special Counsel for Debtor | Application Pending |

10.     Subject to the fee application process and this Court's approval, BKD and Drews will charge Debtor for its accounting services on an hourly basis.  The rates at which the Debtor will be billed are listed in the attached Unsworn Declaration Under Penalty of Perjury.  BKD and Drews will file a fee application not later than the date set for filing fee applications.

11.     To the best of the Debtor's knowledge, other than in connection  with this chapter 11 case, BKD and Drews have  no  connection  with the Debtor,  its  creditors,  any  other  party in  interest,  their respective attorneys and accountants, the United States Trustee, or any person employed in the  office of  the  United States Trustee, except as set forth herein and/or in the Verified Statement of Eric Drews (the "Drews Statement"), filed pursuant to Federal Rule of Bankruptcy Procedure 2014(a).

12.   Based on the Drews Statement and the Debtor's knowledge of its business, litigation and relations with creditors and other parties in interest, BKD and Drews do not represent or hold any interest adverse to Debtor, its estate, creditors, equity security holders, or affiliates in the matters upon which it is to be engaged, and BKD is a person "necessary in the operation of [Debtor-in-possession's] business" within the meaning of 11 U.S.C. § 327.

13.     BKD is owed for fees incurred during the week prior to bankruptcy.  BKD did not receive a retainer.

14.     BKD and, beginning on June 1, 2014, BKD and Drews intend to  apply  to  this Court  for  allowance of compensation  and reimbursement of expenses pursuant to the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the allowance and payment of fees and expenses in this case. BKD's and Drews' fees and expenses approved and allowed by this Court will be paid from the Debtor's cash flow. The Debtor requests that BKD and Drews be authorized to apply for compensation every sixty (60) days.

WHEREFORE, the Debtor respectfully requests that the Court (i) authorize the Debtor to employ and pay BKD as Accountants in this chapter 11 case; and (ii) grant the Debtor such other legal and equitable relief to which it is entitled.

Dated: April 28, 2014

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
1212 Guadalupe, Suite 104
Austin, Texas 78701
(512) 476-9103 Ext. 220
(512) 476-9253 Facsimile

By:    /s/ Stephen *W*. Sather
Barbara M. Barron (SBN 01817300)
Stephen W. Sather (SBN 17657520)

**PROPOSED ATTORNEYS FOR DEBTOR**

APPROVED:

FIRED UP, INC.

By:_____
Creed Ford III
President/Chief Executive Officer

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing by electronic mail transmission on April 28, 2014, to all parties listed on the Service List attached to the filed copy of this Pleading and electronically by the Court's ECF system has been served to all parties registered to receive such service. Copies of the matrix are not included in service copies but may be obtained from the Clerk of the Court or Debtor's counsel.

_/s/Stephen W. Sather_____

**United States Trustee:**

Henry G. Hobbs
Deborah A. Bynum
Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701
henry.g.hobbs@usdoj.gov
deborah.a.bynum@usdoj.gov

**Debtor:**

Creed Ford, III
President/CEO
Ford Restaurant Group
1514 RR 620 South
Austin, TX 78734
cford@carinos.com

Margaret B. Smith, CPA
Director of Finance
Ford Restaurant Group
1514 RR 620 South
Austin, TX 78734
msmith@fordrestgrp.com

**Proposed Attorneys for Debtor:**

Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe Street, Suite 104
Austin, TX 78701
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

John Vernon
The Vernon Law Group, PLLC
4925 Greenville Avenue, Suite 200
Dallas, TX 75206
jvernon@vernonlawgroup.com

Kareem Hajjar
Hajjar Sutherland Peters, LLP
3144 Bee Caves Road
Austin, TX 78746
khajjar@legalstrategy.com

**20 Largest Unsecured Creditors:**

AEI Accredited Investor Fund 2002
Attn: Brian Schulz
1300 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
bschulz@aeifunds.com

AEI Fund Management, Inc.
Attn: Brian Schulz
1300 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
bschulz@aeifunds.com

ARC CAFÉ, LLC
American Realty Capital
Attn: Cindy Dip
200 Dryden Road, Suite 1100
Dresher, PA 19025
cdip@arlcap.com

Cassidy Turley Midwest, Inc.
Attn: Brian Schulz
1300 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
bschulz@aeifunds.com

Food Services of America
Attn: Lee Clark
P.O. Box 839
Meridian, ID 83680
lee_clark@fsafood.com
boise_ar@fsafood.com

GE Capital Franchise Finance Corp.
c/o Jeffrey T. Wegner
Kutak Rock, LLP
1650 Farnam Street
Omaha, NE 68102-2186
jeffrey.wegner@kutakrock.com

Gentilis, Inc.
Attn: Moja Lindsey
3400 Reeves Canyon Road
Redwood Valley, CA 95470
moja2@thelindseycompanies.com

Internal Revenue Service
Special Procedures Staff- Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Magdalena Properties, LLC
c/o R. Spencer Shytles
Graham Bright & Smith, P.C.
5420 LBJ Freeway, Suite 300
Dallas, TX 75240
rss@gbstxlaw.com

Pleasant Ridge Development Co.
Attn: Lou Schickel
11601 Pleasant Ridge Rd., Suite 300
Little Rock, AR 72212
lou@schickels.com
invoices@schickels.com

Mary Raney & Dick P. Wood, Jr., as
Trustees of RC Nelms Jr. Hillcrest Trst
c/o James H. Billingsley
Polsinelli, PC
2501 N. Harwood St., Suite 75201
Dallas, TX 75201
jbillingsley@polsinelli.com

Shamrock Foods-Consolidated
Attn: Jessica Harlow
Department 219
Denver, CO 80291-0219
jessica_harlow@shamrockfoods.com

Texas Comptroller of Public Accts.
c/o Jason A. Starks
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548
jason.starks@texasattorneygeneral.gov

Texas Workforce Commission
Attn: Regulatory Integrity Div-SAU
101 E. 15th Street, Room 556
Austin, TX 78778-0001
rid.taxbankruptcy@twc.state.tx.us

**Secured Creditors:**

FRG Capital, LLC
c/o Blake Rasner
Haley & Olson, P.C.
510 N. Valley Mills Drive, Suite 600
Waco, TX 76710
brasner@haleyolson.com

Prosperity Bank
c/o Lisa C. Fancher
Fritz, Byrne, Head & Harrison, PLLC
98 San Jacinto Blvd., Suite 2000
Austin, TX 78701-4286
lfancher@fbhh.com

**Unsecured Creditors Committee:**

AEI Income & Growth Fund 24, LLC
Robert P. Johnson
30 Seventh Street East, Suite 1300
St. Paul, MN 55101
bschulz@aeifunds.com

Ben E. Keith Company (interim chair)
Richard Grasso
P. O. Box 2628
Ft. Worth, TX 76112
rngrasso@benekeith.com

Glazier Foods Company
Art Innis
11303 Antoine Dr.
Houston, TX 77066
artinnis@glazierfoods.com

Independent Bank
Charley Rigney
8004 Woodway Dr., Suite 200
Waco, TX 76712
crigney@ibtx.com

National Retail Properties, Inc.
David G. Byrnes, Jr.
450 S. Orange Avenue, Suite 900
Orlando, FL 32801
david.byrnes@nnnreit.com

The Coca-Cola Company
William Kay, Sr. Bankruptcy Advisor
P.O. Box 1734
NAT 2008 Mail Stop
Atlanta, GA 30313
billkaye@jllconsultants.com

Wilmington Center, LLC
Attn: Fay Farzani
9471 Lomitas Avenue
Beverly Hills, CA 90210
fafar101@aol.com

**Proposed Counsel for Creditors'
Committee:**

Bradford J. Sandler
Pachulski, Stang, Ziehl & Jones, LLP
919 North Market St., 17th Floor
Wilmington, DE 19801
bsandler@pszjlaw.com

**Miscellaneous:**

Brownsville Public Utilities Board
c/o Gilbert L. Hamberg, Esq.
1038 Darby Drive
Yardley, PA 19067
ghamberg_3@msn.com

CASS
Attn: Frank Garcia
2675 Corporate Exchange Drive
Columbus, OH 43231
fgarcia@cassinfo.com

Fintech
Attn: Mandi Aiton
7702 Woodland Center Blvd., #50
Tampa, FL 33614
maiton@fintech.com

Summit Energy
Attn: Tim Ward
103 Historic Town Square
Lancaster, TX 75146
tim.ward@ems.schneider-electric.com

Wells Fargo Bank, N.A.
c/o James G. Ruiz
Winstead, P.C.
401 Congress Avenue, Suite 2100
Austin, TX 78701
jruiz@winstead.com

**Additional Notice:**

Bruce M. Wilpon
Special Assistant U.S. Attorney
Internal Revenue Service
300 E. 8th Street, Suite 601
Austin, TX 78701
bruce.m.wilpon@irscounsel.treas.gov

Jason P. Wylie
The Law Office of Jason Wylie
8553 N. Beach St., PMB 316
Fort Worth, TX 76244-4919
jason@jasonwylielaw.com

John M. Koneck
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com

Mackenzie S. Wallace
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
mackenzie.wallace@tklaw.com

Timothy E. Hudson
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
tim.hudson@tklaw.com

William M. Kane
Traylor, Tompkins & Black, P.C.
751 Horizon Court, Suite 200
Grand Junction, CO 81506-8754
wmk@grandjunctionlaw.com

**Notices of Appearance:**

Arlington ISD, Mansfield ISD
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, et al
P.O. Box 13430
Arlington, TX 76094-0430
ebcalvo@pbfcm.com

Texas Ad Valorem Taxing Entities
c/o Elizabeth Weller
Linebarger Goggan Blair & Sampson
2777 N. Stemmons Frwy, Suite 1000
Dallas, TX 75207
dallas.bankruptcy@publicans.com

GS II Meridian Crossroads, LLC
c/o Renee B. Weiss, Esq.
DDR Corp
P.O. Box 228042
Beachwood, OH 44122
rweiss@ddr.com

Atascocita 1692, LLC
c/o Michelle E. Shriro, Esq.
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001
mshriro@singerlevick.com

RioCan America Management, Inc.
c/o R. Spencer Shytles
Graham Bright & Smith, P.C.
5420 LBJ Freeway, Suite 300
Dallas, TX 75240
rss@gbstxlaw.com

ARC CAFÉ, LLC
c/o R. Brandon Bundren
Duane Morris, LLP
1330 Post Oak Blvd., Suite 800
Houston, TX 77056-3166
rbbundren@duanemorris.com

Bexar County
c/o David G. Aelvoet
Linebarger Goggan Blair & Sampson
711 Navarro Street, Suite 300
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Tyler Independent School District
c/o Tab Beall
Perdue, Brandon, Fielder, et al
P.O. Box 2007
Tyler, TX 75710-2007
tbeall@pbfcm.com
tylbkc@pbfcm.com

ARC CAFE, LLC
c/o William C. Heuer
and Patricia H. Heer
Duane Morris, LLP
1540 Broadway
New York, NY 10036
wheuer@duanemorris.com
phheer@duanemorris.com

Inland American Retail Mgmt., LLC
c/o Kevin M. Newman, Esq.
Menter, Rudin & Trivelpiece, P.C.
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498
knewman@menterlaw.com

Texas Ad Valorem Taxing Entities
c/o Owen M. Sonik
Perdue, Brandon, Fielder, et al
1235 North Loop West, Suite 600
Houston, TX 77008
houbank@pbfcm.com

Missouri Department of Revenue
Bankruptcy Unit
Attn: S. Christopher Conway
P.O. Box 475
Jefferson City, MO 65105-0475
txwdecf@dor.mo.gov

National Retail Properties, LP
c/o John F. Bennett
and Cassandra Ann Sepanik
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
david.bennett@tklaw.com
cassandra.sepanik@tklaw.com

Hidalgo County & McAllen ISD
c/o John T. Banks
Perdue, Brandon, Fielder, et al
3301 Northland Drive, Suite 505
Austin, TX 78731
jbanks@pbfcm.com

RB River IV, LLC, et al
c/o Jeffrey Ackermann
Durio, McGoffin, Stagg & Ackermann
P.O. Box 51308
Lafayette, LA 70505-1308
jeffackermann@dmsfirm.com

Texas Ad Valorem Taxing Entities
c/o Lee Gordon
McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680
lgordon@mvbalaw.com

Lubbock Central Appraisal District
c/o Laura J. Monroe
Perdue, Brandon, Fielder, et al
P.O. Box 817
Lubbock, TX 79408
lmonroe@pbfcm.com

City of Fort Worth
c/o Christopher B. Mosley
Senior Assistant City Attorney
1000 Throckmorton Street
Fort Worth, TX 76102
chris.mosley@fortworthtexas.gov

Texas Ad Valorem Taxing Entities
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson
P.O. Box 17428
Austin, TX 78760-7428
austin.bankruptcy@publicans.com

Texas Ad Valorem Taxing Entities
c/o John P. Dillman
Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX 77253-3064
houston_bankruptcy@publicans.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 14-10447** |
| **FIRED  UP, INC.** | § | **(Chapter 11)** |
| **Debtor** | § | |
| | § | |
| | § | |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**
**BY THE ACCOUNTANT FOR DEBTOR**

The undersigned BKD, LLP and R. Eric Drews do hereby certify under penalty of perjury pursuant to Rule 2016(b) of the Bankruptcy Rules of Procedure:

   1.  That the compensation paid or promised to BKD, LLP and Drews for services to be rendered in connection with the case is as follows:  Fees will be billed at the following rates:

       Audit/Compilation/Monthly Accounting $ (blended by staff/hr. associated with professionals below)
       Tax Compliance/Consulting $(blended by staff/hr. associated with professionals below)

The principal staff on the file will be B. Adamson.   Mr. Adamson (Partner) presently bills at a rate of $375 per hour.

The principal staff on the file will be R. Eric Drews. Mr. Drews (Partner) presently bills at a rate of $375 per hour.  Mr. Drews will be leaving BKD, LLP on May 31, 2014.  Associated with his severance from BKD, LLP Mr. Drews will be allowed to perform services for the Fired Up, Inc. post May 31, 2014.  Mr. Drews will bill at the rate of $240 per hour for services rendered, post May 31, 2014.

The principal staff on the file will be R. Singleton. Mr. Singleton (Manager) presently bills at a rate of $250 per hour.

The principal staff on the file will be K. Rodeheffer.   Ms. Rodeheffer (Manager) presently bills at a rate of $195 per hour.

The principal staff on the file will be R. McKay.  Mr. McKay (Staff) presently bills at a rate of $155 per hour.

2.      BKD LLP received payments from the Debtor in the amount of $132,315 during the fiscal year prior to bankruptcy (June 26, 2013).      This averaged $28,404 (7 months) per month.    The total fees billed to the Debtor for the past three years averaged $132,315 (no other services prior to FY 14) per year.      No fees were owed as of the petition date except for fees incurred during the week prior to bankruptcy.    Total Fees owed for week prior to Bankruptcy were $625.

3.      BKD LLP nor Drews have received a retainer from the Debtor.

4.      That the source of such compensation is as follows: all fees will be paid from the retainer or the estate pursuant to court approval.

5.      That affiant has not shared nor agreed to share such compensation with anyone except shareholders and associates of his firm.

EXECUTED ON THIS THE __23rd__ DAY OF __April__, 2014.

By: _____

PARTNER

APPROVED:

Fired Up, Inc.

By: _____

Creed Ford, III, President

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 14-10447 |
| FIRED UP, INC. | § | (Chapter 11) |
| Debtor | § | |
| | § | |

**AFFIDAVIT OF PROPOSED ACCOUNTANT**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared R. Eric Drews, who, after first being duly sworn, upon his oath, deposed and stated as follows:

1.    "I am an (accountant) licensed to practice in the State of Texas and maintain offices at 14241 Dallas Parkway, Suite 1100 Dallas, TX 75254. I am an (accountant) presently with the firm of BKD, LLP ("the Firm"). Post May 31, 2014, I will be performing services individually or through a firm registered with the State Board of Public Accountancy.

2.    The Firm has been engaged to represent Fired Up, Inc. for the following specific purposes:

      a.  Audit of Financial Statements for FY 13 (as outlined in the attached Engagement Letter)
      b.  Preparation of Federal and State Income Tax Returns for FY 13 (as outlined in the attached Engagement Letter)

3.    I requested that an employee of the Firm perform a search of the conflicts database for the Firm.   I reviewed the results of the conflicts search and also made my own independent review of the list of creditors. The following is noted:

    A.    Confirm whether or not the firm has performed any services for any of the creditors.   Response: Attached is a list of the creditors that BKD has either done work for in the past or may have done work for in the past.

    B.    Confirm whether BKD has any investment in any of the creditors. Response: BKD does not have any investment in any of the creditors.

    C.    Confirm whether the engagement team has any investment in any of the creditors. Response:  The engagement team does not have any investment in any of the creditors.

D.      Confirm whether any of BKD partners has more than a 5% interest in any of the creditors. Response: No BKD partner has more than a 5% interest in any of the creditors.


4.      I do not have any interest adverse to the Bankruptcy estate set forth above in the matters upon which the firm is to be employed.  To the best of my knowledge, I have no connection with the United States Trustee or any person employed at the office of the United States Trustee which would establish an interest adverse to the bankruptcy estate.  I reserve the right to supplement this Affidavit if I become aware of any potential conflicts and will notify the Court immediately upon discovery of such information.

5.      I am aware of the following connections which should be disclosed pursuant to Fed.R.Bankr.Pro. 2014: None

a      Debtor:  BKD LLP has represented the Debtor for the past fiscal year ending June 26, 2013.    The representation has been limited to audit and tax compliance and consulting services of the debtor.  BKD has performed tax and consulting services for several related entities of the debtor through ownership by shareholders of the debtor.   A listing of these entities and relationship is as follows:


Fired Up Foundation (Foundation of the debtor)
Fired Up Family Fund  (Foundation of the debtor)
Cherokee Café (Company owned by Creed and Lynn Ford)
Casa Roja I (Company minority interest owned by Lynn Ford)
Casa Roja II (Company minority interest owned by Lynn Ford)
Creed Land and Cattle  (Partnership owned by Creed and Lynn Ford)
Rudy's West BBQ, LLC (partnership majority owned by Creed and Lynn Ford)
Ford, Creed III
FRG Capital, LLC  (Company owned  by Creed and Lynn Ford)
Ford Restaurant Group, Inc. (company owned by Creed and Lynn Ford)
Moondance Investments, LP (Partnership owned Creed and Lynn Ford)
Moondance, Inc. (Company owned directly and indirectly by Creed and Lynn Ford)
Native Land Investments, ltd (Partnership owned directly and indirectly by Creed and Lynn Ford)
Ozona Westex, Inc. (company owned by Lynn Ford0
Rudy's LLC, OK (Company owned by Rudy's TX BBQ)
Pictoric Media  (Partnership in which Ford's Son owns 50% interest)
Rudy's Texas BBQ, LLC (Partnership majority owned by Creed and Lynn Ford)
Stateside, LLC (partnership owned by Creed and Lynn Ford)


b      Creditors:  See attached list of creditors that BKD has or may have performed services for in the past.

c.   Other:  None

d.   U.S. Trustee:  I am not aware of any connections with the U.S. Trustee or any person employed by the U.S. Trustee.

e.   Attorneys:  No attorneys have entered an appearance in this case at the present time.

4.   Based upon the foregoing, I believe that the Firm is a disinterested person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

5.   I declare the above and foregoing to be true and correct under penalty of perjury.

_____  4/23/14
Partner
R. Eric Davis



14241 Dallas Parkway, Suite 1100
Dallas, TX 75254-2961
972.702.8262   Fax 972.702.0673   www.bkd.com

May 29, 2013


Creed Ford
Fired Up, Inc.
13420 Galleria Circle
Building A, Suite 250
Austin, Texas  78738

We are pleased to confirm the arrangements of our engagement and the nature of the services we will provide to Fired Up, Inc. and its subsidiaries.

## ENGAGEMENT OBJECTIVES AND SCOPE

We will audit the consolidated balance sheet of Fired Up, Inc. and its subsidiaries as of June 26, 2013, and the related consolidated statements of operations, changes in stockholders' equity, and cash flows for the year then ended, and the related notes to the consolidated financial statements.

Our audit will be conducted with the objective of expressing an opinion on the consolidated financial statements.

## OUR RESPONSIBILITIES

We will conduct our audit in accordance with auditing standards generally accepted in the United States of America (GAAS).  Those standards require that we plan and perform the audit to obtain reasonable rather than absolute assurance about whether the financial statements are free of material misstatement, whether caused by fraud or error.  An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the financial statements.  The procedures selected depend on the auditor's judgment, including the assessment of the risks of material misstatement of the financial statements, whether due to fraud or error. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the financial statements.

Because of the inherent limitations of an audit, together with the inherent limitations of internal control, an unavoidable risk that some material misstatements may not be detected exists, even though the audit is properly planned and performed in accordance with GAAS.





Fired Up, Inc.
May 29, 2013
Page 2

In making our risk assessments, we consider internal control relevant to the entity's preparation and fair presentation of the financial statements in order to design audit procedures that are appropriate in the circumstances but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. However, we will communicate to you in writing concerning any significant deficiencies or material weaknesses in internal control relevant to the audit of the financial statements that we have identified during the audit. Also, in the future, procedures could become inadequate because of changes in conditions or deterioration in design or operation. Two or more people may also circumvent controls, or management may override the system.

We are available to perform additional procedures with regard to fraud detection and prevention at your request, subject to completion of our normal engagement acceptance procedures. The actual terms and fees of such an engagement would be documented in a separate letter to be signed by you and BKD.

Barry Adamson is responsible for supervising the engagement and authorizing the signing of the report or reports.

We will issue a written report upon completion of our audit of Fired Up, Inc.'s consolidated financial statements. Our report will be addressed to the board of directors of Fired Up, Inc. We cannot provide assurance that an unmodified opinion will be expressed. Circumstances may arise in which it is necessary for us to modify our opinion, add an emphasis of matter or other matter paragraph(s), or withdraw from the engagement. If we discover conditions that may prohibit us from issuing a standard report, we will notify you as well. In such circumstances, further arrangements may be necessary to continue our engagement.

## YOUR RESPONSIBILITIES

Our audit will be conducted on the basis that management and, where appropriate, those charged with governance acknowledge and understand that they have responsibility:

    a. for the preparation and fair presentation of the financial statements in accordance with accounting principles generally accepted in the United States of America;

    b. for the design, implementation and maintenance of internal control relevant to the preparation and fair presentation of financial statements that are free from material misstatement, whether due to fraud or error; and

    c. to provide us with

        i. access to all information of which management is aware that is relevant to the preparation and fair presentation of the financial statements such as records, documentation and other matters;

Fired Up, Inc.
May 29, 2013
Page 3

    ii. additional information that we may request from management for the purpose of the audit; and

    iii. unrestricted access to persons within the entity from whom we determine it necessary to obtain audit evidence.

As part of our audit process, we will request from management and, where appropriate, those charged with governance, written confirmation acknowledging certain responsibilities outlined in this engagement letter and confirming:

- The availability of this information
- Certain representations made during the audit for all periods presented
- The effects of any uncorrected misstatements, if any, resulting from errors or fraud aggregated by us during the current engagement and pertaining to the latest period presented are immaterial, both individually and in the aggregate, to the financial statements taken as a whole

## OTHER SERVICES

We will also prepare the following tax returns and reports. If there are other tax returns you expect us to prepare, please inform us as soon as possible.

See attachment for list of tax returns that we are currently aware we are preparing.

You may be required to file returns in additional jurisdictions, and you are ultimately responsible for meeting your filing requirements. We are not responsible for any returns other than those listed above. However, we are available for consultation regarding your filing responsibilities.

The Internal Revenue Service recently issued proposed and temporary regulations addressing a broad range of capitalization and deduction issues related to tangible property, including:

- Treatment of materials and supplies expenditures
- Depreciation and disposition of tangible property
- Capitalization of amounts paid to acquire or produce tangible property
- De minimis capitalization thresholds
- Determination of whether an expenditure is a deductible repair or must be capitalized

Final regulations are scheduled to be released in 2013 effective for tax years beginning on or after January 1, 2014, and will affect most business taxpayers. Taxpayers may adopt the temporary or final regulations for tax years beginning on or after January 1, 2012. Affected taxpayers will be required to file various elections and accounting methods with their tax return. Our fees do not include filing any of these elections or accounting methods. However, we are available to assist you with implementing and filing the necessary elections and accounting methods.

Fired Up, Inc.
May 29, 2013
Page 4

Generally all U.S. persons are required to file Form TD F 90-22.1, *Report of Foreign Bank and Financial Accounts* (FBAR), annually if they have a financial interest in or signature authority over, financial accounts, including bank, securities or other types of financial accounts in a foreign country and the aggregate value of these financial accounts exceeded $10,000 at any time during the calendar year. Failure to file an FBAR when required may potentially result in civil penalties, criminal penalties or both. We have not been engaged to prepare your FBAR. However, we are available to assist you in meeting this filing obligation at your request. If you wish to engage us to assist with your FBAR filing, additional fees at our standard billing rates will apply. It is your responsibility to inform us of all financial interests in or signature authority over foreign financial accounts.

Management has the final responsibility for the income tax returns and representations therein and, therefore, should review them carefully before signing. Management is also responsible for timely filing of returns and timely payment of any amounts due.

It is your responsibility to provide all the information required for the preparation of complete and accurate returns. You should retain all the documents, canceled checks and other data that form the basis of income and deductions. These may be necessary to prove the accuracy and completeness of your returns to a taxing authority. Your returns may be selected for review by the taxing authorities. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, we will be available upon request to assist you and will render additional invoices for the time and expenses incurred.

While preparing your returns, we will inform you of any material tax positions of which we are aware that, in our judgment, do not meet thresholds established by law or professional standards. Tax law or professional standards may require disclosure of such position(s) as a part of your federal tax return. You agree to inform us of any tax positions of which you are aware would likely *not* succeed in the event of a challenge by taxing authorities.

The law provides for a penalty as high as $200,000 per transaction for failure to adequately disclose certain transactions the U.S. Department of Treasury designates as "reportable transactions." A description of these transactions is available at http://www.bkd.com/service/tax/ReportableTransactions.htm or you may request a paper version from us. Unless notified in writing, we will prepare your return with the assumption you have not engaged in any reportable transaction.

This engagement does not include any tax services not specifically stated above. However, we would be pleased to research and/or consult with you regarding other income tax matters, such as proposed or completed transactions or income tax projections. We will render additional invoices for such services at our standard billing rates.

We will provide you with the following nonattest services:

- Assisting with the preparation of the income tax accrual
- Preparing a draft of the financial statements and related notes

Fired Up, Inc.
May 29, 2013
Page 5

In addition, we may perform other services for you that are not covered by this engagement letter. You agree to assume full responsibility for the substantive outcomes of the services described above and for any other services that we may provide, including any findings that may result. You also acknowledge that these services are adequate for your purposes and that you will establish and monitor the performance of these services to ensure that they meet management's objectives. Any and all decisions involving management functions related to these services will be made by you, and you accept full responsibility for such decisions. We understand that you have designated a management-level individual to be responsible and accountable for overseeing the performance of these services, and that you have determined this individual is qualified to conduct such oversight.

## ENGAGEMENT FEES

Our fees for the audit are estimated to be $50,000 to $55,000. Our fees for preparation of the income tax returns and related compliance services is estimated to be $60,000 to $65,000. In addition, you will be billed travel costs related to out of town travel up to $4,000 and fees for services from other professionals, if any, as well as an administrative fee of 3% to cover items such as copies, postage and other delivery charges, supplies, technology-related costs such as computer processing, software licensing, research and library databases and similar expense items.

Our pricing for this engagement and our fee structure are based upon the expectation that our invoices will be paid promptly. We will issue progress billings during the course of our engagement, and payment of our invoices is due upon receipt. Interest will be charged on any unpaid balance after 30 days at the rate of 10% per annum.

Our engagement fee does not include any time for post-engagement consultation with your personnel or third parties, consent letters and related procedures for the use of our reports in offering documents, inquiries from regulators or testimony or deposition regarding any subpoena. Charges for such services will be billed separately.

Our fees may also increase if our duties or responsibilities are increased by rulemaking of any regulatory body or any additional new accounting or auditing standards. We will consult with you in the event any other regulations or standards are issued that may impact our fees.

If our invoices for this or any other engagement you may have with BKD are not paid within 30 days, we may suspend or terminate our services for this or any other engagement. In the event our work is suspended or terminated as a result of nonpayment, you agree we will not be responsible for any consequences to you.

## OTHER ENGAGEMENT MATTERS AND LIMITATIONS

Our workpapers and documentation retained in any form of media for this engagement are the property of BKD. We can be compelled to provide information under legal process. In addition, we may be requested by regulatory or enforcement bodies to make certain workpapers available to them pursuant to authority granted by law or regulation. You agree that we have no legal responsibility to you in the event we provide such documents or information.

Fired Up, Inc.
May 29, 2013
Page 6

You agree to indemnify and hold harmless BKD and its personnel from any claims, liabilities, costs and expenses relating to our services under this agreement attributable to false or incomplete representations by management, except to the extent determined to have resulted from the intentional or deliberate misconduct of BKD personnel.

You agree that any dispute regarding this engagement will, prior to resorting to litigation, be submitted to mediation upon written request by either party. Both parties agree to try in good faith to settle the dispute in mediation. The American Arbitration Association will administer any such mediation in accordance with its Commercial Mediation Rules. The results of the mediation proceeding shall be binding only if each of us agrees to be bound. We will share any costs of mediation proceedings equally.

Either of us may terminate these services at any time. Both of us must agree, in writing, to any future modifications or extensions. If services are terminated, you agree to pay us for time expended to date. In addition, you will be billed travel costs and fees for services from other professionals, if any, as well as an administrative fee of 3% to cover items such as copies, postage and other delivery charges, supplies, technology-related costs such as computer processing, software licensing, research and library databases and similar expense items.

If any provision of this agreement is declared invalid or unenforceable, no other provision of this agreement is affected, and all other provisions remain in full force and effect.

This engagement letter represents the entire agreement regarding the services described herein and supersedes all prior negotiations, proposals, representations or agreements, written or oral, regarding these services. It shall be binding on heirs, successors and assigns of you and BKD.

We may from time to time utilize third-party service providers, *e.g.*, domestic software processors or legal counsel, or disclose confidential information about you to third-party service providers in serving your account. We remain committed to maintaining the confidentiality and security of your information. Accordingly, we maintain internal policies, procedures and safeguards to protect the confidentiality of your information. In addition, we will secure confidentiality agreements with all service providers to maintain the confidentiality of your information. In the event we are unable to secure an appropriate confidentiality agreement, you will be asked to provide your consent prior to the sharing of your confidential information with the third-party service provider.

We will, at our discretion or upon your request, deliver financial or other confidential information to you electronically via email or other mechanism. You recognize and accept the risk involved, particularly in email delivery as the Internet is not necessarily a secure medium of communication as messages can be intercepted and read by those determined to do so.

You agree you will not modify these documents for internal use or for distribution to third parties. You also understand that we may on occasion send you documents marked as draft and understand that those are for your review purpose only, should not be distributed in any way and should be destroyed as soon as possible.

Fired Up, Inc.
May 29, 2013
Page 7

If you intend to include these financial statements and our report in an offering document at some future date, you agree to seek our permission to do so at that time. You agree to provide reasonable notice to allow sufficient time for us to perform certain additional procedures. Any time you intend to publish or otherwise reproduce these financial statements and our report and make reference to our firm name in any manner in connection therewith, you agree to provide us with printers' proofs or masters for our review and approval before printing or other reproduction. You will also provide us with a copy of the final reproduced material for our approval before it is distributed. Our fees for such services are in addition to those discussed elsewhere in this letter.

You agree to notify us if you desire to place these financial statements or our report thereon on an electronic site. You recognize that we have no responsibility as auditors to review information contained in electronic sites.

Any time you intend to reference our firm name in any manner in any published materials, including on an electronic site, you agree to provide us with draft materials for our review and approval before publishing or posting such information.

BKD is a registered limited liability partnership under Missouri law. Under applicable professional standards, partners of **BKD, LLP** have the same responsibilities as do partners in a general accounting and consulting partnership with respect to conformance by themselves and other professionals in BKD with their professional and ethical obligations. However, unlike the partners in a general partnership, the partners in a registered limited liability partnership do not have individual civil liability, directly or indirectly, including by way of indemnification, contribution, assessment or otherwise, for any debts, obligations or liabilities of or chargeable to the registered limited liability partnership or each other, whether arising in tort, contract or otherwise.

We are an independent accounting firm allowed to use the name "Praxity" in relation to our practice. We are not connected by ownership with any other firm using the name "Praxity," and we will be solely responsible for all work carried out by us on your behalf. In deciding to engage us, you acknowledge that we have not represented to you that any other firm using the name "Praxity" will in any way be responsible for the work that we do.

Please sign and return the attached copy of this letter to indicate your acknowledgement of, and agreement with, the arrangements for our audit of the financial statements including our respective responsibilities. If the signed copy you return to us is in electronic form, you agree that such copy shall be legally treated as a "duplicate original" of this agreement.

*BKD, LLP*

**BKD, LLP**

Fired Up, Inc.
May 29, 2013
Page 8


Acknowledged and agreed to on behalf of

**Fired Up, Inc.**

_____
Signature


_____
Printed Name and Title


Date: _____

## Tax Returns/Reports to be Completed

| Entity | Jurisdiction | Form | Form Type | ES Required |
|---|---|---|---|---|
| Johnny Carino's Country Italian of Rogers, Inc. | FED | 1120 | Income | X |
| Kona Restaurant Group, Inc. | ID | Annual Report | Annual Report | |
| Carino's Italian Kitchen, Inc. | KS | Form AR | Annual Report | |
| Kona Restaurant Group, Inc. | KS | Form AR | Annual Report | |
| SIK Texas License Corp. (a Kansas Corp.) | KS | Form AR | Annual Report | |
| Carino's Italian Kitchen, Inc. | AR | AOS/UP1 | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | CO | Form A | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | KS | Summary of Unclaimed Prop | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | LA | UP-2 | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | NJ | UP-1 | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | ID | UP-1 | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | TX | 53-119 | Unclaimed Prop | |
| Fired Up, Inc. | TX | 53-119 | Unclaimed Prop | |
| Kona Restaurant Group, Inc. | TX | 53-119 | Unclaimed Prop | |
| Carino's Italian Kitchen, Inc. | CO | Periodic Report | Annual Report | |
| Carino's Italian Kitchen, Inc. | WA | Combined Excise Tax Return | B&O Report | |
| Kona Restaurant Group, Inc. | CO | Periodic Report | Annual Report | |
| Carino's Italian Kitchen, Inc. | LA | Annual Report | Annual Report | |
| Kona Restaurant Group, Inc. | LA | Annual Report | Annual Report | |
| Kona Restaurant Group, Inc. | OK | BT-190 | Franchise | |
| Carino's Italian Kitchen, Inc. | DE | Annual Franchise Tax Report | Franchise | X |
| Kona Restaurant Group, Inc. | DE | Annual Franchise Tax Report | Franchise | X |
| Kona Restaurant Group, Inc. | AL | 20C | Income | X |
| Kona Restaurant Group, Inc. | GA | 600 | Inc/Franchise | X |
| Kona Restaurant Group, Inc. | OK | 512 | Income | X |
| Fired Up, Inc. & Subsidiaries | FED | 1120 | Income | X |
| Fired Up, Inc. & Subsidiaries | FED | 5713 | Boycott | |
| Kona Restaurant Group, Inc. | AL | Business Privilege Tax | Form CPT | |
| Kona Restaurant Group, Inc. | NJ | Annual Report | Annual Report | |
| Kona Restaurant Group, Inc. | FL | F-1120 | Income | X |
| Kona Restaurant Group, Inc. | TN | Corporation Annual Report | Annual Report | |
| Carino's Italian Kitchen, Inc. | ID | 41 | Income | X |
| Carino's Italian Kitchen, Inc. | KS | K-120 | Income | X |
| Carino's Italian Kitchen, Inc. | KS | K-150 | Franchise | |



| Entity | Jurisdiction | Form | Form Type | ES Required |
|---|---|---|---|---|
| Carino's Italian Kitchen, Inc. | MO | MO-1120/MO-FT | Inc/Franchise | X |
| Carino's Italian Kitchen, Inc. | NJ | CBT-100 | Income | X |
| Fired Up, Inc. | NJ | CBT-100 | Income | X |
| Fired Up, Inc. & Subsidiaries | CA | 100 | Income | X |
| Fired Up, Inc. & Subsidiaries | ND | 40 | Income | X |
| Fired Up, Inc. & Subsidiaries | OR | 20 | Income | X |
| Kona Restaurant Group, Inc. | ID | 41 | Income | X |
| Kona Restaurant Group, Inc. | IN | IT-20 | Income | X |
| Kona Restaurant Group, Inc. | KS | K-120 | Income | X |
| Kona Restaurant Group, Inc. | KS | K-150 | Franchise | |
| Kona Restaurant Group, Inc. | KY | 720 | Income | X |
| Kona Restaurant Group, Inc. | MO | MO-1120/MO-FT | Inc/Franchise | X |
| Kona Restaurant Group, Inc. | NC | CD-405 & Annual Report | Inc/Franchise | X |
| Kona Restaurant Group, Inc. | NJ | CBT-100 | Income | X |
| Kona Restaurant Group, Inc. | PA | RCT-101 | Inc/Franchise | X |
| Kona Restaurant Group, Inc. | TN | FAE 170 | Inc/Franchise | X |
| Kona Restaurant Group, Inc. | UT | TC-20 | Income | X |
| Kona Restaurant Group, Inc. & Subsidiary | CO | 112 | Income | X |
| SIK Texas License Corp. (a Kansas Corp.) | KS | K-120 | Income | X |
| SIK Texas License Corp. (a Kansas Corp.) | KS | K-150 | Franchise | |
| Carino's Italian Kitchen, Inc. | ID | Annual Report | Annual Report | |
| Carino's Italian Kitchen, Inc. | MO | MO Section A | Unclaimed Prop | |
| Kona Restaurant Group, Inc. | MI | Form 4567 | Business Tax | X |
| Carino's Italian Kitchen, Inc. | AR | Corp Franchise Tax Report | Franchise | |
| Kona Restaurant Group, Inc. | AR | Corp Franchise Tax Report | Franchise | |
| Carino's Family Fund | FED | 990-N | Income | |
| Carino's Italian Kitchen, Inc. | AR | AR1100CT | Income | X |
| Carino's Italian Kitchen, Inc. | LA | CIFT-620 | Inc/Franchise | X |
| Fired Up Foundation | FED | 990PF | Income | |
| Fired Up, Inc. & Subsidiaries | TX | 05-142/143 & 05-102 | Inc/Franchise | |
| Kona Restaurant Group, Inc. | AR | AR1100CT | Income | X |
| Kona Restaurant Group, Inc. | LA | CIFT-620 | Inc/Franchise | X |
| Kona Restaurant Group, Inc. | MT | CLT-4 | Income | X |
| Carino's Italian Kitchen, Inc. | MO | Annual Registration Report | Annual Report | |
| Kona Restaurant Group, Inc. | MO | Annual Registration Report | Annual Report | |



| Entity | Jurisdiction | Form | Form Type | ES Required |
|---|---|---|---|---|
| Kona Restaurant Group, Inc. | PA | Decennial Report | Decennial Report | |
| Kona Restaurant Group, Inc. | NM | CIT-1 | Inc/Franchise | X |
| Johnny Carino's Country Italian of Rogers, Inc. | AR | Annual Report for Nonprofit Corp | Annual Report | |
| Kona Restaurant Group, Inc. | MI | Effective 2012 | Income Tax | X |
| Carino's Italian Kitchen, Inc. | FED | 1099 - Recipient | Info | N/A |
| Fired Up, Inc. | FED | 1099 - Recipient | Info | N/A |
| Fired Up Foundation | FED | 1099 - Recipient | Info | N/A |
| Carino's Family Fund | FED | 1099 - Recipient | Info | N/A |
| Carino's Italian Kitchen, Inc. | FED | 1099 - IRS Copy | Info | N/A |
| Fired Up, Inc. | FED | 1099 - IRS Copy | Info | N/A |
| Fired Up Foundation | FED | 1099 - IRS Copy | Info | N/A |
| Carino's Family Fund | FED | 1099 - IRS Copy | Info | N/A |
| Carino's Italian Kitchen, Inc. | FED | 8027/8027-T | Tip Reporting | N/A |
| Fired Up, Inc. | FED | 1042 S - Recipient | Info | N/A |
| Fired Up, Inc. | FED | 1042-T | Info | N/A |
| Fired Up, Inc. | FED | 1042 | Withholding | N/A |



| Creditor Name |
| --- |
| AETNA |
| ANHEUSER-BUSCH SALES CO |
| ARKANSAS DEPARTMENT OF FINANACE |
| AT&T |
| AT&T |
| AT&T |
| ATMOS ENERGY |
| BEXAR COUNTY TAX A/C |
| BKD |
| BOULDER COUNTY TREASURER |
| BRAZORIA COUNTY MUD |
| CARROLL ELECTRIC CORP |
| CHARLES MERCER |
| CIG EAST |
| CINTAS CORPORATION |
| CINTAS FIRST AID AND SAFETY |
| CITY OF AUSTIN |
| CITY OF COLORADO SPRINGS |
| CITY OF LOVELAND |
| CITY OF LOVELAND SALES TAX ADMI |
| COCA COLA USA |
| COCA-COLA FOOD SERVICE |
| COLORADO DEPARTMENT OF LABOR & |
| COLORADO DEPARTMENT OF REVENUE |
| CREED FORD |
| CREED L. FORD III |
| CRESCENT CROWN DISTR |
| DEFENBAUGH |
| DENTON COUNTY TAX OFFICE |
| EMPIRE DISTRICT |
| ENTERGY |
| FORD RESTAURANT GROUP, INC. |
| FORD RESTRAURANT GROUP |
| FORT BEND COUNTY M.U.D. #115 |
| FORT BEND COUNTY M.U.D. #46 |
| FORT BEND MUD |
| FRG CAPITAL, LLC |
| GE CAPITAL FRANCHISE FINANCE CO |
| HALEY & OLSON P.C. |
| HARRIS COUNTY M.U.D. #132 |
| HARRIS COUNTY MUD |
| HARRIS COUNTY MUD #132 |
| HARRIS COUNTY PROPERTY TAXES |
| HC MUD 285-TAX |
| HEARTLAND |
| HILAND DAIRY |
| JACKSON WALKER, LLP |
| JEFFERSON COUNTY COLORADO |
| JOHNNY CARINO'S CNTRY ITALIAN O |
| KANSAS CITY BD OF PUBLIC UTILIT |
| KEITH SMITH |
| KONA RESTAURANT GROUP, INC. |
| LIQUID ENVIRONMENTAL SOLUTIONS |
| LUBBOCK POWER |
| MIDWEST DISTRIBUTORS COMPANY, I |
| MISSOURI DEPARTMENT OF LABOR & |

| |
|---|
| MISSOURI DEPARTMENT OF REVENUE |
| MISSOURI DEPARTMENT OF REVENUE |
| MISSOURI EAGLE, LLC. |
| MOONDANCE, INC. |
| NATIVE LAND INVESTMENTS |
| NW HARRIS CO MUD |
| NW HARRIS CO MUD #29 |
| NW HC MUD #29-ED GROSSO, TAX A/ |
| PARWAY VEGALENE |
| PEDERNALES ELECTRIC COOP |
| POLSINELLI PC |
| PROSPERITY BANK |
| RMC DISTRIBUTING |
| SAN ANTONIO WATER SYSTEM |
| SOUTHWESTERN ELECTRIC |
| SYSCO LINCOLN |
| TRAVELERS |
| VERIZON |