## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-10447-tmd |
| FIRED UP, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

## APPLICATION FOR APPROVAL OF EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF APRIL 9, 2014

**A hearing will be conducted on this matter on June 5, 2014 at 1:30 pm in Courtroom No. 1, 903 San Jacinto Blvd., Austin, TX 78701.**

**If you object to the relief requested, you must respond in writing, specifically, answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise the court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") appointed in the case of Fired Up, Inc., the above-captioned debtor (the "Debtor"), hereby files this *Application for Approval of Employment of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors Effective as of April 9, 2014* (the "Application"), and in support thereof states as follows:

## Jurisdiction and Venue

1.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.        The relief sought with this Application is based upon Sections 328, 330, and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014 of the Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

## Statement of Facts

3.        On March 27, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"), thereby commencing this chapter 11 case (the "Case"). The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4.        On April 7, 2014, the United States Trustee for Region 7 appointed the Committee to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Ben E. Keith Company, (ii) Independent Bank, (iii) Wilmington Center, LLC, (iv) Glazier Foods Company, (v) National Retail Properties, Inc., (vi) AEI Income & Growth Fund 24, LLC, and (vii) The

2

Coca-Cola Company. The *Appointment of The Official Committee of Unsecured Creditors* was filed on April 7, 2014. [Docket No. 53]

5.    On April 9, 2014, the Committee held a meeting and, among other things, voted to retain FTI Consulting, Inc. ("FTI" or the "Firm") as its financial advisor, subject to Court approval. FTI maintains an office at Three Times Square, 11th Floor, New York, NY 10036, and may be reached by telephone at (212) 247-1010, by facsimile at (212) 841-9350, and by email at steven.simms@fticonsulting.com. FTI is not aware of any professionals in the same profession who have been hired by the bankruptcy estate.

### Relief Requested

6.    By this Application, the Committee respectfully requests that the Court enter an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014, authorizing the Committee to employ and retain FTI as its financial advisor in this Case. The Committee seeks to retain the Firm as of April 9, 2014, because the Committee required effective representation prior to the time that a retention application could be submitted to the Court due to the exigencies of this Case, and the Firm has been providing services to the Committee since April 9, 2014.

### Qualifications of FTI

7.    FTI is a global business advisory firm that provides multidisciplinary solutions to complex challenges and opportunities. With the full power of unique depth of thought combined with the global expertise of leading professionals, we are committed to protecting and enhancing the enterprise value of our clients. FTI's international corporate finance and restructuring consulting practice maintains its corporate headquarters at 909 Commerce

Road, Annapolis, Maryland 21401. FTI also maintains offices and/or personnel in New York, New York, Dallas, Texas, Houston, Texas and dozens of other domestic and international locations. The Firm has a dedicated creditor rights team focused on maximizing recovery for unsecured creditors of distressed companies. FTI professionals have extensive experience representing creditors' committees in complex chapter 11 cases in this District and throughout the country, including Overseas Shipholding Group, Inc., Hawker Beechcraft, Inc., Friendly's Ice Cream Corp., Uno Restaurant Holdings Corp. and Perkins & Marie Callendar's Inc., among others. More information about FTI generally and its expertise as financial advisor to committees specifically is available on its website at www.fticonsulting.com. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

### Services to be Rendered

8.    The Committee has retained FTI for the primary purpose of attempting to maximize the amount of money that would be made available to be distributed to the Debtor's unsecured creditors. Subject to further order of this Court, FTI is expected to render, among other services, the following services to the Committee:

a) Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

b) Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

c) Assistance with the assessment and monitoring of the Debtor's short term cash flow, liquidity, and operating results;

d) Assistance with the review of any proposed key employee retention and other employee benefit programs;

4

e) Assistance with the review of the Debtor's analysis of core business assets and the potential disposition or liquidation of non-core assets;

f) Assistance with the review of the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

g) Assistance with the review of the Debtor's identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

h) Assistance in the review and monitoring of any material asset sales, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

i) Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

j) Assistance in the review of the claims reconciliation and estimation process;

k) Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

l) Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

m) Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

n) Assistance in the evaluation and analysis of debt recharacterization and avoidance actions, including fraudulent conveyances and preferential transfers;

o) Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

p) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

5

## No Adverse Interest and Disclosure of Connections

9.      To the best of the Committee's knowledge, neither FTI, nor any of its professionals represent or hold any interest adverse to that of the Committee, the Debtor, its creditors, the Debtor's estate, or any party-in-interest herein in the matters on which the Firm is to be retained.

10.     To the best of the Committee's knowledge, and based upon the Affidavit of Steven Simms (the "Simms Affidavit"), neither FTI nor any of its professionals have any connection with the United States Trustee or any of the Trial Attorneys in the Austin office of the United States Trustee, or any of the judges for the United States Bankruptcy Court for the Western District of Texas.

11.     To the best of the Committee's knowledge, and except as set forth in the Simms Affidavit and below, neither FTI nor any of its professionals have a prior or current connection with the Committee, the Debtor, its creditors or any party-in-interest herein in the matters on which the Firm is to be retained.

12.     As set forth in the Simms Affidavit, FTI regularly appears in cases, proceedings, and transactions involving many attorneys, accountants, financial advisors and investment bankers, some of which now or may in the future represent the Debtor, its creditors, the Committee, and other parties in interest in this Case. Further, FTI may have represented, may currently represent, and in the future may represent professionals and advisors to members of the Committee in matters unrelated to the Debtor and this Case. The Firm does not and will not represent any such entity in this Case. The Firm does not have a relationship with any such

6

entities, attorneys, accountants, financial advisors or investment bankers that would be adverse to the Committee or the Debtor's estate.

13.    As set forth in the Simms Affidavit, FTI has represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtor and this Case, whose members may be creditors and/or committee members in this Case. As set forth in the Simms Affidavit, the Firm is not representing any of those entities in this Case and will not represent any members of those committees in any claims that they may have collectively or individually against the Debtor.

14.    As set forth in the Simms Affidavit, similarly, FTI has represented, represents, and in the future will likely represent debtors, creditors' committees, trustees or other parties against creditors of the Debtor, including members of the Committee, in cases or proceedings that are unrelated to this Case.

15.    As stated in the Simms Affidavit, FTI and certain of its professionals represent, and in the future will likely represent certain of the creditors of the Debtor in connection with matters unrelated to the Debtor and this Case. Based upon the conflicts review performed, at this time, the Firm is not aware of any such representations other than these listed in Exhibit B of the Simms Affidavit. If the Firm identifies any such other representations, the Firm shall make disclosures as may be appropriate at that time. The Firm, however, is not representing and will not represent any of those entities in this Case.

16.    FTI is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm and its professionals:

a)    are not creditors, equity security holders or insiders of the Debtor;

7

b) are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor;

c) are not and were not, within three (3) years before the date of the filing of the petitions herein, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtor;

d) are not and were not, within two (2) years before the date of the filing of the petitions herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor and

e) do not hold nor represent an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

17.    Therefore, to the best of the Committee's knowledge, FTI and the Firm's professionals are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code. The Committee submits that its proposed employment of FTI is in the best interests of the Committee and the Debtor's estate.

## Professional Compensation

18.    FTI is not owed any amounts with respect to pre-petition fees and expenses.

19.    The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the United States Trustee.

8

20.     FTI seeks to be compensated on an hourly fee basis, plus reimbursement
of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include
any reasonable legal fees incurred by FTI related to FTI's retention and defense of fee
applications in these cases, subject to Court approval.

21.     The customary hourly rates, subject to periodic adjustments, charged by
FTI professionals anticipated to be assigned to this case are as follows:

|                                              | Per Hour (USD) |
| -------------------------------------------- | -------------- |
| Senior Managing Directors                    | $800-925       |
| Directors/Managing Directors                 | 580-765        |
| Consultants/Senior Consultants               | 300-550        |
| Administrative/Paraprofessionals/Associates  | 125-250        |

22.     The hourly rates set forth above are subject to periodic adjustments to
reflect economic and other conditions. Other professionals with the Firm may from time to time
serve the Committee as the demands of the Committee and this Case may require.

### Indemnification

23.     In addition to the foregoing, and as a material part of the consideration for
the agreement of FTI to furnish services to the Committee pursuant to the terms of this
Application, FTI requests that the following indemnification provisions be approved:

a) subject to the provisions of subparagraphs (b) and (c) below, the Debtor is

authorized to indemnify, and shall indemnify, FTI for any claims arising from,

related to, or in connection with FTI's engagement under this Application, but not

for any claim arising from, related to, or in connection with FTI's post-petition

performance of any other services other than those in connection with the

engagement, unless such post-petition services and indemnification therefore are

9

approved by this Court; and

b) the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI.

d) The Committee believes that the Indemnification Provision is customary and reasonable for financial advisors, both out-of-court and in chapter 11 proceedings.

10

*See In re Joan & David Halpern, Inc.*, 246 B.R. 42 (Bankr. S.D.N.Y. 2000).

## No Prior Request

24.    No prior Application for the relief requested herein has been made to this or any other Court.

## Notice

25.    This Application has been served pursuant to Local Rule 9013(d).

WHEREFORE, the Committee respectfully requests entry of an Order authorizing the Committee to employ and retain FTI as financial advisor, as of April 9, 2014, and granting such other and further relief as is just and proper.

Dated: April 30, 2014

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF FIRED UP, INC.**

Ben E. Keith Company
By: Richard Grasso

Solely in his capacity as Chair of the Official
Committee of Unsecured Creditors of Fired Up, Inc.,
and not in any other capacity

11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FIRED UP, INC. | ) ) ) | Case No. 14-10447 |
| Debtor. | ) ) ) |  |

AFFIDAVIT OF STEVEN SIMMS IN SUPPORT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' APPLICATION FOR APPROVAL
OF EMPLOYMENT OF FTI CONSULTING, INC. AS
FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EFFECTIVE AS OF APRIL 9, 2014

STATE OF NEW YORK §
§
COUNTY OF NEW YORK §

BEFORE ME, the undersigned notary public, on this day personally appeared Steven

Simms, who upon being duly sworn, upon his oath deposed and states as follows:

1.      I am a Senior Managing Director with FTI Consulting, Inc., together with its

wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), an

international consulting firm. I submit this Affidavit on behalf of FTI (the "Affidavit") in

support of the application (the "Application") of the Official Committee of Unsecured Creditors

(the "Committee") Fired Up, Inc., the debtor and debtor-in-possession in the above-captioned

chapter 11 cases (collectively, the "Debtor"), for an order authorizing the employment and

retention of FTI as financial advisor under the terms and conditions set forth in the Application.

Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. Subject to further order of this Court, FTI is expected and is willing and able to render, among other services, the following services to the Committee:

a) Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

b) Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

c) Assistance with the assessment and monitoring of the Debtor's short term cash flow, liquidity, and operating results;

d) Assistance with the review of any proposed key employee retention and other employee benefit programs;

e) Assistance with the review of the Debtor's analysis of core business assets and the potential disposition or liquidation of non-core assets;

f) Assistance with the review of the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

g) Assistance with the review of the Debtor's identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

h) Assistance in the review and monitoring of any material asset sales, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

i) Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

j) Assistance in the review of the claims reconciliation and estimation process;

k) Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

l) Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

13

m) Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

n) Assistance in the evaluation and analysis of debt recharacterization and avoidance actions, including fraudulent conveyances and preferential transfers;

o) Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

p) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

3.      In connection with the preparation of this Affidavit, FTI conducted a review of its contacts with the Debtor, its affiliates and certain entities holding large claims against or interests in the Debtor that were made reasonably known to FTI. A listing of the parties reviewed is reflected on Exhibit A to this Affidavit. FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI. A listing of such relationships that FTI identified during this process is set forth on Exhibit B to this Affidavit.

4.      Based on the results of its review, FTI does not have a relationship with any of the parties on Exhibit A in matters related to these proceedings. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtor's cases for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and

14

economic consulting services.   To the best of my knowledge, FTI does not hold or represent any interest adverse to the estate, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

5.       Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings

6.       In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtor and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the estate, and none are in connection with these cases.

7.       FTI is not believed to be a "Creditor" with respect to fees and expenses of the Debtor within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the FTI engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtor's stock.

15

As such, to the best of my knowledge, FTI does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

8. It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

9. FTI is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm and its professionals:

        a) are not creditors, equity security holders or insiders of the Debtor;

        b) are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor;

        c) are not and were not, within three (3) years before the date of the filing of the petitions herein, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtor;

        d) are not and were not, within two (2) years before the date of the filing of the petitions herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor and

        e) do not hold nor represent an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

10. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to FTI on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by FTI. The professionals and paralegals presently designated to represent the Committee and their current standard hourly rates are:

16

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $800-925 |
| Directors/Managing Directors | 580-765 |
| Consultants/Senior Consultants | 300-550 |
| Administrative/Paraprofessionals/Associates | 125-250 |

11.    Subject to Court approval and in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines and Local Rules,

FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and

necessary expenses incurred by FTI, including legal fees related to this retention application and

future fee applications as approved by the court.

12.    FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy

matters of this type by the professionals assigned to this engagement are outlined in the

Application for the employment of FTI. These hourly rates are adjusted periodically.

13.    According to FTI's books and records, during the ninety day period prior to the

Debtor's petition date, FTI performed no professional services or incurred any reimbursable

expenses on behalf of the Debtor.

14.    To the best of my knowledge, a) no commitments have been made or received by

FTI with respect to compensation or payment in connection with these cases other than in

accordance with the provisions of the Bankruptcy Code and b) FTI has no agreement with any

other entity to share with such entity any compensation received by FTI in connection with these

chapter 11 cases. Subject to Court approval, the Committee may seek to retain various

professionals during the pendency of this Case.  FTI intends to work closely with all

17

professionals during the pendency of this Case. FTI intends to work closely with all professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

15. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines and Local Rules, FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the Court.

16. FTI is willing to serve as financial advisor to the Official Committee of Unsecured Creditors on the basis set forth above.

FURTHER AFFIANT SAYETH NAUGHT.

_____

Steven Simms

SUBSCRIBED AND SWORN TO before me on this 25 day of April, 2014.

Haydee Tobey
Notary Public, State of New York
No. 01TO6259856
Certificate Filed In New York
Commission Expires April 16, 20 16

_____

Notary Public in and for the State of New York
Printed Name:

18

# EXHIBIT A

## Listing of parties-in-interest reviewed for current and recent former relationships

**Debtors**
Fired Up, Inc.
Brunello's Steak & Pasta
Carino's Italian
Carino's Italian Grill
Carino's Italian Kitchen
Carino's Italian Kitchen, Inc.
Johnny Carino's
Johnny Carino's Country Italian
Johnny Carino's Country Italian Kitchen
Johnny Carino's Italian
Johnny Carino's Italian Kitchen
Kona Ranch Hawaiian Grill
Kona Ranch Steak House
Kona Ranch Steaks & Seafood
Kona Restaurant Group, Inc.
Spageddie's Italian Kitchen

**Debtors' Attorneys**
Barron & Newberger

**Equity Interest Holders**
Al-Ghunaim Trading Co., Ltd
Dan Edelman
Robert P. Flack Revocable Trust
William R. Floyd
Creed L. Ford, III
Creed Ford, Jr.
Creed L. Ford Jr and Jane Ford
Harper Ford Rehme
Lynn S. Ford
Lynn S. Ford and Creed L. Ford III Investments Ltd
Randal Ford Family Partnership, Ltd
Randy E. Ford
Terry E. Ford
Johnnie King
King Family Trust
Larry Lavine
J. Carol Parsons
Chris Peitersen
Timothy Pool
Daniel Romo
Margaret Smith
David Wallace
David R. Wallace
David Walton
Jeff Warden
Robert White

Vici J. Wilkerson

**Debtors' Directors and Senior Officers**
Creed L. Ford III
Lynn S. Ford
Abduighani Al-Ghunaim

**Secured Creditors**
FRG Capital, LLC
GE Capital Corp.
GE Capital Franchise Finance Corp.
Independent Bank of Waco
Prosperity Bank
Xerox

**Top Twenty/Significant Trade Creditors**
AEI Fund Management
AEI Accredited Investor Fund 2002
AEI Income & Growth Fund 25
ARC Café
Ben E. Keith Company
Cassidy Turley Midwest
Food Services of America
GE Capital Franchise Finance Corporation
Gentilis
Glazier Foods Company
Independent Bank of Waco
Internal Revenue Services
Magdalena Properties
National Retail Properties
Pleasant Ridge Development Company
RC Nelms Jr Hillcrest Trust
Shamrock Foods
Texas Comptroller of Public Accounts
Texas Workforce Comission
Wilmington Center

**Official Creditors' Committee Members**
Ben E. Keith Company
Wilmington Center
National Retail Properties
Independent Bank
Glazier Foods Company
AEI Income & Growth Fund 24, LLC
The Coca-Cola Company

**Official Creditors' Committee Attorney**
Pachulski Stang Ziehl & Jones LLP

**Bankruptcy Judges in Western District of Texas**
Ronald B. King
Craig A. Gargotta
H. Christopher Mott
Tony M. Davis

**U.S. Trustee Employees of the Western District of Texas**

Judy A. Robbins
Henry Hobbs
Deborah A. Bynum
Dianna Chavez
Brian Henault
Catherine L. Sughrue
Valerie Wenger

DOCS_LA:277113.2 68700/001

## EXHIBIT B

### Listing of parties-in-interest noted for court disclosure

**Relationships in matters related to these proceedings**

**None**

**Relationships in unrelated matters**

**Secured Creditors**
GE Capital Corp.
GE Capital Franchise Finance Corp.
Xerox

**Top Twenty/Significant Trade Creditors**
GE Capital Franchise Finance Corporation
Internal Revenue Services

**Official Creditors' Committee Members**
The Coca-Cola Company
Pachulski Stang Ziehl & Jones LLP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Application for Approval of Employment of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors as of April 9, 2014* was sent by ECF notification and/or first class mail, postage prepaid, to the following on the 30th day of April, 2014.

Fired Up, Inc.
1514 Ranch Road 620 South
Austin, Texas 78734

Barbara Barron
Lynn Saarinen
Stephen Sather
Barron and Newburger, P.C.
1212 Guadalupe, Ste. 104
Austin, Texas 78701

Richard Grasso, Chair
Ben E. Keith Company
P.O. Box 2628
Fort Worth, Texas 76113

United States Trustee
903 San Jacinto Blvd., Ste. 203
Austin, Texas 78701

and to the creditors and parties in interest listed on the attached Master Service List.

/s/ G. James Landon
G. James Landon

17