UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: FIRED UP, INC | § | CASE NO. 14-10447 |
| Debtor | § | Chapter 11 |

UNITED STATE TRUSTEE'S MOTION PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2016(a) AND LOCAL BANKRUPTCY RULE 1020.1 FOR AUTHORIZATION TO ESTABLISH PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS, OR, IN THE ALTERNATIVE THE INTERIM PROCEDURES REQUESTED IN DEBTOR'S APPLICATIONS AND REQUEST FOR HEARING

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, JUDY A. ROBBINS, THE UNITED STATES TRUSTEE for Region 7 ("UST") through the undersigned counsel and files this Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 1020.1 for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals and Request for Hearing and respectfully represents as follows:

Background

1. On March 27, 2014 (the "Petition Date"), Debtor filed a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor is authorized to continue operating its businesses and managing its properties as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On April 7, 2014, the United States Trustee appointed an official committee of unsecured creditors (as amended, the "Committee").

## Jurisdiction and Venue

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.     The UST seeks, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1020.1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Western District of Texas (the "Local Rules") to establish an orderly and regular process for allowance and payment of interim compensation and reimbursement of expenses for attorneys and other professionals (collectively, the "Professionals") whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code. In addition, the UST seeks approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee.

5.     No other party has filed a request for interim fee procedures and multiple Professionals are seeking employment in this case. A uniform policy on compensation should be requested.

## Retention of Professionals

6.     Debtor has filed three applications to hire three Professionals as of the date of filing this Motion. On information and belief, the Committee will seek to employ at least two Professionals.

7.     The interim compensation procedure proposed by the applications filed by Debtor causes concern with regard to review of multiple fee applications when there is not a consistent

2

procedure required of all Professionals. In addition, the compensation and reimbursement procedure proposed by Debtor alter those proposed by applicable rules and procedures adopted by this Court.

## Proposed Procedures

8. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits. 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a). Thus, the Court has ample authority to enter an order authorizing the interim monthly compensation and reimbursement of expenses procedures requested herein.

9. The UST proposes that the Court establish procedures for compensation and reimbursement of expenses of professionals pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 1020.1 (along with Appendix L-1020.1 Procedures for Complex Chapter 11 Cases (the "Appendix")) . The Appendix at Exhibit H, paragraph 1.H., provides, in relevant part, as follows:

> **Interim Compensation Arrangements in Complex Cases**. In a complex case, the Court may, upon request, consider at the outset of the case approval of an interim compensation mechanism for estate professionals that would enable professionals on a monthly basis to be paid up to 80% of their compensation for services rendered and reimbursed up to 100% of their actual and necessary out of pocket expenses. In connection with such a procedure, if approved in a particular complex case, professionals shall be required to circulate monthly billing statements to the US Trustee and other Primary Parties in interest and the Debtor in Possession or Trustee will be authorized to pay the applicable Percentage of such bill not disputed or contested by a Party in interest.

3

10.     The UST proposes that the payment of compensation and reimbursement of expenses of Professionals be structured as follows (collectively, the "Interim Compensation Procedures"):

(a)     Between the fifteenth (15th) and the thirtieth (30th) day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery, on certain parties (the "Notice Parties"). If a Professional not seeking compensation for any given month, on or before the thirtieth (30th) day of each month following such month, that Professional will give the U.S. Trustee notice by email to deborah.a.bynum@usdoj.gove that the Professional is not seeing compensation for said month.

(b)     The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to chambers because (i) this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and (ii) professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(c)     Each Monthly Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, the individuals' respective billing rates, in the case of attorneys, their respective years of graduation from law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable (unless otherwise authorized by the Court). Each Monthly Statement shall contain a summary of prior requested amounts and details of any payments received.

(d)     Each Notice Party shall have fifteen (15) calendar days after receiving the Monthly Statement to review the statement (the "Review Period") and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, no later than the forty-fifth (45th) day following the month for which compensation is sought, serve upon the Professional to whose Monthly Statement the Notice Party objects (with a copy to the other Notice Parties) a written "Notice of Objection to Fee Statement," setting forth the specific nature of the Notice Party's objection and the amount of fees or expenses at issue (with reference to particular time entries or portions thereof or particular expenses, as the case may be).

(e)     After the later of (i) forty-five (45) days following the month for which compensation is sought and (11) fifteen (15) days after service of the Monthly Statements on the Notice Parties, Debtor shall promptly pay eighty percent (80%)

4

of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above, provided that Debtor is current on all other post-petition obligations according to the applicable terms of those obligations.

(f) If Debtor objects or receives an objection to a particular Monthly Statement from a Notice Party, Debtor shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g) If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then Debtor shall promptly pay in accordance with paragraph (e) that portion of the Monthly Statement that is no longer subject to an objection.

(h) All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (k) below.

(i) The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j) Commencing with the period ending July 31, 2014, and at four-month intervals thereafter, each of the professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements filed during the preceding four-month period, or with respect to the period ending July 31, 2014, the preceding period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before September 15, 2014, and the first Interim Fee Application shall cover the Interim Period from the Petition Date through and including July 31, 2014.

(k) Debtor's attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals at least once every six (6) months or at

such other intervals as the Court deems appropriate. At least thirty (30) days prior to such hearing, Debtor's attorneys shall file a notice with the Court, with service upon the Notice Parties, setting forth the time, date and location of the fee hearing, the Interim Fee Period covered by the applications and the objection deadline. If the Fee Application is filed on negative notice and no objection is timely filed, nothing herein shall limit the Court's ability to approve such Application without hearing. Any retained professional unable to file its own fee application with the Court shall deliver to Debtor's attorneys a fully executed copy of the fee application with original signatures, along with service copies, three (3) business days before the filing deadline. Debtor's attorneys shall file and serve such application.

(l)     Any professional who fails to file an interim fee application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement when due shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the professional files its application.

(m)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(o)     Counsel for the Committee may, in accordance with these Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Committee he or she represents including from employers of such Committee members if incurred on behalf of the Committee members.

11.     The UST proposes that each professional whose retention has been previously approved by the Court may seek, in its first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on April 30, 2014. All professionals not previously retained shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full

month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

12. The proposed Interim Compensation Procedures will enable Debtor, the Court, and interested parties to closely monitor the costs of administration, maintain a level cash flow, and implement efficient cash management procedures. Moreover, these procedures will also allow the Court and the key parties in interest to insure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

13. The proposed procedures are similar to those approved in cases in this and other districts. *See, e.g., In re Crescent Resources, LLC, et al.,* Case No. 09-11507 (CAG) (Bankr. W.D. TX June 10, 2009) [Doc. No. 229], *In re TXCO Resources, Inc.*, Case No. 09-51807 (RBK) (Bankr. W.D. Tex. May 20, 2009) [Doc. No. 47]; *In re Spectrum Jungle Labs Corp.*, Case No. 09-50455 (RBK) (Bankr. W.D. Tex. Mar. 19, 2009) [Doc. No. 307]; *In re Renaissance Hospital – Grand Prairie, Inc., d/b/a Renaissance Hospital – Grand Prairie, et al.,* Case No. 08-43775 (DML) (Bankr. N.D. Tex. Oct. 27, 2008) [Doc. No. 390]; *In re Home Interiors & Gifts, Inc.*, Case No. 08-31961 (BJH) (Bankr. N.D. Tex. June 25, 2008) [Doc. No. 344]; *In re Mirant Corporation, et al.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex. Aug. 1, 2003) [Doc. No. 333]; *In re Fortunoff Fine Jewelry and Silverware, LLC*, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008) [Doc. No. 309]; *PRC, LLC*, Case No. 08- 08-10239 (MG) (Bankr. S.D.N.Y. Mar. 13, 2008) [Doc. No. 245]; *In Sharper Image Corporation*, Case No. 08-10322 (KG) (Bankr. D. Del. Mar. 20, 2008) [Doc. No. 292]; *In re Landsource Communities Development LLC, et al.*, Case No. 08-11111 (KJC) (Bankr. D. Del. Jul. 10, 2008) [Doc. No. 206], *Advanced Living Technologies, Inc.*, Case No. 13-10313 (Bankr. W.D. Tex. April 16, 2013) [Doc. No. 169].

14. The UST requests that Debtor include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each Professional.

15. The payments to the Professionals as set forth herein appears to be consistent with the use of cash collateral in the Second Interim Order on Emergency Motion Pursuant to 11 U.S.C. § 363 [DE 83] although the Legal and Professional Expense set forth on page 6 of that order provides only $100,000 per month. In the event the requested fees exceed the budgeted amount, the UST requests that any fees paid be capped at the pro rata share of the budgeted amount.

IN THE ALTERNATIVE

16. Debtor filed three applications to employ and, in each, requested that the interim procedure be to file interim fee applications every 60 days, rather than the 120 days set forth in the Code. Other applications to employ have been filed in this case which do not adopt that same procedure.

17. Whether the Court adopts the procedures previously set forth herein or permits interim applications every 60 days, ALL estate professionals should be required to follow the same procedure so that the UST, reviewing parties, and the Court has an opportunity to check for duplications in services and expenses and the overall progress of the case at the same time.

WHEREFORE, the UST respectfully requests that the Court grant the relief requested herein and

such other and further relief as it deems just and proper.

                Respectfully submitted,

                JUDY A. ROBBINS
                UNITED STATES TRUSTEE
                REGION 7

                By:   */s/ Deborah A. Bynum*
                      Deborah A. Bynum
                      Trial Attorney
                      SBT# 03556250
                      903 San Jacinto Blvd., Room 230
                      Austin, Texas 78701
                      (512) 916-5328 / 916-5331 Fax
                      Deborah.A.Bynum@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of the foregoing to the parties listed on the last filed Master Service List, attached hereto, by first class mail and by electronic means for all Pacer system participants on the 7th day of May, 2014.

                      */s/ Deborah A. Bynum*
                      Deborah A. Bynum

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FIRED UP, INC. | § | CASE NO. 14-10447-tmd |
| | § | (Chapter 11) |
| DEBTOR[1] | § | |

## DEBTOR'S FIFTH MASTER LIMITED SERVICE LIST
## PURSUANT TO FED. R. BANKR. P. 2002

**PLEASE TAKE NOTICE** that the Debtor, through its undersigned counsel, hereby files its *Fifth Master Limited Service List dated April 24, 2014* which is attached hereto.

Dated: April 24, 2014

                                                        Respectfully Submitted,

                                                        **BARRON & NEWBURGER, P.C.**
                                                        1212 Guadalupe, Suite 104
                                                        Austin, Texas 78701
                                                        (512) 476-9103 Ext. 217
                                                        (512) 476-9253 Facsimile

By:    /s/*Barbara M. Barron*
            Barbara M. Barron
            State Bar No. 01817300
            Stephen W. Sather
            State Bar No. 17657520

                                         **PROPOSED ATTORNEYS FOR DEBTOR**

---

[1] Until February 26, 2014, Debtor's business was being operated partially by the Debtor, partially by Kona Restaurant Group, Inc. ("KRG"), a Delaware corporation wholly owned by the Debtor, and partially by Carino's Italian Kitchen, Inc. ("CIK"), a Delaware corporation wholly owned by KRG. CIK was merged into KRG in Delaware and KRG was merged into the Debtor, a Texas corporation, in Texas.

| | | |
|---|---|---|
| **United States Trustee:**<br>Henry G. Hobbs<br>Deborah A. Bynum<br>Office of the U.S. Trustee<br>903 San Jacinto Blvd., Room 230<br>Austin, TX 78701<br>henry.g.hobbs@usdoj.gov<br>deborah.a.bynum@usdoj.gov | **20 Largest Unsecured Creditors:**<br>AEI Accredited Investor Fund 2002<br>Attn: Brian Schulz<br>1300 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>bschulz@aeifunds.com | Internal Revenue Service<br>Special Procedures Staff- Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| **Debtor:**<br>Creed Ford, III<br>President/CEO<br>Ford Restaurant Group<br>1514 RR 620 South<br>Austin, TX 78734<br>cford@carinos.com | AEI Fund Management, Inc.<br>Attn: Brian Schulz<br>1300 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>bschulz@aeifunds.com | Magdalena Properties, LLC<br>c/o R. Spencer Shytles<br>Graham Bright & Smith, P.C.<br>5420 LBJ Freeway, Suite 300<br>Dallas, TX 75240<br>rss@gbstxlaw.com |
| Margaret B. Smith, CPA<br>Director of Finance<br>Ford Restaurant Group<br>1514 RR 620 South<br>Austin, TX 78734<br>msmith@fordrestgrp.com | ARC CAFÉ, LLC<br>American Realty Capital<br>Attn: Cindy Dip<br>200 Dryden Road, Suite 1100<br>Dresher, PA 19025<br>cdip@arlcap.com | Pleasant Ridge Development Co.<br>Attn: Lou Schickel<br>11601 Pleasant Ridge Rd., Suite 300<br>Little Rock, AR 72212<br>lou@schickels.com<br>invoices@schickels.com |
| **Proposed Attorneys for Debtor:**<br>Barbara M. Barron<br>Stephen W. Sather<br>Barron & Newburger, P.C.<br>1212 Guadalupe Street, Suite 104<br>Austin, TX 78701<br>bbarron@bn-lawyers.com<br>ssather@bn-lawyers.com | Cassidy Turley Midwest, Inc.<br>Attn: Brian Schulz<br>1300 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>bschulz@aeifunds.com | Mary Raney & Dick P. Wood, Jr., as<br>Trustees of RC Nelms Jr. Hillcrest Trst<br>c/o James H. Billingsley<br>Polsinelli, PC<br>2501 N. Harwood St., Suite 75201<br>Dallas, TX 75201<br>jbillingsley@polsinelli.com |
| John Vernon<br>The Vernon Law Group, PLLC<br>4925 Greenville Avenue, Suite 200<br>Dallas, TX 75206<br>jvernon@vernonlawgroup.com | Food Services of America<br>Attn: Lee Clark<br>P.O. Box 839<br>Meridian, ID 83680<br>lee_clark@fsafood.com<br>boise_ar@fsafood.com | Shamrock Foods-Consolidated<br>Attn: Jessica Harlow<br>Department 219<br>Denver, CO 80291-0219<br>jessica_harlow@shamrockfoods.com |
| Kareem Hajjar<br>Hajjar Sutherland Peters, LLP<br>3144 Bee Caves Road<br>Austin, TX 78746<br>khajjar@legalstrategy.com | GE Capital Franchise Finance Corp.<br>c/o Jeffrey T. Wegner<br>Kutak Rock, LLP<br>1650 Farnam Street<br>Omaha, NE 68102-2186<br>jeffrey.wegner@kutakrock.com | Texas Comptroller of Public Accts.<br>c/o Jason A. Starks<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>jason.starks@texasattorneygeneral.gov |
| | Gentilis, Inc.<br>Attn: Moja Lindsey<br>3400 Reeves Canyon Road<br>Redwood Valley, CA 95470<br>moja2@thelindseycompanies.com | Texas Workforce Commission<br>Attn: Regulatory Integrity Div-SAU<br>101 E. 15th Street, Room 556<br>Austin, TX 78778-0001<br>rid.taxbankruptcy@twc.state.tx.us |

*Fifth Master Limited Service List dated April 24, 2014*      Page **1** of **3**

**Secured Creditors:**

FRG Capital, LLC
c/o Blake Rasner
Haley & Olson, P.C.
510 N. Valley Mills Drive, Suite 600
Waco, TX 76710
brasner@haleyolson.com

Prosperity Bank
c/o Lisa C. Fancher
Fritz, Byrne, Head & Harrison, PLLC
98 San Jacinto Blvd., Suite 2000
Austin, TX 78701-4286
lfancher@fbhh.com

**Unsecured Creditors Committee:**

AEI Income & Growth Fund 24, LLC
Robert P. Johnson
30 Seventh Street East, Suite 1300
St. Paul, MN 55101
bschulz@aeifunds.com

Ben E. Keith Company (interim chair)
Richard Grasso
P. O. Box 2628
Ft. Worth, TX 76112
rngrasso@benekeith.com

Glazier Foods Company
Art Innis
11303 Antoine Dr.
Houston, TX 77066
artinnis@glazierfoods.com

Independent Bank
Charley Rigney
8004 Woodway Dr., Suite 200
Waco, TX 76712
crigney@ibtx.com

National Retail Properties, Inc.
David G. Byrnes, Jr.
450 S. Orange Avenue, Suite 900
Orlando, FL 32801
david.byrnes@nnnreit.com

The Coca-Cola Company
William Kay, Sr. Bankruptcy Advisor
P.O. Box 1734
NAT 2008 Mail Stop
Atlanta, GA 30313
billkaye@jllconsultants.com

Wilmington Center, LLC
Attn: Fay Farzani
9471 Lomitas Avenue
Beverly Hills, CA 90210
fafar101@aol.com

**Proposed Counsel for Creditors' Committee:**

Bradford J. Sandler
Pachulski, Stang, Ziehl & Jones, LLP
919 North Market St., 17th Floor
Wilmington, DE 19801
bsandler@pszjlaw.com

**Miscellaneous:**

Brownsville Public Utilities Board
c/o Gilbert L. Hamberg, Esq.
1038 Darby Drive
Yardley, PA 19067
ghamberg_3@msn.com

CASS
Attn: Frank Garcia
2675 Corporate Exchange Drive
Columbus, OH 43231
fgarcia@cassinfo.com

Fintech
Attn: Mandi Aiton
7702 Woodland Center Blvd., #50
Tampa, FL 33614
maiton@fintech.com

Summit Energy
Attn: Tim Ward
103 Historic Town Square
Lancaster, TX 75146
tim.ward@ems.schneider-electric.com

Wells Fargo Bank, N.A.
c/o James G. Ruiz
Winstead, P.C.
401 Congress Avenue, Suite 2100
Austin, TX 78701
jruiz@winstead.com

**Additional Notice:**

Bruce M. Wilpon
Special Assistant U.S. Attorney
Internal Revenue Service
300 E. 8th Street, Suite 601
Austin, TX 78701
bruce.m.wilpon@irscounsel.treas.gov

Jason P. Wylie
The Law Office of Jason Wylie
8553 N. Beach St., PMB 316
Fort Worth, TX 76244-4919
jason@jasonwylielaw.com

John M. Koneck
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com

Mackenzie S. Wallace
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
mackenzie.wallace@tklaw.com

Timothy E. Hudson
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
tim.hudson@tklaw.com

William M. Kane
Traylor, Tompkins & Black, P.C.
751 Horizon Court, Suite 200
Grand Junction, CO 81506-8754
wmk@grandjunctionlaw.com

| | | |
|---|---|---|
| **Notices of Appearance:**<br>Arlington ISD, Mansfield ISD<br>c/o Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, et al<br>P.O. Box 13430<br>Arlington, TX 76094-0430<br>ebcalvo@pbfcm.com | Texas Ad Valorem Taxing Entities<br>c/o Elizabeth Weller<br>Linebarger Goggan Blair & Sampson<br>2777 N. Stemmons Frwy, Suite 1000<br>Dallas, TX 75207<br>dallas.bankruptcy@publicans.com | GS II Meridian Crossroads, LLC<br>c/o Renee B. Weiss, Esq.<br>DDR Corp<br>P.O. Box 228042<br>Beachwood, OH 44122<br>rweiss@ddr.com |
| Atascocita 1692, LLC<br>c/o Michelle E. Shriro, Esq.<br>Singer & Levick, P.C.<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>mshriro@singerlevick.com | RioCan America Management, Inc.<br>c/o R. Spencer Shytles<br>Graham Bright & Smith, P.C.<br>5420 LBJ Freeway, Suite 300<br>Dallas, TX 75240<br>rss@gbstxlaw.com | ARC CAFÉ, LLC<br>c/o R. Brandon Bundren<br>Duane Morris, LLP<br>1330 Post Oak Blvd., Suite 800<br>Houston, TX 77056-3166<br>rbbundren@duanemorris.com |
| Bexar County<br>c/o David G. Aelvoet<br>Linebarger Goggan Blair & Sampson<br>711 Navarro Street, Suite 300<br>San Antonio, TX 78205<br>sanantonio.bankruptcy@publicans.com | Tyler Independent School District<br>c/o Tab Beall<br>Perdue, Brandon, Fielder, et al<br>P.O. Box 2007<br>Tyler, TX 75710-2007<br>tbeall@pbfcm.com<br>tylbkc@pbfcm.com | ARC CAFE, LLC<br>c/o William C. Heuer<br>and Patricia H. Heer<br>Duane Morris, LLP<br>1540 Broadway<br>New York, NY 10036<br>wheuer@duanemorris.com<br>phheer@duanemorris.com |
| Inland American Retail Mgmt., LLC<br>c/o Kevin M. Newman, Esq.<br>Menter, Rudin & Trivelpiece, P.C.<br>308 Maltbie Street, Suite 200<br>Syracuse, NY 13204-1498<br>knewman@menterlaw.com | Texas Ad Valorem Taxing Entities<br>c/o Owen M. Sonik<br>Perdue, Brandon, Fielder, et al<br>1235 North Loop West, Suite 600<br>Houston, TX 77008<br>houbank@pbfcm.com | Missouri Department of Revenue<br>Bankruptcy Unit<br>Attn: S. Christopher Conway<br>P.O. Box 475<br>Jefferson City, MO 65105-0475<br>txwdecf@dor.mo.gov |
| National Retail Properties, LP<br>c/o David M. Bennett<br>and Cassandra Ann Sepanik<br>Thompson & Knight, LLP<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201<br>david.bennett@tklaw.com<br>cassandra.sepanik@tklaw.com | Hidalgo County & McAllen ISD<br>c/o John T. Banks<br>Perdue, Brandon, Fielder, et al<br>3301 Northland Drive, Suite 505<br>Austin, TX 78731<br>jbanks@pbfcm.com | RB River IV, LLC, et al<br>c/o Jeffrey Ackermann<br>Durio, McGoffin, Stagg & Ackermann<br>P.O. Box 51308<br>Lafayette, LA 70505-1308<br>jeffackermann@dmsfirm.com |
| Texas Ad Valorem Taxing Entities<br>c/o Lee Gordon<br>McCreary, Veselka, Bragg & Allen<br>P.O. Box 1269<br>Round Rock, TX 78680<br>lgordon@mvbalaw.com | Lubbock Central Appraisal District<br>c/o Laura J. Monroe<br>Perdue, Brandon, Fielder, et al<br>P.O. Box 817<br>Lubbock, TX 79408<br>lmonroe@pbfcm.com | City of Fort Worth<br>c/o Christopher B. Mosley<br>Senior Assistant City Attorney<br>1000 Throckmorton Street<br>Fort Worth, TX 76102<br>chris.mosley@fortworthtexas.gov |
| Texas Ad Valorem Taxing Entities<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 17428<br>Austin, TX 78760-7428<br>austin.bankruptcy@publicans.com | Texas Ad Valorem Taxing Entities<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 3064<br>Houston, TX 77253-3064<br>houston_bankruptcy@publicans.com | |

*Fifth Master Limited Service List dated April 24, 2014*     Page **3** of **3**