

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 09, 2014.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FIRED UP, INC. | § § | CASE NO. 14-10447-tmd |
| | | (Chapter 11) |
| DEBTOR | § | |

**ORDER AUTHORIZING AND APPROVING THE RETENTION OF FTI
CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE
AS OF APRIL 9, 2014**

The Court having duly considered on June 5, 2014, the Application for Approval of Employment of FTI Consulting, Inc. as Financial Advisor (the "Application"), filed by the Official Committee of Unsecured Creditors (the "Committee") seeking approval of their employment of the firm of FTI Consulting, Inc. ("FTI") to represent it as Financial Advisor for the Committee; and upon consideration of the Affidavit of Steven Simms, a partner of FTI, annexed to the Application and the agreements contained in this order; and the Court finding that the Application has been properly served to the parties listed therein; that the Application complies with the requirements of the applicable rules and that the Application and Affidavit together are the entire agreement between the parties and the Court being satisfied that FTI is

"disinterested" as that term is defined in 11 U.S.C. § 101(14) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, represent no interest adverse to the Debtor or its estate in the matters upon which it is be employed and that FTI has no adverse interests within the meaning of 11 U.S.C. § 327(a); it is hereby:

ORDERED that the Application is GRANTED as set forth herein. It is further ORDERED that pursuant to 11 U.S.C. §1103(a), the Committee is authorized to employ FTI as its Financial Advisor, effective as of April 9, 2014, in accordance with and on the terms described in the Application as may be modified by this order, and such employment is hereby approved effective as of April 9, 2014. It is further

ORDERED that payment to FTI shall be subject to the filing and approval of appropriate interim and final applications for allowance of compensation and payment of expenses in accordance with 11 U.S.C. § 1103(a) on an hourly basis and any award of fees and expenses is specifically subject to review under 11 U.S.C.§330 and applicable law, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Western District of Texas, U.S. Trustee Guidelines and the compensation procedures approved by separate order of this Court. The Court shall retain full authority to consider the reasonableness of the hourly rates, fees, and expenses requested by FTI and that any issues as to the reasonableness of such rates, expenses, and fees shall be reserved for the fee application process pursuant to 11 U.S.C.§330 and applicable law. It is further

ORDERED that FTI shall file a disclosure of all filed bankruptcy cases in which FTI was retained by a client represented by Pachulski, Stang, Jones & Ziehl, LLP during the three years prior to the petition date. It is further

ORDERED that if any supplemental declarations or affidavits regarding FTI's employment are filed and served after entry of this Order, absent any objections filed within twenty-one (21) days after the filing and service of such supplemental declarations or affidavits, FTI's employment shall continue as authorized pursuant to this Order. It is further

ORDERED that the Court shall retain full authority to consider the reasonableness of the hourly rates and fees requested by FTI and that any issues as to the reasonableness of such rates and fees shall be reserved for the fee application process. It is further

ORDERED that with respect to the indemnification provisions provided for in the Application: (a) all requests of FTI or any other indemnified party for payment of indemnity, contribution, reimbursement, or otherwise pursuant to such indemnification provisions from the Debtor or the Debtor's estate shall be made by means of an interim or final fee application filed with the Court and shall be subject to the approval, and reviewed by, the Court to ensure such payment conforms to the terms of the indemnification provision and is reasonable based on the circumstances of the claim, litigation, or settlement in respect of which indemnity, contribution, or reimbursement is sought; (b) any indemnity shall be limited to acts taken during the period from April 9, 2014 through entry of an order confirming a plan (unless such indemnity is

extended by a provision of a confirmed plan); (c) indemnity may be allowed for claims brought against FTI within the scope of its engagement as financial advisor to the Committee which result in a final award of damages; (d) indemnity shall be limited to cases in which FTI takes action or makes recommendations after reasonably considering available information and prudent consideration of available options; and (e) in no event shall FTI or any other indemnified party be indemnified, reimbursed or receive contribution under the indemnification provisions from the Debtor or the Debtor's estate to the extent that any claim or expense has resulted from fraud, bad faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct of FTI or any indemnified party. Neither FTI nor any other indemnified party may receive indemnification for costs incurred in prosecuting or responding to an objection to a fee application; provided, however, that such costs may be recovered as part of the fee application procedure to the extent allowed by applicable law, including *Matter of ASARCO, LLC*, ___ F.3d ___, 2014 WL 1698072 (5th Cir. 2014)

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

All relief not expressly granted in this order is denied.

###

APPROVED AS TO FORM:

*/s/Stephen W. Sather*
Stephen W. Sather
Attorney for Debtor

*/s/Joshua Fried*
Joshua Fried
Attorney for Official Unsecured Creditors' Committee

*/s/Deborah Bynum*
Trial Attorney, U.S. Trustee's Office