

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 11, 2014.**

_____
TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: FIRED UP, INC. | § | CASE NO. 14-10447-tmd |
| Debtor | § | Chapter 11 |

ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2016(a) AND LOCAL BANKRUPTCY RULE 1020.1
ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The motion (the "Motion") of the United States Trustee pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to establish procedures for interim monthly compensation and reimbursement of expenses of Professionals[1], all as more fully described in the Motion was heard by the Court on June 5, 2014; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.
{01293/0001/00124082.2}

1

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing; and the Court having determined that the relief sought in the Motion as modified in this Order is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

1. ORDERED that the Motion is granted as set forth herein; and it is further

2. ORDERED that Notice Parties shall include:

    a. Debtor at cford@carinos.com and msmith@carinos.com;

    b. Attorney for Debtor at bbarron@bn-lawyers.com and ssather@bn-lawyers.com;

    c. Attorneys for the Official Committee of Unsecured Creditors (the "Committee") at bsandler@pszjlaw.com and jfried@pszjlaw.com;

    d. The Office of the United States Trustee at deborah.a.bynum@usdoj.gov and henry.g.hobbs@usdoj.gov; and

    e. The designated fee review committee (the "FRC") whose members (collectively, the "Members") shall include the following: (i) one representative of the Debtor; (ii) one representative designated by the Committee; and (iii) one representative designated by the U.S.

2

Trustee; provided, however, that the representatives of the Debtor and the Committee shall not be retained professionals; and it is further

2. ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific Professionals, all Professionals in these cases may seek monthly compensation in accordance with the following procedures (the "Interim Compensation Procedures"):

 (a) No later than the tenth (10th) day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement (the "Monthly Statement"), by hand, overnight delivery, or electronically on the Notice Parties. If a Professional is not seeking compensation for any given month, on or before the tenth (10th) day of each month following such month, that Professional will notify the Notice Parties that the Professional is not seeing compensation for said month. Even if not seeking compensation for that month, Professional shall provide information regarding its monthly accrued fees and expenses, any fees and expenses paid previously, and information regarding activity in retainer accounts, if applicable, in sufficient detail for Debtor to accurately complete its Monthly Operating Report.

 (b) The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to chambers because (i) this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and (ii) Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

 (c) Each Monthly Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, the individuals' respective billing rates, in the case of attorneys, their respective years of graduation from law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable (unless otherwise authorized by the Court). Each Monthly Statement shall contain a summary of prior requested amounts and details of any payments received, and include activity to and from any retainer held by Professional.

 (d) Objections to the Monthly Statement shall be limited to the FRC. Within ten (10) calendar days after receiving the Monthly Statement, the FRC shall have

3

a conference, which may be telephonic, to discuss which invoices may be approved and which ones are subject to objection or further review, based on a majority vote of the Members of the FRC. The FRC shall inform the Notice Parties of the results of their conference. The decision on payment amounts by the FRC shall be final with respect to the monthly payment, but may be included for consideration with the next filed fee application.

(e) After the twenty-sixth (26th) day following the month for which compensation is sought, Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement, except as provided in paragraph (f) below.

(f) If Debtor receives an objection to a particular Monthly Statement from the FRC, and that objection contests payment of more than twenty percent (20%) of the Professional's requested fees or any amount of the Professional's requested reimbursement of expenses, the Debtor shall promptly pay the amount of the Monthly Statement that is not subject to the objection; in the event that the objection affects less than 20% of the amount of the Monthly Statement, then the Debtor shall pay eighty percent (80%) of the amount of the fees requested as provided above.

(g) All objections to payment not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(h) Payment of fees pursuant to this procedure shall not constitute allowance. All payments shall constitute interim compensation subject to reconsideration on submission of a formal fee application as set forth below.

(i) Commencing with the period ending June 30, 2014, and at three-month intervals thereafter, each of the Professionals must file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements filed during the preceding three-month period, or with respect to the period ending June 30, 2014, the preceding period (the "Interim Fee Period"). Each Professional shall file its Interim Fee Application by the first of the month following the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application on or before August 1, 2014, and the first Interim Fee Application shall cover the Interim Period from the Petition Date through and including June 30, 2014. The next Interim Fee Application must be filed on or before November 1, 2014 (for July through September 2014 time), then February 1, 2015 (for October 2014 through December 2014), May 1, 2015 (for January 2015 through March 2015), then September 1, 2015 and so on.

4

(j)     Debtor's attorneys shall obtain a date from the Court for the hearing of fee applications for all retained Professionals at least thirty (30) days after the deadline for filing interim fee applications in paragraph (i) above. At least thirty (30) days prior to such hearing, Debtor's attorneys shall file a notice with the Court, with service upon the Notice Parties, setting forth the time, date and location of the fee hearing, the Interim Fee Period covered by the applications and the objection deadline. Notwithstanding the date a Fee Application is filed, objecting parties shall have from the later of (i) twenty-one (21) days from the date of the last filed Fee Application or (ii) the 22nd day of the month to object to all applications. Any retained Professional unable to file its own fee application with the Court shall deliver to the attorneys for its client a fully executed copy of the fee application with original signatures, along with service copies, three (3) business days before the filing deadline. The respective attorneys shall file and serve such application.

(k)     Any Professional who fails to file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement when due shall refund to the Debtor all amounts paid with respect to that period, and be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the Professional files its application at the next set Interim Fee Application deadline.

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

(n)     Counsel for the Committee may, in accordance with these Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with reasonably supporting documentation, from members of the Committee, including from employers of such Committee members if such expenses were incurred on behalf of the Committee members.

(o)     The FRC shall convene a meeting, which may be telephonic, at least once per month with respect to each applicable Interim Fee Period at which two (2) Members shall constitute a quorum. At such meeting, the FRC will consider the Monthly Statements, formulate objection(s) if appropriate, and determine whether to recommend that the amount of the requested fees or disbursements be reduced. The FRC will act by the majority vote of its Members, with each Member having

one vote. Any recommendation by the FRC to reduce such Professional's fees or expenses shall be without prejudice to such Professional's right to seek the entire fee and disbursement amount through interim and final applications for allowance of compensation and reimbursement filed by Professionals (the "Interim and Final Fee Applications"). The FRC may submit a statement to the Court in support of, or in opposition to, any portion of any Interim or Final Fee Application.

(p) Should the FRC request additional information with respect to any fees requested or disbursements incurred from one or more of the Professionals, such Professionals shall provide the requested information to the FRC to the extent practicable.

(q) The FRC will circulate to the Professionals its recommendations with respect to the reasonableness of the fees and disbursements requested, which may be informal and delivered in writing (via email or otherwise).

(r) Each Professional and the FRC will work, in good faith, to resolve any issues the FRC raises in its recommendations with respect to a Professional's Monthly Statements.

(s) The Members of the FRC shall not be compensated for their service on the FRC, except that all Members other than the appointee of the United States Trustee are entitled to reimbursement for reasonable, documented, out-of-pocket costs and expenses.

(t) The FRC and each Member are hereby appointed as officers of the Court with respect to the performance of the duties set forth herein and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of all duties and powers.

(u) Nothing contained herein shall limit the right of any entity, including Members of the FRC acting in their separate capacities, to object to the allowance of fees or expenses sought by a Professional on any grounds.

3. ORDERED that each Professional whose retention has been approved by the Court as of the date hereof may seek, in its first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Commencement Date and ending on May 31, 2014. All Professionals not retained as of date hereof shall file their first Monthly Statement for the period from the effective date of their retention through the end of the

6

first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in the Motion; and it is further

4. ORDERED that the total disbursement to Professionals each month shall be capped at the amount allocated to pay Professionals in the current cash collateral budget. The Debtor shall maintain in a segregated bank account the amounts allocated in the current cash collateral budget to pay Professionals; and it is further

5. ORDERED that Debtor shall include all payments to Professionals on its Monthly Operating Reports, detailed so as to state the accrued amounts of fees and expenses of each Professional, and the amount paid to each Professional; and it is further

6. ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #