IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FIRED UP, INC. | § | CASE NO. 14-10447-tmd |
| | § | (Chapter 11) |
| DEBTOR[1] | § | |
| | § | |

### OMNIBUS [FOURTH] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY EFFECTIVE NOVEMBER 30, 2014

A hearing will be conducted on this matter on October 2, 2014, at 1:30 p.m. in Courtroom No. 1, 903 San Jacinto Blvd., Austin, Texas 78701.

If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the Court, you must file your response with the Clerk of the Bankruptcy Court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise the Court may treat this pleading as unopposed and grant the relief requested.

TO THE HONORABLE JUDGE OF SAID COURT:

**Fired Up, Inc.,** Debtor and Debtor-in-Possession ("Debtor") files this *Omnibus [Fourth] Motion to Reject Unexpired Leases of Non-Residential Real Property Effective November 30, 2014* ("Fourth Omnibus Motion") in which it seeks to reject two leases of non-residential real property ("Real Property Leases") related to the restaurants it continues to operate known as Johnny Carino's Italian. The landlords and servicers and other parties-in-interest in connection with the following sites should locate their non-residential real property list appended hereto as Exhibit "A".

---

[1] Until February 26, 2014, Debtor's business was being operated partially by the Debtor, partially by Kona Restaurant Group, Inc. ("KRG"), a Delaware corporation wholly owned by the Debtor, and partially by Carino's Italian Kitchen, Inc. ("CIK"), a Delaware corporation wholly owned by KRG. CIK was merged into KRG in Delaware and KRG was merged into the Debtor, a Texas corporation, in Texas.

1

Leases Proposed for Rejection

| Location, Store Number and Leasehold Property Address | Lessor (L)/Servicer (S)[2] |
|---|---|
| Colorado Springs (Store 88)<br>3015 New Center Point<br>Colorado Springs, CO 80922 | Nor'wood Limited, Inc.* **(L)**<br>111 South Tejon St., Suite 222<br>Colorado Springs, CO 80903-2246 |
| Parker (Store 61)<br>9355 Crown Crest Blvd.<br>Parker, CO 80138 | BGN Ventures, Ltd.* **(L)**<br>c/o ACP Management Company<br>3720 S. Susan Street, Suite 100<br>Santa Ana, CA 92702 |

In Debtor's business judgment, rejection of the Real Property Leases is in the best interest of its estate and creditors and in support thereof, Debtor states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is grounded primarily in 11 U.S.C. §§105(a) and 365.

**Background**

4. On March 27, 2014 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division ("Court"), thereby commencing this chapter 11 case ("Case"). No trustee or examiner has been appointed in the Case. A creditors' committee has been appointed pursuant to 11 U.S.C. § 1102. Debtor continues in possession of its property and is operating and managing its business as the Debtor-in-Possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

---

[2] Asterisk (*) denotes Scheduled Address.

5. As of the Petition Date, Debtor owned and operated forty-six (46) company-owned stores ("Company Stores") known as Johnny Carino's Italian ("Carino's") in seven states. There was either a "full" or "ground" lease between the Debtor and a landlord for each location. Debtor began a unit-by-unit analysis of its Company Stores approximately seven (7) months prior to the Petition Date as part of its attempt to reverse the financial losses it was experiencing. That analysis indicated that thirty-four (34) Company Stores were consistently profitable or, at worst, breaking even; (ii) fourteen (14) stores were consistently losing money; and (iii) eighteen (18) stores were "on the cusp." Between September of 2013 and the Petition Date, Debtor closed nineteen (19) Company Stores with respect to which it did not believe it could mitigate or eliminate its losses in a relatively short period of time. On the Petition Date, it filed a motion to reject unexpired leases in connection with seventeen (17) of these Company Stores and an order was entered approving the rejection of these leases on April 11, 2014.

6. On July 24, 2014, Debtor filed its Omnibus [Second] Motion to Assume Leases of Non-Residential Real Property ("Second Omnibus Motion") [Dkt. No. 347]. Debtor's Second Omnibus Motion is currently set for hearing on October 2, 2014 at 1:30 p.m.

7. In its Second Omnibus Motion, Debtor sought to assume forty-six leases which included forty-two (42) leases related to Company Stores which are still open and which it intended to continue operating and four (4) leases related to its former and current Corporate Headquarters.

8. The two leases which Debtor seeks to reject in this Fourth Omnibus Motion were originally included in Debtor's Second Omnibus Motion to Assume Leases of Non-Residential Real Property. After further evaluation, Debtor believes it is in the best interest of its estate and creditors to reject the leases pertaining to the Colorado Springs and Parker Company Stores as

3

both these stores have continued to lose money during the pendency of this Bankruptcy Case and Debtor's analysis has concluded that it will be less expensive to reject these leases even with the payment of lease rejection damages than it will be to continue operating these stores until they could be turned around (assuming they could be turned around). ***Debtor will not be going forward at the October 2, 2014, hearing on the Second Omnibus Motion to Assume on the Parker and Colorado Company Stores.***

### Basis for Relief Requested

9. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a). The initial deadline for Debtor to assume or reject its leases pursuant to this provision was July 25, 2014.

10. On June 11, 2014, Debtor filed a Motion to Extend Time to Assume or Reject Unexpired Leases of Non-Residential Real Property pursuant to 11 U.S.C. § 365(d)(4). ("Motion to Extend") [Dkt. No. 263]. An Order was entered July 7, 2014 [Dkt. No. 318] granting Debtor's Motion to Extend. The current deadline for Debtor to assume or reject its non-residential real property lease agreements is the earlier of the date of an order confirming a Plan or October 23, 2014.

11. The language of the Bankruptcy Code as to assumption or rejection of executory contracts is permissive. In a case where the debtor-in-possession is given the rights and obligations of a trustee, as in this case, it is the Debtor's role to assume or reject the estate's executory contracts. While Court approval is a limitation on the Debtor's discretion to do so, the scope of review is narrow and approval should be given if the grounds for assumption or rejection are supported under the "business judgment" standard.

4

12. In this Fourth Omnibus Motion, Debtor seeks to reject the leases for its Parker and Colorado Springs Company Stores.

13. The landlords for both locations worked very hard with Debtor to make their respective locations work for the Debtor during its reorganization process. The landlord for the Parker Company Store reduced the term of the lease from December 31, 2020 to March 31, 2017. Monthly rent was reduced to the greater of (i) $10,600.00 per month; or (ii) 7.5% of net sales over a natural breakpoint for each period of April through March. The landlord for the Colorado Springs Company Store reduced the term of the lease from October 31, 2018 to April 30, 2015. Monthly rent was reduced to $10,000.00 per month.

14. Even with these lease modifications, Debtor has determined to close these locations because it does not believe with sufficient certainty that these two locations will be profitable in the foreseeable future. Debtor does not wish to risk its opportunity for a successful reorganization nor endanger the profitable portions of its business.

15. Debtor submits that the decision to reject the Real Property Leases is an important component of the reorganization of the Debtor's overall business, represents an exercise of the Debtor's sound business judgment and is in the best interests of the Debtor's estate and creditors.

16. Debtor respectfully requests that the Court enter an order rejecting the two Real Property Leases set forth in Exhibit A effective as of November 30, 2014. Debtor seeks to have the leases rejected effective as of November 30, 2014 because it has obligations to its customers under its "Groupon" contract through November 2014. Debtor wishes to honor those obligations both for goodwill purposes and so as to not incur numerous nominal administrative claims in its bankruptcy case.

17. Debtor intends to work with the landlords of the Parker and Colorado Springs Company Stores to identify new tenants and will explore the possibility of leaving the furniture, fixtures and equipment extant so that the landlords can show the premises in "turnkey" condition. This will also provide potential buyers for Debtor's assets at higher than auction or distress sale values.

18. Debtor was current as of the Petition Date on the two leases it is seeking to reject and believes that it is current on all post-petition obligations, as well. Debtor has pre-petition escrow payments with the Parker location in the amount of $12,400.00 and post-petition escrow payments in the amount of $22,800.00. Debtor's pre-petition escrow payments with the Colorado Springs location total $5,537.40 and its post-petition escrow payments total $11,074.80. Debtor intends to continue to make its payments through November 2014. Debtor submits that the escrow payments it has made for each location is adequate assurance of future performance through the effective date of its rejected leases. Moreover, the escrows will reduce the amount of the lease rejection damage claims for these locations.

**Omnibus Motions and Other Notice Issues**

19. Federal Rule of Bankruptcy Procedure 6006(f) sets forth the applicable requirements for omnibus motions to reject unexpired leases or executory contracts:

> Omnibus Motions. A motion to reject … multiple executory contracts or unexpired leases that are not between the same parties shall:
>
> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
> (2) list parties alphabetically and identify the corresponding contract or lease;
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

6

(4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
(5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
(6) be limited to no more than 100 executory contracts or unexpired leases.

FED. R. BANKR. P. 6006(f).

20. As is clearly set forth herein, Debtor submits that the Motion satisfies the requirements set forth in Bankruptcy Rule 6006(f).

21. Bankruptcy Rules 6006 and 9014 generally require that any proceeding to assume, reject or assign an executory contract or unexpired lease be made only upon motion and on notice to the other party to the contract, the committee appointed under the Code and any other party-in-interest.

22. Notice of this Motion has been given to the Office of the United States Trustee for the Western District of Texas, the non-Debtor party to each of the Real Property Leases pursuant to the terms of the Real Property Leases by email transmission or United States Mail, first class, postage prepaid, the parties on the Debtor's Tenth Master Limited Service List, and other parties-in-interest who have requested notice.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Debtor **Fired Up, Inc.** respectfully requests that the Court enter an Order: (i) approving the Debtor's rejection of the Leases of the premises as set forth effective as of November 30, 2014 and (ii) grant such other and further relief to which Debtor may be entitled.

Dated: September 4, 2014

        Respectfully Submitted,

        **BARRON & NEWBURGER, P.C.**
        1212 Guadalupe, Suite 104
        Austin, Texas 78701
        (512) 476-9103 Ext. 217
        (512) 476-9253 Facsimile

By:   /s/ *Barbara M. Barron*
        Barbara M. Barron
        State Bar No. 01817300
        Stephen W. Sather
        State Bar No. 17657520

        **ATTORNEYS FOR DEBTOR**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing Motion was served on the 4th day of September, 2014, by: (i) email transmission to all the parties on the Tenth Limited Master Service List attached hereto; and (ii) United States Mail, first class, postage prepaid, to all lessors and servicers as listed on Exhibit "A" attached hereto who are not on the Tenth Master Limited Service List. Copies of the matrix are not included in the copies served by United States Mail but may be obtained from the Clerk of the Court or Debtor's counsel.

        */s/ Barbara M. Barron*
        Barbara M. Barron

# EXHIBIT A – FOURTH REJECTION MOTION OF NON-RESIDENTIAL REAL PROPERTY LEASES

## (September 4, 2014)

| Store No. | Location and Leasehold Property Address | Lessee[1] | Lessor (L)/Servicer (S)[2] | Lease[3] Type (F/G) | End of Current Lease Term | Status[4] (A/R/U) | Escrow | Defaults (R –Rent/ T – Taxes) | Proposed Cures/Adequate Assurance of Future Performance |
|---|---|---|---|---|---|---|---|---|---|
| 61 | Parker 9355 Crown Crest Blvd. Parker, CO 80138 | KRG | BGN Ventures, Ltd.* **(L)** c/o ACP Management Company 3720 S. Susan Street, Suite 100 Santa Ana, CA 92702 | F | 12/31/2020 | A - M Term of lease amended to 3/31/17. Monthly rent reduced to the greater of (i) $10,600.00 per month; or (ii) 7.5% of net sales over a natural breakpoint for each period of April through March | $12,400.00 (E – pre) $22,800.00 (E – post) | R - $0 T - $0 | |
| 88 | Colorado Springs 3015 New Center Point Colorado Springs, CO 80922 | KRG | Nor'wood Limited, Inc.* **(L)** 111 South Tejon St., Suite 222 Colorado Springs, CO 80903-2246 | F | 10/31/2018 | A - M Term of lease amended to 4/30/15. Monthly rent reduced to $10,000.00 per month. | $5,537.40 (E – pre) $11,074.80 (E – post) | R - $0 T - $0 | |

---

[1] KRG (Kona Restaurant Group, Inc.); CIK (Carino's Italian Kitchen, Inc.)
[2] Asterisk (*) denotes Scheduled Address.
[3] Full Lease(F)/Ground Lease(G)
[4] Assumed(A)/Rejected(R)/Undecided(U); AI denotes "As Is"; M denotes "Modification"
[5] ED (Effective Date of Plan)

Page **1** of **1**

**United States Trustee:**

Henry G. Hobbs
Deborah A. Bynum
Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701
henry.g.hobbs@usdoj.gov
deborah.a.bynum@usdoj.gov

**Debtor:**

Creed Ford, III
President/CEO
Ford Restaurant Group
1514 RR 620 South
Austin, TX 78734
cford@carinos.com

Margaret B. Smith, CPA
Director of Finance
Ford Restaurant Group
1514 RR 620 South
Austin, TX 78734
msmith@fordrestgrp.com

**Proposed Attorneys for Debtor:**

Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe Street, Suite 104
Austin, TX 78701
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

John Vernon
The Vernon Law Group, PLLC
4925 Greenville Avenue, Suite 200
Dallas, TX 75206
jvernon@vernonlawgroup.com

Kareem Hajjar
Hajjar Sutherland Peters, LLP
3144 Bee Caves Road
Austin, TX 78746
khajjar@legalstrategy.com

**20 Largest Unsecured Creditors:**

AEI Accredited Investor Fund 2002
Attn: Brian Schulz
1300 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
bschulz@aeifunds.com

AEI Fund Management, Inc.
Attn: Brian Schulz
1300 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
bschulz@aeifunds.com

ARC CAFÉ, LLC
American Realty Capital
Attn: Cindy Dip
200 Dryden Road, Suite 1100
Dresher, PA 19025
cdip@arlcap.com

Cassidy Turley Midwest, Inc.
Attn: Brian Schulz
1300 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
bschulz@aeifunds.com

Food Services of America
Attn: Lee Clark
P.O. Box 839
Meridian, ID 83680
lee_clark@fsafood.com
boise_ar@fsafood.com

GE Capital Franchise Finance Corp.
c/o Jeffrey T. Wegner
Kutak Rock, LLP
1650 Farnam Street
Omaha, NE 68102-2186
jeffrey.wegner@kutakrock.com

Gentilis, Inc.
Attn: Moja Lindsey
3400 Reeves Canyon Road
Redwood Valley, CA 95470
moja2@thelindseycompanies.com

Internal Revenue Service
Special Procedures Staff- Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Magdalena Properties, LLC
c/o R. Spencer Shytles
Graham Bright & Smith, P.C.
5420 LBJ Freeway, Suite 300
Dallas, TX 75240
rss@gbstxlaw.com

Pleasant Ridge Development Co.
Attn: Lou Schickel
11601 Pleasant Ridge Rd., Suite 300
Little Rock, AR 72212
lou@schickels.com
invoices@schickels.com

Mary Raney & Dick P. Wood, Jr., as
Trustees of RC Nelms Jr. Hillcrest Trst
c/o James H. Billingsley
Polsinelli, PC
2501 N. Harwood St., Suite 1900
Dallas, TX 75201
jbillingsley@polsinelli.com

Shamrock Foods-Consolidated
Attn: Jessica Harlow
Department 219
Denver, CO 80291-0219
jessica_harlow@shamrockfoods.com

Texas Comptroller of Public Accts.
c/o Jason A. Starks
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548
jason.starks@texasattorneygeneral.gov

Texas Workforce Commission
Attn: Regulatory Integrity Div-SAU
101 E. 15th Street, Room 556
Austin, TX 78778-0001
rid.taxbankruptcy@twc.state.tx.us

*Tenth Master Limited Service List dated July 25, 2014*      Page **1** of **4**

**Secured Creditors:**

FRG Capital, LLC
c/o Blake Rasner
Haley & Olson, P.C.
510 N. Valley Mills Drive, Suite 600
Waco, TX 76710
brasner@haleyolson.com

Prosperity Bank
c/o Lisa C. Fancher
Fritz, Byrne, Head & Harrison, PLLC
98 San Jacinto Blvd., Suite 2000
Austin, TX 78701-4286
lfancher@fbhh.com

**Unsecured Creditors Committee:**

AEI Income & Growth Fund 24, LLC
Robert P. Johnson
30 Seventh Street East, Suite 1300
St. Paul, MN 55101
bschulz@aeifunds.com

Ben E. Keith Company (interim chair)
Richard Grasso
P. O. Box 2628
Ft. Worth, TX 76112
rngrasso@benekeith.com

Glazier Foods Company
Art Innis
11303 Antoine Dr.
Houston, TX 77066
artinnis@glazierfoods.com

Independent Bank
Charley Rigney
8004 Woodway Dr., Suite 200
Waco, TX 76712
crigney@ibtx.com

National Retail Properties, Inc.
David G. Byrnes, Jr.
450 S. Orange Avenue, Suite 900
Orlando, FL 32801
david.byrnes@nnnreit.com

The Coca-Cola Company
William Kay, Sr. Bankruptcy Advisor
P.O. Box 1734
NAT 2008 Mail Stop
Atlanta, GA 30313
billkaye@jllconsultants.com

Wilmington Center, LLC
Attn: Fay Farzani
9471 Lomitas Avenue
Beverly Hills, CA 90210
fafar101@aol.com

**Proposed Counsel for Creditors' Committee:**

Bradford J. Sandler
Pachulski, Stang, Ziehl & Jones, LLP
919 North Market St., 17th Floor
Wilmington, DE 19801
bsandler@pszjlaw.com

**Miscellaneous:**

Brownsville Public Utilities Board
c/o Gilbert L. Hamberg, Esq.
1038 Darby Drive
Yardley, PA 19067
ghamberg_3@msn.com

CASS
Attn: Frank Garcia
2675 Corporate Exchange Drive
Columbus, OH 43231
fgarcia@cassinfo.com

Fintech
Attn: Mandi Aiton
7702 Woodland Center Blvd., #50
Tampa, FL 33614
maiton@fintech.com

Summit Energy
Attn: Tim Ward
103 Historic Town Square
Lancaster, TX 75146
tim.ward@ems.schneider-electric.com

Wells Fargo Bank, N.A.
c/o James G. Ruiz
Winstead, P.C.
401 Congress Avenue, Suite 2100
Austin, TX 78701
jruiz@winstead.com

**Additional Notice:**

Bruce M. Wilpon
Special Assistant U.S. Attorney
Internal Revenue Service
300 E. 8th Street, Suite 601
Austin, TX 78701
bruce.m.wilpon@irscounsel.treas.gov

Jason P. Wylie
The Law Office of Jason Wylie
8553 N. Beach St., PMB 316
Fort Worth, TX 76244-4919
jason@jasonwylielaw.com

John M. Koneck
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com

Mackenzie S. Wallace
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
mackenzie.wallace@tklaw.com

Timothy E. Hudson
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
tim.hudson@tklaw.com

William M. Kane
Traylor, Tompkins & Black, P.C.
751 Horizon Court, Suite 200
Grand Junction, CO 81506-8754
wmk@grandjunctionlaw.com

**Notices of Appearance:**

Arlington ISD, Mansfield ISD
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, et al
P.O. Box 13430
Arlington, TX 76094-0430
ebcalvo@pbfcm.com

Atascocita 1692, LLC
c/o Crystal R. Axelrod
Morgan, Lewis & Bockius, LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
caxelrod@morganlewis.com

Atascocita 1692, LLC
c/o Patrick D. Fleming
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
pfleming@morganlewis.com

Bexar County
c/o David G. Aelvoet
Linebarger Goggan Blair & Sampson
711 Navarro Street, Suite 300
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Inland American Retail Mgmt., LLC
c/o Kevin M. Newman, Esq.
Menter, Rudin & Trivelpiece, P.C.
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498
knewman@menterlaw.com

National Retail Properties, LP
c/o David M. Bennett
and Cassandra Ann Sepanik
Thompson & Knight, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
david.bennett@tklaw.com
cassandra.sepanik@tklaw.com

Texas Ad Valorem Taxing Entities
c/o Lee Gordon
McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680
lgordon@mvbalaw.com

Texas Ad Valorem Taxing Entities
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson
P.O. Box 17428
Austin, TX 78760-7428
austin.bankruptcy@publicans.com

Texas Ad Valorem Taxing Entities
c/o Elizabeth Weller
Linebarger Goggan Blair & Sampson
2777 N. Stemmons Frwy, Suite 1000
Dallas, TX 75207
dallas.bankruptcy@publicans.com

RioCan America Management, Inc.
c/o R. Spencer Shytles
Graham Bright & Smith, P.C.
5420 LBJ Freeway, Suite 300
Dallas, TX 75240
rss@gbstxlaw.com

Tyler Independent School District
c/o Tab Beall
Perdue, Brandon, Fielder, et al
P.O. Box 2007
Tyler, TX 75710-2007
tbeall@pbfcm.com
tylbkc@pbfcm.com

Texas Ad Valorem Taxing Entities
c/o Owen M. Sonik
Perdue, Brandon, Fielder, et al
1235 North Loop West, Suite 600
Houston, TX 77008
houbank@pbfcm.com

Hidalgo County & McAllen ISD
c/o John T. Banks
Perdue, Brandon, Fielder, et al
3301 Northland Drive, Suite 505
Austin, TX 78731
jbanks@pbfcm.com

Lubbock Central Appraisal District
c/o Laura J. Monroe
Perdue, Brandon, Fielder, et al
P.O. Box 817
Lubbock, TX 79408
lmonroe@pbfcm.com

Texas Ad Valorem Taxing Entities
c/o John P. Dillman
Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX 77253-3064
houston_bankruptcy@publicans.com

GS II Meridian Crossroads, LLC
c/o Renee B. Weiss, Esq.
DDR Corp.
P.O. Box 228042
Beachwood, OH 44122
rweiss@ddr.com

ARC CAFÉ, LLC
c/o R. Brandon Bundren
Duane Morris, LLP
1330 Post Oak Blvd., Suite 800
Houston, TX 77056-3166
rbbundren@duanemorris.com

ARC CAFE, LLC
c/o William C. Heuer
and Patricia H. Heer
Duane Morris, LLP
1540 Broadway
New York, NY 10036
wheuer@duanemorris.com
phheer@duanemorris.com

Missouri Department of Revenue
Bankruptcy Unit
Attn: S. Christopher Conway
P.O. Box 475
Jefferson City, MO 65105-0475
txwdecf@dor.mo.gov

RB River IV, LLC, et al
c/o Jeffrey Ackermann
Durio, McGoffin, Stagg & Ackermann
P.O. Box 51308
Lafayette, LA 70505-1308
jeffackermann@dmsfirm.com

City of Fort Worth
c/o Christopher B. Mosley
Senior Assistant City Attorney
1000 Throckmorton Street
Fort Worth, TX 76102
chris.mosley@fortworthtexas.gov

*Tenth Master Limited Service List dated July 25, 2014*          Page **3** of **4**

The City of Laredo
c/o Christina Flores
Flores & Saucedo, PLLC
5517 McPherson, Suite 14
Laredo, TX 78041
cfloreslaw@sbcglobal.net
floressaucedopllc@gmail.com

Megaplex Four, Inc.
c/o Paul M. Hoffmann
Stinson Leonard Street, LLP
1201 Walnut St., Suite 2900
Kansas City, MO 64106
paul.hoffmann@stinsonleonard.com

Travis County
c/o Kay D. Brock
Assistant Travis County Attorney
P.O. Box 1748
Austin, TX 78767
kay.brock@co.travis.tx.us

Ecolab, Inc.
c/o Kohner, Mann & Kailas, S.C.
Attn: Samuel C. Wisotzkey
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059
swisotzkey@kmksc.com

Independent Bank
c/o Steve Turner
Barrett Daffin Frappier Turner, et al
15000 Surveyor Blvd., Suite 100
Addison, TX 75001
wdecf@bdfgroup.com

DDR Corp.
c/o Robert L. LeHane, Esq.
and Jennifer D. Raviele, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
KDWBankruptcyDepartment@kelleydrye.com
rlehane@kelleydrye.com
jraviele@kelleydrye.com

Hill Country Texas Galleria, LLC
c/o Joseph D. Martinec
Martinec, Winn, Vickers & McElroy, PC
919 Congress Avenue, Suite 200
Austin, TX 78701
martinec@mwvmlaw.com

South Coast Plaza, LLC
c/o Joseph D. Martinec
Martinec, Winn, Vickers &
McElroy, PC
919 Congress Avenue, Suite 200
Austin, TX 78701
martinec@mwvmlaw.com

South Dakota Department of
Revenue & Regulation
Attn: Carol Van Roekel
445 East Capitol Avenue
Pierre, SD 57501-3185
carol.vanroekel@state.sd.us

The Laredo Community College
c/o George R. Meurer
Kazen, Meurer & Perez
P.O. Box 6237
Laredo, TX 78042-6237
grmeurer@kmp-law.com

GE Capital (GEFF and GEBAF)
c/o Lynn H. Butler
Husch Blackwell, LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
lynn.butler@huschblackwell.com

Lewisville ISD
c/o George C. Scherer, Esq.
Law Offices of Robert E. Luna, P.C.
4411 N. Central Expressway
Dallas, TX 75205
scherer@txschoollaw.com

*Tenth Master Limited Service List dated July 25, 2014*  Page **4** of **4**