**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 21, 2014.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| FIRED UP, INC., | § § | CASE NO. 14-10447-TMD |
| Debtor. | § § § | |

**ORDER GRANTING JOINT MOTION TO MODIFY ORDER PURSUANT TO
SECTIONS 105(a) AND 331OF THE BANKRUPTCY CODE, BANKRUPTCY RULE
2016(a) AND LOCAL BANKRUPTCY RULE 1020.1 ESTABLISHING
PROCEDURES FOR INTERIM MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

CAME ON TO BE HEARD on October 2, 2014, the Joint Motion (the "Motion") to

Modify Order Pursuant to Sections 105(a) and 331 of Chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") to establish procedures for interim monthly compensation and

{01293/0001/00135141.2}

reimbursement of expenses of Professionals. The Court finds that the procedures previously adopted should be replaced by the following procedures.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. No later than the eighteenth (18th) day of each month following the month for which compensation is sought, each Professional having incurred fees in excess of $1,000.00 in compensation will serve a monthly statement (the "Monthly Statement"), by hand, overnight delivery, or electronically on the Notice Parties. If a Professional has not incurred fees in excess of $1,000.00 in a given month, on or before the eighteenth (18th) day of each month following such month, that Professional will notify the Notice Parties that the Professional will not be submitting a Monthly Statement. Even if not required to submit a Monthly Statement, the Professional shall provide information regarding its monthly accrued fees and expenses, any fees and expenses paid previously, and information regarding activity in retainer accounts, if applicable, in sufficient detail for Debtor to accurately complete its Monthly Operating Report, which shall disclose all fees paid, fees held back, and fees accrued for each Professional. Each Monthly Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, the individuals' respective billing rates, in the case of attorneys, their respective years of graduation from law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable (unless otherwise authorized by the Court). Each Monthly Statement shall contain a summary of prior requested amounts and details of any payments received, and include activity to and from any retainer held by Professional.

2. Notice Parties under this Order shall include:

a. Debtor at cford@carinos.com and msmith@carinos.com;

b. Attorney for Debtor at bbarron@bn-lawyers.com and ssather@bn-lawyers.com;

c. Attorneys for the Official Committee of Unsecured Creditors (the "Committee") at bsandler@pszjlaw.com and jfried@pszjlaw.com;

d. The Office of the United States Trustee at deborah.a.bynum@usdoj.gov and henry.g.hobbs@usdoj.gov.

3. The Debtor shall continue to include all payments to Professionals on its Monthly Operating Reports, detailed so as to state the accrued amounts of fees and expenses of each Professional, the amount paid to each Professional, and any amount held back.

4. Commencing with the period ending June 30, 2014, and at three-month intervals thereafter,, each of the Professionals may file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements exchanged during the preceding three-month period, or with respect to the period ending June 30, 2014, the preceding period (the "Interim Fee Period") unless otherwise ordered by the Court. Each Professional may file its Interim Fee Application by the first of the month following the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional may file its first Interim Fee Application on or before August 1, 2014, and the first Interim Fee Application shall cover the Interim Period from the Petition Date through and including June 30, 2014. The Debtor may pay fees approved for professionals retained by it on Interim Fee Applications from its available

funds. "Available funds" shall mean those funds which are not reserved for other purposes pursuant to court order. "Available funds" shall not include the Professional Escrow save and except for the sum of $315,000 as provided below. The Debtor shall not be required to immediately pay fees approved to the Committee's Professionals upon approval of Interim Fee Applications. Instead, such fees shall be payable from the GUC Trust to be created by the Plan (as defined in the Motion). The Fee Applications shall be heard on the next regularly scheduled hearing date in the case which will allow notice of at least twenty-one (21) days.

5. Pursuant to prior order in this case, the Debtor has established in a segregated bank account the sum of $600,000.00 for payment of professionals ("Professional Escrow"). The Debtor may utilize up to $315,000.00 of the funds in the Professional Escrow to pay fees of its professionals approved by this Court. The remaining balance in the Professional Escrow shall be reserved as set forth below.

6. The Debtor shall deposit the additional sum of $100,000 per month ("Monthly Payments") into the Professional Escrow pending further order of the Court.

7. The Debtor may suspend depositing additional funds into the Professional Escrow upon receipt of a firm commitment for exit financing, which commitment is acceptable to the Committee, ("Exit Financing Commitment") in an amount equal to at least the amount of funds to be paid to the GUC Trust. In the event that the Committee reasonably believes that the Plan will not become effective or that the Exit Financing Commitment will not fund, it may file a certificate with the Court at which time the Debtor shall resume making the Monthly Payments to the Professional Escrow within five business days after the filing of such certificate.

8. Upon the effective date of the Plan and funding of the GUC Trust, the funds contained in the Professional Escrow may be used by the Debtor to pay its professionals and any excess amount shall be returned to the Debtor.

9. In the event that this case is converted to Chapter 7 or the Plan does not become effective, the Debtor and each of the Debtor's Professionals agree and the Court orders that the Debtor and each of the Debtor's Professionals waive any claim to the funds in the Professional Escrow unless all allowed unpaid administrative claims (including the allowed fees and expenses of the Committee's Professionals and allowed Committee member expenses but excluding any allowed fees and expenses of the Debtor's Professionals) are paid. In the event of conversion of this case to a Chapter 7 case or the Plan does not become effective and a determination of administrative insolvency is made, and if the funds in Professional Escrow are insufficient to pay all allowed unpaid administrative claims (including the allowed fees and expenses of the Committee's Professionals and allowed Committee member expenses but excluding any allowed fees and expenses of the Debtor's Professionals), then nothing herein shall prevent the Court from ordering disgorgement of all Professional fees paid during the Chapter 11 case, provided however, that all parties in interest preserve their rights to argue priority of payment from the Professional Escrow.

10. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

APPROVED AS TO FORM:

*/s/Stephen W. Sather*
Stephen W. Sather
Attorney for Debtor

*/s/Deborah Bynum*
Deborah Bynum
Trial Attorney, U.S. Trustee's Office

*/s/Seth E. Meisel*
Seth E. Meisel
Local Counsel for Unsecured Creditors' Committee


Order Submitted By:

Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, TX 78701