

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 23, 2014**

_____
                 **TONY M. DAVIS**
        **UNITED STATES BANKRUPTCY JUDGE**
_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| FIRED UP, INC. | § | Case No. 14-10447-tmd |
| | § | (Chapter 11) |
| Debtor | § | |

### AGREED ORDER GRANTING DEBTOR'S OMNIBUS [SECOND] MOTION TO ASSUME LEASE OF NON-RESIDENTIAL REAL PROPERTY WITH GS II MERIDIAN CROSSROADS LLC

CAME ON TO BE HEARD on the 2nd day of October, 2014, the *Omnibus [Second] Motion to Assume Leases of Non-Residential Real Property* filed by the Debtor. Notice and opportunity to be heard was properly provided and an objection was timely filed by GS II Meridian Crossroads LLC (the "Meridian Objection"). The parties announced an agreement with respect to the Meridian Objection and the Court finds that good cause exists to approve the agreement and permit Debtor to assume its lease with GS II Meridian Crossroads LLC for the

1

premises located at Meridian Crossroads Shopping Center in Meridian, Idaho (the "Leased Premises"). It is therefore

ORDERED that Debtor assumes its lease (the "Lease") with GS II Meridian Crossroads LLC (the "Landlord") for the Leased Premises effective as of the earlier of (i) February 16, 2015 and (ii) the Effective Date of the Debtor's confirmed Plan of Reorganization. It is further

ORDERED that the Landlord retains and reserves all of its rights with respect to any defaults and cure amounts arising or accruing under the Lease from or after October 1, 2014 as well as all of its alleged rights to seek payment of attorneys' fees in connection with the assumption of the Lease. It is further

ORDERED that the Landlord may provide both Debtor and Debtor's bankruptcy counsel with notice of any failure by the Debtor to comply with the Lease occurring from or after October 1, 2014 through the Effective Date of the assumption of the Lease, which notice shall be sent by e-mail to both parties (in the case of the Debtor, to cford@carinos.com and in the case of Debtor's bankruptcy counsel, to ssather@bn-lawyers.com), and if the Landlord has given such notice, then the Landlord may seek an Order of this Court rejecting the Lease and/or other appropriate relief if the Debtor fails to cure such default within fourteen (14) days of such notice. It is further

ORDERED that Debtor remains liable to the Landlord under the Lease for all accrued leasehold obligations even though they may not have come due under the Lease as of assumption of the Lease, including year-end reconciliations and indemnity obligations, if any, arising under the lease. It is further

ORDERED that Debtor shall timely comply with its ongoing post-petition obligations under the Lease, including the payment of October 2014 rent, pursuant to the Lease and 11

U.S.C. § 365(d)(4). It is further

ORDERED that Landlord shall provide Debtor with notice of any alleged defaults existing as of the date of this Order within fourteen (14) days after entry of this Order.

# # #

**AGREED:**

KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800

By: */s/Robert L. LeHane*_____
 Robert L.. LeHane (*pro hac vice* admission pending)
 Jennifer D. Raviele (*pro hac vice* admission pending)

COUNSEL FOR GS II MERIDIAN CROSSROADS LLC


BARRON & NEWBURGER, P.C.
1212 Guadalupe, Suite 104
Austin, TX 78701
(512) 476-9103

By: */s/Stephen W. Sather*_____
 Barbara M. Barron (SBN 01817300)
 Stephen W. Sather

ATTORNEYS FOR DEBTOR, FIRED UP, INC.


Order Submitted By:
Barbara M. Barron/Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, TX 78701

3

NY01\RaviJ\3383582.1