IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-10447-TMD |
| FIRED UP, INC. | § | |
| | § | |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |
| | § | |
| | § | |

OBJECTION OF TEXAS TAXING ENTITIES TO THE DEBTOR AND UNSECURED
CREDITORS' COMMITTEE'S AMENDED JOINT PLAN OF REORGANIZATION
DATED OCTOBER 29, 2014

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, **BEXAR COUNTY, CAMERON COUNTY, CYPRESS-FAIRBANKS ISD, DALLAS COUNTY, ECTOR CAD, ELLIS COUNTY, FORT BEND COUNTY, GREGG COUNTY, HARRIS COUNTY, CITY OF MCALLEN, MCLENNAN COUNTY, NUECES COUNTY, CITY OF PHARR, PHARR-SAN JUAN ALAMO ISD, ROCKWALL CAD, SAN MARCOS CISD, SOUTH TEXAS COLLEGE, SOUTH TEXAS ISD, TARRANTY COUNTY AND VICTORIA COUNTY (collectively referred to herein as Texas Taxing Entities),** secured ad valorem tax creditors of the Debtor, and file this Objection to the Debtor and Unsecured Creditors' Committee's Amended Joint Plan of Reorganization Dated October 29, 2014 (the "Plan"), as follows:

1. This Objection is made pursuant to 11 U.S.C. § 1129 and Bankruptcy Rule 3020(b).

2. The Texas Taxing Entities are fully secured ad valorem tax creditors which hold unavoidable first priority statutorily perfected liens against property of the estate

1

pursuant to §§ 32.01 and 32.05 of the Texas Property Tax Code. *See In re Winns Stores, Inc.,* 177 B.R. 253 (Bkrtcy. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S. W. 2d 841 (Tex. App.-Eastland 1995). These liens are *in solido* and attach on January 1 of each year to all personal property of the property owner, and to property subsequently acquired. *In re Universal Seismic Associates, Inc.,* 288 F. 3d 205 (5th Cir. 2002). The Texas Taxing Entities' claims are for unpaid ad valorem property taxes are for the pre-petition years 2013-2014, as reflected in the proofs of claim filed herein. Taxing Entities' claims are impaired under the Plan.

3. Taxing Entities object to the confirmation of the Plan because it fails to comply with all the mandatory requirements for confirmation under 11 U.S.C. § 1129.

4. Taxing Entities object to its claims being paid over a period beyond five (5) years from the Order for Relief in this case. The proposed payout of 48 months may or may not comport with the requirements of 11 U.S.C. §1129 (a) (9) (C) depending on when the plan is finally confirmed.

5. Taxing Entities seek clarification that its claims will be paid post-petition/pre-confirmation interest as required by 11 U.S.C. §506 (b), until confirmation of the Plan. *Rankin V. DeSarno*, 89 F.3d 1123, 1130 (3rd Cir. 1996); *In Re Marfin Ready Mix Corp.,* 220 B.R. 148, 153-158 (Bankr. E. D. N. Y. 1998), citing *In re Parr Meadows Racing Association, Inc.,* 880 F. 2d 1540, 1549 (2d Cir. 1989) (county entitled to post-petition interest at statutory rate under §506 (b); *Galveston ISD v. Heartland Federal Savings and Loan Assoc.,* 159 B.R. 198 (S. D. Tex. 1993); *In re Davison*, 106 B.R. 1021 (Bankr. D. Neb. 1989). *See also:* Texas Property Tax Code

§ 33.01 and *11 U.S.C. §511*.  The Plan's failure to provide statutory interest on the secured tax claims as set forth herein violates the provisions of 11 U.S.C. §1129 (a) (7).

6.  Taxing Entities object to the proposed plan insofar as it allows 26 weeks from the Plan's Effective Date for claims objections. By the statutes referenced above, Taxing Entities' claims hold a secured status superior to all contractual or consensual lien creditors in the case.  It should be a paramount issue for the Debtor to evaluate and/or pay the pending tax claims and/or pursue any objection thereto so that it can quantify the available funds to pay the remaining inferior secured and unsecured claims in the case.  To the extent the Plan proposes to pay inferior secured and unsecured claims prior to payment of any disputed claim of the Taxing Entities, if any, then the Debtor should be required to escrow payments to be applied to Taxing Entities' claims if and when any dispute is resolved.  Accordingly, Taxing Entities object to the provisions of Sections 2.10 and 2.12 of the Plan and submit that these Plan provisions violate the provisions and requirements of 11 U.S.C. §1129 (a) (7).

7.  Taxing Entities object to the Plan insofar as it proposes to pay no interest on any disputed claim during the period from the Plan's Effective Date to the date of which the claim is allowed.  *See* Plan Sec. 2.13.  Taxing Entities submit that the provision of Section 2.13 of the Plan violates the provisions and requirements of 11 U.S.C. §1129 (a) (7).

8.  Taxing Entities hereby cast their ballots against confirmation of the Plan.

WHEREFORE, TEXAS TAXING ENTITIES pray that this Court deny the Confirmation of the Plan in this case and for such other relief as is just and equitable.

Respectfully Submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)


By: _/s/ Diane W. Sanders_____
    DIANE W. SANDERS
    State Bar No. 16415500
**Attorney for Texas Taxing Entities**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection of Texas Taxing Entities to the Debtor and Unsecured Creditors' Committee's Amended Joint Plan of Reorganization  has been served electronically to the ECF participants in this case and by First Class Mail to the parties listed below on this 1st day of December, 2014.

Fired-Up Inc.
1514 Ranch Road 620 South
Austin, TX  78734

**DEBTOR**

Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe, # 104
Austin, TX  78701

**ATTORNEYS FOR DEBTOR**

Pachulski Stang Ziehl & Jones, LLP
Bradford Sandler
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705

**ATTORNEYS TO THE UNSECECURED CREDITORS COMMITTEE**

U. S. Trustee
903 San Jacinto, Ste. 230
Austin, TX  78701

**U.S. TRUSTEE**

/s/ Diane W. Sanders
_____
DIANE W. SANDERS