UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 14-10447-tmd |
| | § | |
| FIRED UP, INC. | § | Chapter 11 |
| | § | |
| Debtor | § | |

**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS'
FIRST AMENDED OBJECTION TO CONFIRMATION OF
DEBTOR AND THE UNSECUREDCREDITORS COMMITTEE'S
AMENDED JOINT PLAN OF REORGANIZATION DATED OCTOBER 29, 2014**

The Texas Comptroller of Public Accounts ("Comptroller"), by and through the Texas Attorney General's Office, objects to confirmation of the Debtor and the Unsecured Creditors Committee's Amended Joint Plan of Reorganization Dated October 29, 2014 ("Plan"), and would respectfully show the following:

1. The Texas Comptroller objects to Paragraph 8.05 of the Plan to the extent that it restricts creditors from exercising their right of setoff. The Plan should not alter creditors' rights of setoff. Pursuant to 11 U.S.C. § 553, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141. *In re Luongo,* 259 F.3d 323 (5th Cir. 2001); *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992); *Pettibone Corp. v. United States (In re Pettibone Corp.)*, 161 B.R. 960, 964 (N.D. Ill. 1993); *Womack v. United States (In re Womack)*, 188 B.R. 259 (Bankr. E.D. Ark. 1995); *In re Whitaker*, 173 B.R. 341 (Bankr. S.D. Ohio 1994). The Plan's injunction against any action on account of any Claims against the Debtor does not comply with the provisions of § 553, and the Plan cannot be confirmed, pursuant to 11 U.S.C. § 1129(a)(1).

2. Additionally, the Comptroller objects to the confirmation because the Plan improperly interferes with the liability of non-debtor third parties to the Comptroller. Paragraph 8.06 provides for a discharge of an extensive list of non-debtor third parties. Bankruptcy Code § 524(e) provides that discharge of a debt does not effect the liability of any other entity on such debt. The case authorities are numerous and clear on this point. *Lansing Diversified Properties-II v. First National Bank & Trust Co. (In re Western Real Estate Funds, Inc.)*, 922 F.2d 592 (10th Cir. 1990), modified by *Abel v. West*, 932 F.2d 898 (10th Cir. 1991); *American Hardwoods, Inc. v. Deutsche Creditor Corp. (In re American Hardwoods, Inc.)*, 885 F2d. 621 (9th Cir,. 1989); *In re Boston Harbor Marina Co.*, 157 B.R. 726 (Bankr. D. Mass. 1993); *Mellon Bank v. M. K. Siegel*, 96 B.R. 505 (E.D. Pa. 1989) and multiple other cases cited in such decisions. *See also Feld v. Zale Corp (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995) (permanent injunction against third-party claims effectively discharged debts of non-debtor and exceeded bankruptcy court's authority).

3. Paragraph 2.16 attempts to enjoin the Comptroller from collecting from non-debtor third parties, and modify the amount of liability due from non-debtor third parties. The 5th Circuit has held that bankruptcy courts do not have jurisdiction to determine the tax liability of non-debtor third parties. *In re Prescription Home Health Care, Inc.*, 316 F.3d 542 (5th Cir. 2002). *Prescription* involved the personal liability of responsible officers for the Debtor's tax liability pursuant to 26 U.S.C. §6672(a). *Id*. at 544. The confirmed plan in *Prescription* included the language: "…upon plan-confirmation, all creditors would be enjoined from any act to collect from the Debtor's 'management and employees' any portion of a claim against the Debtor, as long as it

complied with the plan." *Id*. The IRS objected that the court did not have jurisdiction to enjoin an assessment against a non-debtor third party. *Id*. at 545.

4. Bankruptcy courts are not courts of general jurisdiction and only have jurisdiction over actions between non-debtors pursuant to "related to" jurisdiction provided by 28 U.S.C. § 1334(b). However, 11 U.S.C. § 505 provides a specific grant of jurisdiction regarding tax liabilities, and the specific statute controls. *See Bulova Watch Co. v. United States*, 365 U.S. 753, 758 (1961). Thus, the bankruptcy court did not have "related to" jurisdiction to issue the injunction. Therefore, the 5th Circuit vacated the injunction, finding that the bankruptcy court had exceeded its jurisdiction:

> Moreover, the contention that the injunction is temporary and conditional (and thus will not necessarily determine Pena's tax liability) does not alter the bankruptcy court, by entering the injunction, exceeded its jurisdiction by adjudicating Pena's tax liability *at all*.

*Prescription* at 550.

5. The 5th Circuit is not alone it is holding. The 3rd, 2nd, and 11th Circuits have also held that a bankruptcy court does not have jurisdiction over the tax liabilities of non-debtors. *See Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921 (3d. Cir. 1990); *In re Brandt-Airflex Corp.*, 843 F.2d 90 (2d. Cir. 1988); *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir. 1986).

> The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code. It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization. Accordingly, we conclude that the separate tax liabilities of the Huckabees were outside the scope of the bankruptcy court's jurisdiction.

*Huckabee* at 1549.

6. In the present case, the Debtor is asking this court to enjoin the Comptroller from collecting, modify the amount of the liability, and discharge tax liabilities of non-debtor third parties. The responsible individuals of the Debtor are personally liable under Tex. Tax Code §111.016 in a similar way that the officers in *Prescription* were liable under 26 U.S.C. § 6672(a). The Bankruptcy Court does not have jurisdiction to issue the injunction, modification and discharge.

7. Additionally, the proposed injunction, modification, and discharge are barred by the Tax Injunction Act:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The Comptroller's administrative remedies and Texas state court remedies have repeatedly been held to satisfy the "plain, speedy and efficient remedy" standard of the Tax Injunction Act. *See McQueen v. Bullock*, 907 F.2d 1544, 1549 (5th Cir. 1990), cert. den., 111 S.Ct. 1308 (1992), and cases cited therein. This Court, which hears bankruptcy cases by order of reference from the District Court, therefore lacks the jurisdiction to issue the proposed non-debtor third-party injunction, modification, and discharge.

8. Furthermore, the Comptroller objects that the Paragraphs 15.01 and 15.02 of the Plan fail to provide an adequate remedy in the event of default. The Plan provides that in the event of default, the sole remedy will be enforcement of the plan as a contract. The Comptroller's claims are tax claims, and in the event of default, the Comptroller should be permitted to collect its claims pursuant to Texas tax law and not be restricted to

enforcing the Plan under contract law. Thus, the Comptroller submits that Default remedy language similar to the following should be included in the plan.

> A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within ten (10) days after service of a written notice of default, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor can receive up to three (3) notices of default, however, the third default cannot be cured.

Language similar to the above is necessary in order to clarify the Comptroller's default remedies pursuant to 11 U.S.C. § 1123(a)(5)(g), which requires that a plan provide adequate means for the plan's implementation.

9. The Comptroller objects to Paragraphs 2.12 and 2.13 because the Plan does not provide for escrow of priority tax Plan payments, or interest thereon, during any period that the claims are contested. The Plan should provide for the escrow of priority tax payments in an interest bearing account during any period of time after confirmation but before the claims are finally allowed, to be paid to the priority tax creditor upon allowance of the claim with interest accruing from the effective date.

WHEREFORE, the Comptroller requests that confirmation be denied and that the Comptroller have such further relief to which it may be entitled.

                Respectfully submitted,

                GREG ABBOTT
                Attorney General of Texas

                DANIEL T. HODGE
                First Assistant Attorney General

                JOHN B. SCOTT
                Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jason A. Starks*
JASON A. STARKS
Assistant Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4867
Facsimile: (512) 936-1409

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

## **CERTIFICATE OF SERVICE**

I certify that on December 2, 2014, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Fired Up, Inc.
1514 Ranch Road 620 South
Austin, TX 78734

By Electronic Means as listed on the Court's ECF Noticing System:

- David G. Aelvoet    davida@publicans.com
- Crystal R. Axelrod    caxelrod@morganlewis.com
- Elizabeth Banda Calvo    rgleason@pbfcm.com, ebcalvo@ecf.inforuptcy.com
- John T. Banks    jbanks@pbfcm.com, jbanks@ecf.inforuptcy.com
- Barbara M. Barron    bbarron@bnpclaw.com, saugusta@bn-lawyers.com;lhicks@bn-lawyers.com;kelliott@bn-lawyers.com;cbeyer@bn-lawyers.com
- Tab Beall    tbeall@pbfcm.com, tylbkc@pbfcm.com;tbeall@ecf.inforuptcy.com
- David M. Bennett    david.bennett@tklaw.com, gracie.gonzales@tklaw.com
- James H. Billingsley    jbillingsley@polsinelli.com
- Kay D. Brock    bkecf@co.travis.tx.us
- Russell Brandon Bundren    bbundren@babc.com, rbbundren@me.com
- Lynn H. Butler    lynn.butler@huschblackwell.com, penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com
- Deborah A. Bynum    deborah.a.bynum@usdoj.gov
- Stephen Christopher Conway    bankruptcy@dor.mo.gov
- Lanty W Dean    rusty@deandeanlaw.com, mary@deandeanlaw.com

- John P. Dillman    houston_bankruptcy@publicans.com
- Kristin S Elliott    kelliott@kelleydrye.com, kdwbankruptcydepartment@kelleydrye.com
- Lisa C. Fancher    lfancher@fbhh.com
- Christina Flores    ffccpllc14@gmail.com
- Lee Gordon    vcovington@mvbalaw.com;kmorriss@mvbalaw.com;othercourts@mvbalaw.com
- Richard E. Hettinger    rhettinger@davidsontroilo.com
- William C Heuer    WCHeuer@duanemorris.com, WCHeuer@duanemorris.com
- Paul Matthias Hoffmann    paul.hoffmann@stinsonleonard.com
- G. James Landon    landon@slollp.com, prentice@slollp.com
- Joseph D. Martinec    martinec@mwvmlaw.com, white@mwvmlaw.com
- Seth E. Meisel    smeisel@dbcllp.com, rsoape@dbcllp.com
- Laura J. Monroe    lmbkr@pbfcm.com, krobertson@ecf.inforuptcy.com
- Christopher Bedford Mosley    chris.mosley@fortworthtexas.gov, sharon.floyd@fortworthtexas.gov
- Kevin M Newman    knewman@menterlaw.com, kmnbk@menterlaw.com
- Blake Rasner    brasner@haleyolson.com, dserenil@haleyolson.com
- James G Ruiz    jruiz@winstead.com, ngriffes@winstead.com
- Lynn Saarinen    lsaarinen@bn-lawyers.com, ahewes@bn-lawyers.com;saugusta@bn-lawyers.com;cbeyer@bn-lawyers.com
- Diane W. Sanders    austin.bankruptcy@publicans.com
- Bradford J Sandler    bsandler@pszjlaw.com, ljones@pszjlaw.com
- Stephen W. Sather    ssather@bn-lawyers.com, saugusta@bn-lawyers.com;lhicks@bn-lawyers.com;bbarron@bn-lawyers.com;kelliott@bn-lawyers.com;cbeyer@bn-lawyers.com
- George C Scherer    scherer@txschoollaw.com, camby@txschoollaw.com
- Cassandra A. Sepanik    cassandra.sepanik@tklaw.com, dannette.johnson@tklaw.com
- Joseph R Sgroi    jsgroi@honigman.com, litdocket@honigman.com
- R. Spencer Shytles    rss@gbstxlaw.com
- Owen M Sonik    osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com;houbank@pbfcm.com
- Marvin E. Sprouse    msprouse@jw.com, kgradney@jw.com;ccthomas@jw.com
- Steve Turner    wdecf@BDFGROUP.com, marshak@BDFGroup.com
- United States Trustee - AU12    ustpregion07.au.ecf@usdoj.gov
- H. Elizabeth Weller    bethw@publicans.com
- Dennis I Wilenchik    admin@wb-law.com
- Samuel C Wisotzkey    swisotzkey@kmksc.com
- Robert Yaquinto    rob@syllp.com

*/s/ Jason A. Starks*
JASON A. STARKS