

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 08, 2014.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| In Re: | § | |
|---|---|---|
| | § | |
| FIRED UP, INC. | § | Case No. 14-10447 |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

**FINAL ORDER APPROVING POST-PETITION
FINANCING WITH PROSPERITY BANK**

CAME ON TO BE CONSIDERED on December 4, 2014, the final hearing on Debtor's Motion requesting authorization for the Debtor to enter into post-petition financing ("Agreement") with Prosperity Bank, and no adverse interest being represented, and it appearing that all legal requisites having been met and sufficient cause appearing, it is

ORDERED that, pursuant to Section 364(c) of the Bankruptcy Code, the Debtor is hereby authorized to borrow $1,800,000.00 from Prosperity Bank on a final basis. It is further

DOCS_SF:86591.2 28294/002

ORDERED that Prosperity Bank is hereby granted a (1) a second lien collateral assignment of a Prosperity Bank Certificate of Deposit in the amount of $3,500.000, (2) a first lien on the Debtor's personal, real and intellectual property except that Prosperity Bank's lien will not be superior to (i) the statutory priorities of the ad valorem taxing authorities; (ii) the pre-petition lien of Independent Bank on the real property owned by the Debtor in Pearland, Texas and the post-petition lien on the Debtors' point of sale system, which Independent Bank financed; and (iii) Xerox Corporation's lien on certain leased property and (3) a first lien collateral assignment of the shares in Debtor held by Creed and Lynn Ford, guarantors of the loan, *provided, however*, that such aforementioned liens will not extend to the GUC Trust Assets (as defined in the *Debtor and the Unsecured Creditors Committee's Amended Joint Plan of Reorganization Dated October 29, 2014*) [Docket No. 543] (the "Plan"). It is further

ORDERED that the Debtor shall not use the proceeds from the loan except for payment to GE Capital or as otherwise provided by the Plan without further order of the Court. It is further

ORDERED that Debtor and guarantors, Lynn and Creed Ford, agree to reimburse Prosperity Bank for any reasonable expenses incurred in connection with the loan. It is further

ORDERED that all debt owed by Debtor to FRG Capital will be subordinated to this new loan. It is further

ORDERED that this final order shall be effective immediately upon entry.

###

Order Submitted By:

Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, TX 78701