IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIRED UP, INC., | § | CASE NO. 14-10447-TMD |
| | § | |
| Debtor. | § | |
| | § | |

**THIRD AND FINAL APPLICATION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 9, 2014 THROUGH JANUARY 31, 2015**

**A hearing will be conducted on this matter March __, 2015 at 1:30 p.m. in Courtroom No. 1, 903 San Jacinto, Austin, Texas 78701.**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

FTI Consulting, Inc. ("FTI" of the "Firm") financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Fired Up, Inc. (the "Debtor") submits this *Third and Final Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period April 9, 2014 through January 31, 2015 (*the "Final Application"), and requests that the Court enter a final order pursuant to sections 330(a) and 331 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure for the Western District of Texas (the "Local Rules"), for (i) allowance of final

compensation for professional services rendered by FTI for the period commencing April 9, 2014 through and including January 31, 2015 (the "Final Fee Period") in the amount of $97,274.50; and (ii) the reimbursement of FTI's actual and necessary expenses in the amount of $5,051.03 (net of write-offs) incurred during the Final Fee Period (which includes the amounts incurred for the Third Interim Period discussed below). By this application, FTI also seeks third interim approval and allowance of compensation for the period of October 1, 2014 through January 31, 2015 (the "Third Interim Fee Period") in the amount of $4,193.00. FTI did not incur any expenses during the Third Interim Fee Period.

The specific time entries and detailed report of time and expenses incurred during the first and second interim fee periods are as set forth in those previously filed FTI's First Interim Fee Application and FTI's Second Interim Fee Application.

With respect to the Third Interim Fee Period, FTI respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On March 27, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"), thereby commencing this chapter 11 case (the "Case"). The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession

pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.  No trustee or examiner has been

appointed in the Debtor's chapter 11 case.

3.    On April 7, 2014, the United States Trustee for Region 7 appointed the

Committee in this Case.

4.    On June 10, 2014, this Court entered the *Order Authorizing and*

*Approving the Retention of FTI Consulting, Inc. as Financial Advisor for the Official*

*Committee of Unsecured Creditors Effective as of April 9, 2014* (the "Retention Order")

[Docket No. 253].  The Retention Order authorized FTI to be compensated on an hourly basis

and to be reimbursed for actual and necessary out-of-pocket expenses.

5.    On October 21, 2014, the Court signed the *Order Granting Joint Motion to*

*Modify Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule*

*2016(a) and Local Bankruptcy Rule 1020.1 Establishing Procedures for Interim Monthly*

*Compensation and Reimbursement of Professionals* [Dkt. No. 521] (the "Amended

Administrative Order").

6.    Pursuant to the Amended Administrative Order, the Debtor shall not be required

to immediately pay fees approved to the Committee's Professionals, including FTI, upon

approval of Interim Fee Applications.  Instead, such fees shall be payable from the GUC Trust to

be created by the Debtor's Plan of Reorganization.

7.    The Amended Administrative Order also provides that commencing with the

period ending June 30, 2014 and at three-month intervals thereafter, each of the Professionals

shall file with the Court an interim application (the "Interim Fee Applications") for allowance of the amounts sought in its monthly fee applications for that period.

8.      On August 1, 2014, FTI filed its First Interim Application of FTI Consulting, Inc. for Compensation and Reimbursement of Expenses of Professionals for the Period April 9, 2014 through June 30, 2014 [Dkt. No. 367] ("FTI's First Interim Fee Application").

9.      On September 17, 2014, the Court signed the *Order Granting the First Interim Application of FTI Consulting, Inc. for Compensation as Financial Advisor for Unsecured Creditors' Committee from April 9, 2014 to June 30, 2014* [Dkt. No. 466].

10.      On October 31, 2014, *FTI filed its Second Interim Application of FTI Consulting, Inc. for Compensation and Reimbursement of Expenses of Professionals for the Period July 1, 2014 through September 30, 2014* [Dkt. No. 556] ("FTI's Second Interim Fee Application").

11.      On February 4, 2015 the Court signed the *Order Granting the Second Interim Application of FTI Consulting, Inc. for Compensation as Financial Advisor for Unsecured Creditors' Committee from July 1, 2014 through September 30, 2014* [Dkt. No. 677].

12.      Although the Professionals have submitted monthly applications for interim compensation and reimbursement for expenses as set forth in the Administrative Order, as of the date of filing this Final Fee Application, no monthly interim compensation or reimbursement for expenses has been paid to FTI.

## BILLING RECORDS OF TIME AND EXPENSE

13.      Pursuant to Local Rule 2016(a)(1), FTI has attached hereto as **Exhibit "A"** and incorporated herein by reference a Fee Application Summary reflecting a summary

description of the services rendered during the Third Interim Fee Period by professional and by category, the total cost of each category of services, the nature and purpose of each category of services rendered, and the results obtained.

14.     Attached as **Exhibit "B"** and incorporated herein by reference are copies of contemporaneously-maintained time entries for all services performed by each FTI professional who performed services during the Third Interim Fee Period. All time records are maintained in tenth of an hour time increments. Attached hereto as **Exhibit "C"** and incorporated herein by reference is a chart summarizing FTI's fees separated by category and by professional for the Third Interim Fee Period.

15.     As reflected on **Exhibit "D"** attached hereto, FTI did not incur any reimbursable expenses on behalf of the Committee during the Third Interim Fee Period.

## DESCRIPTION OF SERVICES RENDERED BY TASK CODE

16.     During the Third Interim Fee Period, FTI recorded the time spent rendering services in accordance with FTI's internal task codes as described herein and as summarized in **Exhibit "C"** attached hereto.

17.     Creditor Meetings and Communications: FTI participated in discussions with the Debtor and the Committee regarding plan confirmation, establishing a liquidating trustee, as well as corresponded with creditors regarding case status.

Fees: $919.00                              Hours: 1.10

18.     Fees of Professionals: Time billed to this category relates to time spent on FTI's September and October monthly fee statement.

Fees:  $1,675.00                                    Hours: 5.40

19.    Financing/Cash Collateral:  FTI reviewed and updated the Budget versus Actuals report for period ended September 24, 2014.

Fees:  $516.00                                    Hours: 1.20

20.    Plan and Disclosure Statement:  FTI spent time reviewing and discussing Plan objections as well as conferring with Committee counsel and reviewing the Debtor's amended schedules.

Fees:  $1,083.00                                    Hours: 1.70

## REASONABLE AND NECESSARY SERVICES

21.    During the Third Interim Fee Period, FTI rendered professional services that were reasonable, necessary, and appropriate to the Committee's administration and fulfillment of its duties in this Case.  The professional services performed by FTI were in the best interests of the Committee and the estate.  The compensation requested for these services is commensurate with the complexity, importance, and nature of the issues, problems, and tasks involved. Moreover, FTI's professionals performed these services expeditiously and efficiently.

22.    As set forth in **Exhibit "A"** and **Exhibit "B"** attached hereto, FTI's attorneys and paraprofessionals expended 9.40 hours during the Third Interim Fee Period rendering services on behalf of the Committee.

23.    During the Third Interim Fee Period, FTI's billing rates ranged from $225 to $925 per hour.  The fees charged by FTI in this Case are billed in accordance with FTI's standard billing rates and procedures in effect during the Third Interim Fee Period.  The rates

charged by FTI's professionals and paraprofessionals in this Case are the same rates that FTI charges in comparable non-bankruptcy matters. Further, these fees are reasonable based on the compensation charged by practitioners in comparable bankruptcy cases.

24.     In accordance with section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable in light of: (a) the complexity of the Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of those services to the Committee; (e) FTI's expertise in the bankruptcy field; and (f) the costs of comparable services in a non-bankruptcy related case.

## ACTUAL AND NECESSARY EXPENSES

25.     As reflected on **Exhibit "D"** attached hereto, FTI did not incur any reimbursable expenses on behalf of the Committee during the Third Interim Fee Period.

26.     FTI has worked hard to minimize the expenses incurred in this Case. The actual expenses incurred were reasonable, necessary, and tailored to meet the requirements of the Case.

## THE COURT SHOULD ALLOW FTI's REQUESTED COMPENSATION

27.     Section 331 of the Bankruptcy Code allows for final compensation of professionals and incorporates the factors cited in section 330 of the Bankruptcy Code to guide the Court's award of such compensation. *See* 11 U.S.C. § 331. Section 330 sets forth the following criteria:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28.     In this case, FTI submits that services provided and expenses incurred during the Third Interim Fee Period were, at the time provided, necessary for and beneficial to the Committee and the estate.  Further, these services and expenses were in the best interests of the Committee and the estate, and the compensation requested is reasonable in light of the nature, extent, and value of such services.

29.     The Fifth Circuit Court of Appeals has considered various additional factors in awarding compensation in a bankruptcy case.  *See, e.g., In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The fees and expenses requested by FTI in this Application are reasonable based on these factors.

30.     <u>Time and Labor Required</u>: FTI rendered 9.40 hours in professional and paraprofessional services in assisting, representing, and advising the Committee during the

Third Interim Fee Period.  The time spent was reasonable in light of the complexity of the Case and the issues raised.  The detailed time entries reflected on **Exhibit "B"** demonstrate that the compensation requested is reasonable and that the work performed was necessary.

31.  <u>Novelty and Difficulty of the Questions Presented</u>: Complex issues have arisen in the course of this chapter 11 case.  In this case, as in many others in which the firm is involved, FTI's effective, efficient and creative approach to problem solving has enabled the firm's professionals to quickly assess various issues and determine appropriate resolutions to protect the interests of unsecured creditors.

32.  <u>Skills and Experience of FTI's Professionals</u>: The specialized and complex nature of this case requires professionals with demonstrated skill and experience.  As such, FTI is required to utilize professionals with substantial experience and expertise in this industry.  FTI has spent considerable time and resources developing and refining its reorganization experience, and the professionals working on this case have demonstrated the skill required to provide the services necessary to assist throughout this proceeding.

33.  <u>Preclusion of Other Employment</u>: FTI believes that this factor is not material; however, it should be noted that the experts utilized in this case are in high demand in the industry.  Work in this case precludes work on other client matters.

34.  <u>Usual and Customary Fees</u>: The compensation requested in this Final Application reflects the usual and customary fees charged by FTI for similar services in this marketplace.  The hourly fees charged to clients are dependent upon the experience of the individuals assigned to the engagement.  As noted earlier, the nature of this particular

engagement requires professionals with substantial expertise, experience, and standing in the industry.  The fees requested herein are not in excess of those charged to our non-bankruptcy clients.  Upon FTI's knowledge and belief, the rates sought for approval herein are commensurate with the usual and customary rates charged for services performed by comparable experts in bankruptcy cases in this marketplace who deal with such contested issues.  FTI generally reviews and adjusts its hourly rates once a year.

35.  <u>Fixed or Contingent Fee</u>: FTI has not sought fixed compensation in this case, although it is understood that approval of all fees are contingent on final approval by the Court.

36.  <u>Time Limitations</u>: FTI has performed several of its services under limited time constraints and on short notice.

37.  <u>Results Obtained</u>: During the Third Interim Fee Period, FTI has obtained demonstrable results for its work, and the amounts incurred were reasonable and appropriate. Detailed descriptions of the work performed and results obtained are reflected on the time entries attached hereto at **Exhibit "B"**.

38.  <u>Nature and Length of Professional Relationship</u>: has represented the Committee since April 9, 2014.

39.  <u>Undesirability of the Case</u>: This case was not undesirable.

40.  <u>Awards in Similar Cases</u>: As more fully described above, the compensation and expenses sought in this Case are fully warranted in light of the factors discussed herein.  FTI's

requested fees and expenses are not excessive and are commensurate with compensation sought and ordered in similar cases.

WHEREFORE, FTI Consulting, Inc. respectfully requests that the Court (i) approve and allow FTI the aggregate amount of $4,193.00 in compensation for the Third Interim Fee Period of October 1, 2014 through January 31, 2015 on an interim basis; (ii) approve and allow as final compensation for the Final Fee Period of April 9, 2014 through January 31, 2015 the aggregate amount of $92,274.50 in compensation and $5,051.03 of actual and necessary expenses incurred in connection with such services rendered during the Final Fee Period, for a total final award of $97,325.53; and (iii) granting FTI such other and further relief as may be appropriate.

Dated: February 12, 2015                          Respectfully submitted,

                                                  **FTI CONSULTING, INC.**

                                                  By: _/s/ Steven Simms_
                                                       Steven Simms
                                                       Three Times Square, 11th Floor
                                                       New York, NY 10036
                                                       Telephone: (212) 841-9369
                                                       steven.simms@fticonsulting.com

                                                  **FINANCIAL ADVISOR TO THE
                                                  OFFICIAL COMMITTEE OF
                                                  UNSECURED CREDITORS**

## CERTIFICATION

I, Steven Simms, certify that (1) I have read the Final Application; (2) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the guidelines set forth in the Local Rules, except as specifically noted in the Final Application; and (3) the compensation and expenses reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by FTI and generally accepted by FTI's clients.

*/s/ Steven Simms*
Steven Simms

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of February, 2015, a true and correct copy of the foregoing document was served by electronic means as listed on the Court's CM/ECF noticing system and/or by electronic mail and/or by regular first class mail, postage prepaid, and that the foregoing instrument was served in accordance with Local Rule 9013 and Local Rule 2016(b)(1).

*/s/ G. James Landon*
G. James Landon

# EXHIBIT A

## FEE APPLICATION SUMMARY

### (October 1, 2014 – January 31, 2015)

**CASE NAME:  IN RE FIRED UP, INC.**

**CASE NO.  14-10447-TMD**

I.      CLIENT:                          The Official Committee of Unsecured Creditors

II.     REQUESTING APPLICANT:            FTI Consulting, Inc.

III.    TOTAL AMOUNT REQUESTED:

      1.      Fees:                    $4,193.00

      2.      Expenses:                None

      3.      Pre-Petition Retainer If Any:    Applicant has not received a retainer in this case.

      4.      Time Period Covered:     October 1, 2014 – January 31, 2015 (the "Third Interim Fee Period")

IV.     BREAKOUT OF CURRENT APPLICATION:  *See* **Exhibit C** hereto

      MINIMUM FEE INCREMENTS     One tenth of an hour.

      EXPENSES:   *See* **Exhibit D** hereto

      AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION

      Approximately 3.5 hours at $1,515.00.

V.      PRIOR APPLICATIONS

| HEARING DATE | PERIOD COVERED | AMOUNT REQUESTED | AMOUNT AUTHORIZED |
|---|---|---|---|
| 09/16/14 | April 9, 2014 – June 30, 2014 | $48,479.51 | $48,479.51 |
| 12/08/14 | July 1, 2014 – September 30, 2014 | $44,653.02 | $44,653.02 |

VI.     OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE
      NAME                                          PARTY REPRESENTED

      Explain whether allowance of your Application will or will not result in this estate not being able to pay all co-equal or superior administrative claims in this case.

Other administrative claimants in this case include: Barron & Newburger, P.C. as counsel for the Debtor; Vernon Law Group, PLLC as special counsel for the Debtor; Hajjar, Sutherland & Peters, LLP as special counsel for the Debtor; Unique Strategies Group, Inc. as financial advisor for the Debtor; BKD, LLP and R. Eric Drews as audit accountant and tax professional for the Debtor; Pachulski Stang Ziehl & Jones LLP as counsel for the Committee; and Streusand, Landon & Ozburn, LLP as co-counsel for the Committee.

VII.    RESULT OBTAINED

While this case is ongoing, and as further set forth in the Application, FTI has, to date, assisted the Committee in a variety of matters, including, but not limited to, conducting a detailed review of the Debtor's financial data included cash flow projections, historical corporate operating statements, and historical store level operating statements to develop various cash flow models and analyze the Debtor's core business assets; participating in discussions with the Committee and the Debtor regarding Debtor's proposed business plan, metrics for performance measures, financial analysis, and proposed treatment of unsecured claims under a Plan of Reorganization; reviewing cash collateral budgets, objections on adequate protection and related diligence issues; reviewing and evaluating debt re-characterization and avoidance actions, including fraudulent conveyances and preferential transfers; assisting in the review and/or preparation of information and analysis necessary to work towards a consensual plan of reorganization in this Case.

## **EXHIBIT B**

**(Billing Statements)**

**(October 1, 2014 – January 31, 2015)**

**FIRED UP, INC.**
**Fees by Professional**
**For the Period October 1, 2014 through October 31, 2014**

| Fees by Professional | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| Simms, Steven | 0.2 | $ | 925 | $ | 185 |
| Samuels, Melanie | 3.1 | | 430 | | 1,333 |
| Moore, Teresa | 1.2 | | 225 | | 270 |
| TOTAL fees currently due | 4.5 | $ | 397 | $ | 1,788 |

**FIRED UP, INC.**
**Fees by Task Code**
**For the Period October 1, 2014 through October 31, 2014**

| Fees by Task Code | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| Fees of Professionals | 2.9 | $ | 345 | $ | 1,001 |
| Financing/Cash Collateral | 1.2 | | 430 | | 516 |
| Creditor Mtgs and Communications | 0.4 | | 678 | | 271 |
| TOTAL fees currently due | 4.5 | $ | 397 | $ | 1,788 |

**FIRED UP, INC.**
**Detail by Professional Fees**
**For the Period October 1, 2014 through October 31, 2014**

| Task | Date | Professional | Hours | Activity |
|------|------|-------------|-------|----------|
| CMC | 10/7/2014 | Samuels, Melanie | 0.2 | Participate on UCC call with S. Simms (FTI) re: Liquidating Trustee. |
| CMC | 10/7/2014 | Simms, Steven | 0.2 | Participate on UCC call with M. Samuels (FTI) re: Liquidating Trustee. |
| F | 10/9/2014 | Moore, Teresa | 0.1 | Ran WIP for September 2014. |
| F | 10/9/2014 | Moore, Teresa | 0.3 | Format fees in Exhibits for the period of September 2014. |
| F | 10/9/2014 | Moore, Teresa | 0.2 | Compile information regarding time detail for September bill. |
| F | 10/9/2014 | Moore, Teresa | 0.4 | Incorporate comments on bill provided by S. Simms (FTI). |
| F | 10/10/2014 | Samuels, Melanie | 1.1 | Finalize September Fee Statement for FTI. |
| FNC | 10/23/2014 | Samuels, Melanie | 1.2 | Review and update Budget versus Actuals report for period ended September 24, 2014. |
| F | 10/27/2014 | Samuels, Melanie | 0.6 | Review Fee Application for the period of September 2014. |
| F | 10/28/2014 | Moore, Teresa | 0.2 | Relieve WIP for the period of September 2014. |
| | | **Total** | **4.5** | |

**FIRED UP, INC.**
**Fees by Professional**
**For the Period November 1, 2014 through January 31, 2015**

| Fees by Professional | Hours | | Rate | Fees |
|---|---|---|---|---|
| Simms, Steven | 1.7 | $ | 925 | 1,573 |
| Samuels, Melanie | 0.5 | | 448 | 224 |
| Moore, Teresa | 2.7 | | 225 | 608 |
| TOTAL fees currently due | 4.9 | $ | 491 | 2,405 |

**FIRED UP, INC.**
**Fees by Task Code**
**For the Period November 1, 2014 through January 31, 2015**

| <u>Fees by Task Code</u> | <u>Hours</u> | | <u>Rate</u> | <u>Fees</u> |
|---|---|---|---|---|
| Fees of Professionals | 2.5 | $ | 270 | 675 |
| Plan/Disclosure Statement | 1.7 | | 637 | 1,083 |
| Creditor Mtgs and Communications | 0.7 | | 925 | 648 |
| TOTAL fees currently due | 4.9 | $ | 491 | 2,405 |

**FIRED UP, INC.**
**Detail by Professional Fees**
**For the Period November 1, 2014 through January 31, 2015**

| Task | Date | Professional | Hours | Activity |
|------|------|--------------|-------|----------|
| F | 11/6/2014 | Moore, Teresa | 1.1 | Compile FTI's October Fee details. |
| F | 11/6/2014 | Samuels, Melanie | 0.3 | Review October 2014 Fee Statement. |
| PD | 12/1/2014 | Simms, Steven | 0.4 | Review and discuss Plan objections. |
| F | 12/3/2014 | Moore, Teresa | 0.7 | Develop FTI Fee Exhibits for the period of October 2014. |
| CMC | 12/5/2014 | Simms, Steven | 0.2 | Correspondence on Confirmation items. |
| CMC | 12/5/2014 | Simms, Steven | 0.3 | Correspondence with Creditor on case items. |
| PD | 12/10/2014 | Simms, Steven | 0.6 | Review amended schedules per Counsel. |
| CMC | 12/12/2014 | Simms, Steven | 0.2 | Participate on UCC call re: case items. |
| F | 1/13/2015 | Moore, Teresa | 0.9 | Update Exhibits and compile FTI's November and December fee details. |
| F | 1/14/2015 | Samuels, Melanie | 0.2 | Review and edit November and December FTI fee statement. |
| | | **Total** | **4.9** | |

## EXHIBIT C

**(Fee Summary Charts)**

## EXHIBIT C

## SUMMARY OF PROFESSIONAL SERVICES
### (October 1, 2014 – January 31, 2015)

| NAME/CAPACITY | TOTAL HOURS | RATE | TOTAL SERVICES |
|---|---|---|---|
| Steven Simms | 1.90 | $925 | $1,758.00 |
| Melanie Samuels | .50 | $448 | $224.00 |
| Melanie Samuels | 3.10 | $430 | $1,333.00 |
| Teresa Moore | 3.90 | $225 | $878.00 |
| | **9.40** | | **$4,193.00** |

| BILLING CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Creditor Mtgs and Communications | 1.10 | $919.00 |
| Financing/Cash Collateral | 1.20 | $516.00 |
| Fees of Professionals | 5.40 | $1,675.00 |
| Plan/Disclosure Statement | 1.70 | $1,083.00 |
| | **9.40** | **$4,193.00** |

**<u>EXHIBIT D</u>**

**(Expense Summary Charts)**

## EXHIBIT D

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED
### (October 1, 2014 – January 31, 2015)

| EXPENSE | RATE | TOTAL FEE |
|---|---|---|
| None | | |
| | | |
| | | |